Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:  (916) 443-6911
Facsimile:   (916) 447-8336
E-Mail:       mark@markmerin.com
                   paul@markmerin.com

Attorneys for Plaintiffs
ESTATE OF ALEJANDRO SANCHEZ,
BERTHA SANCHEZ, IRENE MAMOURIEH,
CRISTINA GIRARDI, and MARINA SANCHEZ

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| ESTATE OF ALEJANDRO SANCHEZ, BERTHA SANCHEZ, IRENE MAMOURIEH, CRISTINA GIRARDI, and MARINA SANCHEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, and DOE 1 to 50,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

This action involves the death of ALEJANDRO SANCHEZ caused by law enforcement officers employed by the COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and Sheriff ADAM CHRISTIANSON.

**JURISDICTION & VENUE**

1. This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331 (in that they arise under the United States Constitution); 28 U.S.C. § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution). This Court has supplemental jurisdiction of the state law claims under 28 U.S.C. § 1367.

1

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Sanchez v. County of Stanislaus*, United States District Court, Eastern District of California, Case No. _____

2.     Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

3.     Intradistrict venue is proper in the Fresno Division of the Eastern District of California pursuant to E.D. Cal. L.R. 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Stanislaus, California.

## EXHAUSTION

4.     Plaintiffs ESTATE OF ALEJANDRO SANCHEZ and BERTHA SANCHEZ submitted a government claim to the COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT regarding the claims asserted herein on May 17, 2018. The government claim was rejected by operation of law on July 2, 2018. *See* Cal. Gov. Code § 912.4(c).

## PARTIES

5.     Plaintiff ESTATE OF ALEJANDRO SANCHEZ ("ALEJANDRO SANCHEZ"), the decedent, brings this action pursuant to Cal. Code Civ. Proc. § 377.30. Plaintiff BERTHA SANCHEZ brings this action on behalf of Plaintiff ESTATE OF ALEJANDRO SANCHEZ, as the successors-in-interest. Plaintiff BERTHA SANCHEZ's declaration regarding her status as ALEJANDRO SANCHEZ's successor-in-interest, pursuant to Cal. Code Civ. Proc. § 377.32, is attached hereto.

6.     Plaintiff BERTHA SANCHEZ is a resident of the State of California, County of Stanislaus. Plaintiff BERTHA SANCHEZ brings this action (a) on behalf of Plaintiff ESTATE OF ALEJANDRO SANCHEZ, in her representative capacity as successor-in-interest; and (b) on behalf of herself, in her individual capacity. Prior to his death, ALEJANDRO SANCHEZ shared a close relationship and special bond with his mother, Plaintiff BERTHA SANCHEZ, and their relationship presupposed deep attachments, commitments, and distinctively personal aspects of their lives.

7.     Plaintiff IRENE MAMOURIEH is a resident of the State of California, County of Stanislaus. Prior to his death, ALEJANDRO SANCHEZ shared a close relationship and special bond with his sister, Plaintiff IRENE MAMOURIEH, and their relationship presupposed deep attachments, commitments, and distinctively personal aspects of their lives.

8.     Plaintiff CRISTINA GIRARDI is a resident of the State of California, County of

2

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Sanchez v. County of Stanislaus*, United States District Court, Eastern District of California, Case No. _____

Stanislaus. Prior to his death, ALEJANDRO SANCHEZ shared a close relationship and special bond with his sister, Plaintiff CRISTINA GIRARDI, and their relationship presupposed deep attachments, commitments, and distinctively personal aspects of their lives.

9. Plaintiff MARINA SANCHEZ is a resident of the State of California, County of Stanislaus. Prior to his death, ALEJANDRO SANCHEZ shared a close relationship and special bond with his sister, Plaintiff MARINA SANCHEZ, and their relationship presupposed deep attachments, commitments, and distinctively personal aspects of their lives.

10. Defendant COUNTY OF STANISLAUS is a "public entity" within the definition of Cal. Gov. Code § 811.2.

11. Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT is a "public entity" within the definition of Cal. Gov. Code § 811.2.

12. Defendant ADAM CHRISTIANSON is, and at all times material herein was, a law enforcement officer and the Sheriff of Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT, acting within the scope of that employment. Defendant ADAM CHRISTIANSON is sued in his individual capacity.

13. Defendants DOE 1 to 50 are and/or were agents or employees of Defendants COUNTY OF STANISLAUS and/or STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and acted within the scope of that agency or employment and under color of state law. The true and correct names of Defendants DOE 1 to 50 are not now known and, as a result, they are sued by their fictitious names and true and correct names will be substituted when ascertained.

## GENERAL ALLEGATIONS

14. The following allegations contained in paragraphs 14 through 21 are made on information and belief.

15. At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

16. On May 5, 2018, ALEJANDRO SANCHEZ was at a truck stop located within the County of Stanislaus.

17. ALEJANDRO SANCHEZ was contacted by Defendants DOE 1 to 25, law enforcement

3

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Sanchez v. County of Stanislaus*, United States District Court, Eastern District of California, Case No. _____

officers employed by Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT.

18. ALEJANDRO SANCHEZ was not violating any criminal law.

19. There was a physical confrontation between ALEJANDRO SANCHEZ and Defendants DOE 1 to 25 lasting several minutes.

20. Multiple of Defendants DOE 1 to 25 took ALEJANDRO SANCHEZ to the ground and climbed on top of ALEJANDRO SANCHEZ.

21. ALEJANDRO SANCHEZ yelled out in pain and pled and begged Defendants DOE 1 to 25 not to injure him during the confrontation.

22. Unnecessary and excessive force was used by Defendants DOE 1 to 25 and ALEJANDRO SANCHEZ was killed.

## MUNICIPAL & SUPERVISORY LIABILITY ALLEGATIONS

23. Defendant ADAM CHRISTIANSON, acting as Sheriff, was a final policy-making authority for Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT as it relates to the training, supervision, and discipline of law enforcement officers acting under his command. *See* Cal. Const. art. XI, § 1(b).

24. Defendants DOE 26 to 50 are/were policy-making authorities, based on a delegation of authority, for Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT as it relates to the training, supervision, and discipline of law enforcement officers acting under their command.

25. Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, and DOE 26 to 50, acting under color of state law and as policy-making authorities, knew or should have known that subordinate law enforcement officers under their command, including Defendants DOE 1 to 25, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted.

26. Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, and DOE 26 to 50 were or should have been on notice of

4

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Sanchez v. County of Stanislaus*, United States District Court, Eastern District of California, Case No. _____

these policies, customs, or practices, or the inadequacy of the policies, customs, or practices, through multiple sources, including multiple past instances of use of excessive and unreasonable force by law enforcement officers under their command:

    i)    Multiple jury verdicts and/or judgments against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, and/or their subordinates. *See Pereira v. County of Stanislaus*, Stanislaus Cnty. Super. Ct. Case No. 631070 ($63,750 jury verdict against county and its deputies where arrestee's feet were severely burned by hot asphalt because the deputies refused to let the arrestee put on shoes during arrest); "Taxpayers on hook for nearly $10 million in lawsuits filed since Christianson elected" <http://www.modbee.com/news/politics-government/election/article3154321.html> (September 2013 news article reporting that, of "41 cases … lodged against the department since Christianson took office in July 2006 . . . the county … lost three trials").

    ii)    Multiple settlements paid by or on behalf of Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and/or ADAM CHRISTIANSON to settle litigation. *See Prescott v. County of Stanislaus*, E.D. Cal. Case No. 1:10-cv-00592-OWW-GSA ($565,000 settlement paid to alawsuit where Stanislaus County Sheriff's deputies were alleged to have used tasers and pepper spray against a mentally-ill detainee causing his death); *Wells v. County of Stanislaus*, E.D. Cal. Case No. 1:08-cv-01146-OWW-GSA ($200,000 settlement paid to resolve a lawsuit where Stanislaus County Sheriff's deputies were alleged to have used tasers against a person suffering from a post-epileptic seizure causing his death); *Smith v. Spencer*, E.D. Cal. Case No. 1:07-cv-00860-OWW-GSA ($160,000 settlement paid to resolve a lawsuit where Stanislaus County Sheriff's deputies were alleged to have falsely arrested and utilized excessive force against two persons); "Taxpayers on hook for nearly $10 million in lawsuits filed since Christianson elected" <http://www.modbee.com/news/politics-government/election/article3154321.html> (September 2013 news article reporting that

5

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Sanchez v. County of Stanislaus*, United States District Court, Eastern District of California, Case No. _____

"[l]awsuits against the Stanislaus County Sheriff's Department have cost taxpayers $9.4 million during Sheriff Adam Christianson's tenure" and, of "41 cases … lodged against the department since Christianson took office in July 2006[,] . . . [h]alf of those who sued, or 16, ended up with money" with "[t]he average payout: $369,403," or "$472,443" when "[c]ombined with fees paid to outside attorneys defending the county").

iii) Prior incidents, complaints, and/or pending litigation against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and/or ADAM CHRISTIANSON. *See* "Stanislaus Sheriff's Deputy On Leave after Video of Violent Arrest Surfaces" <http://fox40.com/2017/11/17/stanislaus-sheriffs-deputy-on-leave-after-video-of-violent-arrest-surfaces/> (video-recording of Stanislaus County Sheriff's deputy Taylor Knight brutally assaulting a homeless man, while several fellow officers fail to intervene and participate in the assault by holding the victim down); *Osegueda v. Stanislaus County Public Safety Center*, E.D. Cal. Case No. 1:16-cv-1218-LJO-BAM (alleging that a policy or custom employed by the County and its sheriff caused persons to be subject to excessive force, among other injuries); "Taxpayers on hook for nearly $10 million in lawsuits filed since Christianson elected" <http://www.modbee.com/news/politics-government/election/article3154321.html> (September 2013 news article reporting that "Lawsuits against the Stanislaus County Sheriff's Department have cost taxpayers $9.4 million during Sheriff Adam Christianson's tenure" and "41 cases have been lodged against the department since Christianson took office in July 2006").

27.     Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, and DOE 26 to 50 were or should have been on notice regarding the need to discontinue, modify, and/or implement new and different versions of policies, customs, or practices because the inadequacies were so obvious and likely to result in the violation of persons' rights.

28.     On information and belief, additional evidence and information related to Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM

6

CHRISTIANSON, and DOE 26 to 50's policies, customs, or practices will be sought and obtained during the course of this litigation. On information and belief, although access to the existence or absence of internal policies, customs, or practices prior to discovery is necessarily limited, Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, and DOE 26 to 50 have access to and/or knowledge of past and subsequent events and to statements of internal policies, customs, or practices at issue and, in some respects, may be in sole possession of evidence and facts needed to support or refute these claims.

## FIRST CLAIM

### Unreasonable Force

**(Fourth and Fourteenth Amendments to the U.S. Constitution; 42 U.S.C. § 1983)**

29. The First Claim is asserted by Plaintiff ESTATE OF ALEJANDRO SANCHEZ against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, and DOE 1 to 50.

30. Plaintiff ESTATE OF ALEJANDRO SANCHEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 28, to the extent relevant, as if fully set forth in this Claim.

31. Defendants DOE 1 to 25, acting or purporting to act in the performance of their official duties as law enforcement officers, used excessive and unreasonable force against ALEJANDRO SANCHEZ, or failed to intercede and/or were integral participants to the use of excessive and unreasonable force against ALEJANDRO SANCHEZ, in violation of his rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution.

32. Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, and DOE 26 to 50, acting under color of state law and as policy-making authorities, knew or should have known that law enforcement officers under their command, including Defendants DOE 1 to 25, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted, resulting in the violation of ALEJANDRO SANCHEZ's rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution.

7

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Sanchez v. County of Stanislaus*, United States District Court, Eastern District of California, Case No. _____

33. Defendants ADAM CHRISTIANSON and DOE 1 to 50's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to ALEJANDRO SANCHEZ's rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution, or were wantonly or oppressively done.

34. As a direct and proximate result of Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, and DOE 1 to 50's actions and inactions, Plaintiff ESTATE OF ALEJANDRO SANCHEZ suffered injuries entitling it to receive compensatory damages against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, and DOE 1 to 50, and punitive damages against Defendants ADAM CHRISTIANSON and DOE 1 to 50.

WHEREFORE, Plaintiff ESTATE OF ALEJANDRO SANCHEZ prays for relief as hereunder appears.

## SECOND CLAIM

### Right of Familial Association, Companionship, and Society

### (Fourteenth Amendment to the U.S. Constitution; 42 U.S.C. § 1983)

35. The Second Claim is asserted by Plaintiff BERTHA SANCHEZ against Defendants DOE 1 to 25.

36. Plaintiff BERTHA SANCHEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 28, to the extent relevant, as if fully set forth in this Claim.

37. Defendants DOE 1 to 25, acting or purporting to act in the performance of their official duties as law enforcement officers, used excessive and unreasonable force against ALEJANDRO SANCHEZ, or failed to intercede and/or were integral participants to the use of excessive and unreasonable force against ALEJANDRO SANCHEZ, in violation of his rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution, thereby depriving and interfering with Plaintiff BERTHA SANCHEZ's constitutionally-protected right of familial association, companionship, and society with her son, in violation of her Fourteenth Amendment rights protected by the U.S. Constitution.

38. Defendants DOE 1 to 25's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiff BERTHA SANCHEZ's rights secured by the

8

Fourteenth Amendment of the U.S. Constitution, or were wantonly or oppressively done.

39. As a direct and proximate result of Defendants DOE 1 to 25's actions and inactions, Plaintiff BERTHA SANCHEZ suffered injuries entitling her to receive compensatory and punitive damages against Defendants DOE 1 to 25.

WHEREFORE, Plaintiff BERTHA SANCHEZ prays for relief as hereunder appears.

## THIRD CLAIM

### Right of Association, Companionship, and Society

### (First and Fourteenth Amendments to the U.S. Constitution; 42 U.S.C. § 1983)

40. The Third Claim is asserted by Plaintiffs BERTHA SANCHEZ, IRENE MAMOURIEH, CRISTINA GIRARDI, and MARINA SANCHEZ against Defendants DOE 1 to 25.

41. Plaintiffs BERTHA SANCHEZ, IRENE MAMOURIEH, CRISTINA GIRARDI, and MARINA SANCHEZ reallege and incorporate the allegations of the preceding paragraphs 1 to 28, to the extent relevant, as if fully set forth in this Claim.

42. Defendants DOE 1 to 25, acting or purporting to act in the performance of their official duties as law enforcement officers, used excessive and unreasonable force against ALEJANDRO SANCHEZ, or failed to intercede and/or were integral participants to the use of excessive and unreasonable force against ALEJANDRO SANCHEZ, in violation of his rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution, thereby depriving and interfering with Plaintiffs BERTHA SANCHEZ, IRENE MAMOURIEH, CRISTINA GIRARDI, and MARINA SANCHEZ's constitutionally-protected right of association, companionship, and society with their son or brother, in violation of their First and Fourteenth Amendment rights protected by the U.S. Constitution.

43. Defendants DOE 1 to 25's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiffs BERTHA SANCHEZ, IRENE MAMOURIEH, CRISTINA GIRARDI, and MARINA SANCHEZ's rights secured by the First and Fourteenth Amendments of the U.S. Constitution, or were wantonly or oppressively done.

44. As a direct and proximate result of Defendants DOE 1 to 25's actions and inactions, Plaintiffs BERTHA SANCHEZ, IRENE MAMOURIEH, CRISTINA GIRARDI, and MARINA SANCHEZ suffered injuries entitling them to receive compensatory and punitive damages against

9

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Sanchez v. County of Stanislaus*, United States District Court, Eastern District of California, Case No. _____

Defendants DOE 1 to 25.

WHEREFORE, Plaintiffs BERTHA SANCHEZ, IRENE MAMOURIEH, CRISTINA GIRARDI, and MARINA SANCHEZ pray for relief as hereunder appears.

## FOURTH CLAIM

### Unreasonable Force

**(Article I, § 13 of the California Constitution; Cal. Gov. Code §§ 815.2(a), 820(a))**

45. The Fourth Claim is asserted by Plaintiff ESTATE OF ALEJANDRO SANCHEZ against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, and DOE 1 to 50.

46. Plaintiff ESTATE OF ALEJANDRO SANCHEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 28, to the extent relevant, as if fully set forth in this Claim.

47. Defendants DOE 1 to 25, acting or purporting to act in the performance of their official duties as law enforcement officers, used excessive and unreasonable force against ALEJANDRO SANCHEZ, or aided and abetted the use of excessive and unreasonable force against ALEJANDRO SANCHEZ, in violation of his rights secured by art. I, § 13 of the California Constitution.

48. Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, and DOE 26 to 50, acting under color of state law and as policy-making authorities, knew or should have known that law enforcement officers under their command, including Defendants DOE 1 to 25, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted, resulting in the violation of ALEJANDRO SANCHEZ's rights secured by art. I, § 13 of the California Constitution.

49. Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants ADAM CHRISTIANSON and DOE 1 to 50.

50. Defendants ADAM CHRISTIANSON and DOE 1 to 50's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to ALEJANDRO SANCHEZ.

10

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Sanchez v. County of Stanislaus*, United States District Court, Eastern District of California, Case No. _____

51. As a direct and proximate result of Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, and DOE 1 to 50's actions and inactions, Plaintiff ESTATE OF ALEJANDRO SANCHEZ suffered injuries entitling it to receive compensatory damages against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, and DOE 1 to 50, and punitive damages against Defendants ADAM CHRISTIANSON and DOE 1 to 50.

WHEREFORE, Plaintiff ESTATE OF ALEJANDRO SANCHEZ prays for relief as hereunder appears.

## FIFTH CLAIM

### Bane Act

**(Cal. Civ. Code § 52.1(b); Cal. Code Civ. Proc. § 377.30; Cal. Gov. Code §§ 815.2(a), 820(a))**

52. The Fifth Claim is asserted by Plaintiffs ESTATE OF ALEJANDRO SANCHEZ and BERTHA SANCHEZ against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, and DOE 1 to 50.

53. Plaintiffs ESTATE OF ALEJANDRO SANCHEZ and BERTHA SANCHEZ reallege and incorporate the allegations of the preceding paragraphs 1 to 51, to the extent relevant, as if fully set forth in this Claim.

### Unreasonable Force

54. Defendants DOE 1 to 25, acting or purporting to act in the performance of their official duties as law enforcement officers, intentionally and/or with reckless or deliberate indifference, used excessive and unreasonable force against ALEJANDRO SANCHEZ, or failed to intercede in, were integral participants to, and/or aided and abetted the use of excessive and unreasonable force against ALEJANDRO SANCHEZ, in violation of his rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution and art. I, § 13 of the California Constitution.

55. Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, and DOE 26 to 50, acting under color of state law and as policy-making authorities, knew or should have known that law enforcement officers under their command, including Defendants DOE 1 to 25, were inadequately trained, supervised, or disciplined

11

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Sanchez v. County of Stanislaus*, United States District Court, Eastern District of California, Case No. _____

resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted, resulting in the violation of ALEJANDRO SANCHEZ's rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution and art. I, § 13 of the California Constitution.

56. Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants ADAM CHRISTIANSON and DOE 1 to 50.

57. Defendants ADAM CHRISTIANSON and DOE 1 to 50's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to ALEJANDRO SANCHEZ.

58. As a direct and proximate result of Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, and DOE 1 to 50's actions and inactions, Plaintiff ESTATE OF ALEJANDRO SANCHEZ suffered injuries entitling it to receive compensatory damages and statutory penalties against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, and DOE 1 to 50, and punitive damages against Defendants ADAM CHRISTIANSON and DOE 1 to 50.

<u>Right of Familial Association, Companionship, and Society</u>

59. Defendants DOE 1 to 25, acting or purporting to act in the performance of their official duties as law enforcement officers, used excessive and unreasonable force against ALEJANDRO SANCHEZ, or failed to intercede in, were integral participants to, and/or aided and abetted the use of excessive and unreasonable force against ALEJANDRO SANCHEZ, in violation of his rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution and art. I, § 13 of the California Constitution, thereby depriving and interfering with Plaintiff BERTHA SANCHEZ's constitutionally-protected right of familial association, companionship, and society with her son, with reckless or deliberate indifference, in violation of her Fourteenth Amendment rights protected by the U.S. Constitution and art. I, § 7(a) of the California Constitution.

60. Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for

12

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Sanchez v. County of Stanislaus*, United States District Court, Eastern District of California, Case No. _____

injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants DOE 1 to 25.

61. Defendants DOE 1 to 25's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff BERTHA SANCHEZ.

62. As a direct and proximate result of Defendants DOE 1 to 25's actions and inactions, Plaintiff BERTHA SANCHEZ suffered injuries entitling her to receive compensatory and statutory penalties against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 25, and punitive damages against Defendants DOE 1 to 25.

WHEREFORE, Plaintiffs ESTATE OF ALEJANDRO SANCHEZ, BERTHA SANCHEZ, IRENE MAMOURIEH, CRISTINA GIRARDI, and MARINA SANCHEZ pray for relief as hereunder appears.

## SIXTH CLAIM

### Assault/Battery

**(Cal. Code Civ. Proc. § 377.30; Cal. Gov. Code §§ 815.2(a), 820(a))**

63. The Sixth Claim is asserted by Plaintiff ESTATE OF ALEJANDRO SANCHEZ against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 25.

64. Plaintiff ESTATE OF ALEJANDRO SANCHEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 22, to the extent relevant, as if fully set forth in this Claim.

65. Defendants DOE 1 to 25 intentionally touched, or aided and abetted in the intentional touching of, ALEJANDRO SANCHEZ, without consent, and that touching constituted use of excessive and unreasonable force.

66. Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants DOE 1 to 25.

67. Defendants DOE 1 to 25's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to ALEJANDRO SANCHEZ.

13

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Sanchez v. County of Stanislaus*, United States District Court, Eastern District of California, Case No. _____

68. As a direct and proximate result of Defendants DOE 1 to 25's actions and inactions, Plaintiff ESTATE OF ALEJANDRO SANCHEZ suffered injuries entitling it to receive compensatory damages against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 25, and punitive damages against Defendants DOE 1 to 25.

WHEREFORE, Plaintiff ESTATE OF ALEJANDRO SANCHEZ prays for relief as hereunder appears.

## SEVENTH CLAIM

### Negligence

**(Cal. Code Civ. Proc. § 377.30; Cal. Gov. Code §§ 815.2(a), 820(a))**

69. The Seventh Claim is asserted by Plaintiff ESTATE OF ALEJANDRO SANCHEZ against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, and DOE 1 to 50.

70. Plaintiff ESTATE OF ALEJANDRO SANCHEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 28, to the extent relevant, as if fully set forth in this Claim.

71. Defendants DOE 1 to 25 owed ALEJANDRO SANCHEZ a duty of care and breached that duty by using, or aiding and abetting in the use of, excessive and unreasonable force against ALEJANDRO SANCHEZ, employing improper tactical conduct, and making improper decisions preceding the use of excessive and unreasonable force.

72. Defendants ADAM CHRISTIANSON and DOE 26 to 50 owed ALEJANDRO SANCHEZ a duty of care and breached that duty by hiring, retaining, and failing to adequately train and supervise Defendants DOE 1 to 25, who were incompetent or unfit, and where Defendants ADAM CHRISTIANSON and DOE 26 to 50 knew or should have known that hiring, retaining, and failing to adequately train and supervise Defendants DOE 1 to 25 created a particular risk or hazard that caused ALEJANDRO SANCHEZ's death.

73. Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants ADAM CHRISTIANSON and DOE 1 to 50.

74. Defendants ADAM CHRISTIANSON and DOE 1 to 50's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to ALEJANDRO SANCHEZ.

75. As a direct and proximate result of Defendants ADAM CHRISTIANSON and DOE 1 to 50's actions and inactions, Plaintiff ESTATE OF ALEJANDRO SANCHEZ suffered injuries entitling it to receive compensatory damages against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, and DOE 1 to 50, and punitive damages against Defendants ADAM CHRISTIANSON and DOE 1 to 50.

WHEREFORE, Plaintiff ESTATE OF ALEJANDRO SANCHEZ prays for relief as hereunder appears.

## EIGHTH CLAIM

### Wrongful Death

**(Cal. Code Civ. Proc. § 377.60; Cal. Gov. Code §§ 815.2(a), 820(a))**

76. The Eighth Claim is asserted by Plaintiff BERTHA SANCHEZ against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, and DOE 1 to 50.

77. Plaintiff BERTHA SANCHEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 28, to the extent relevant, as if fully set forth in this Claim.

78. Defendants DOE 1 to 25 owed Plaintiff BERTHA SANCHEZ a duty of care and breached that duty by using, or aiding and abetting in the use of, excessive and unreasonable force against ALEJANDRO SANCHEZ, employing improper tactical conduct, and making improper decisions preceding the use of excessive and unreasonable force.

79. Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON and DOE 26 to 50 owed Plaintiff BERTHA SANCHEZ a duty of care and breached that duty by hiring, retaining, and failing to adequately train and supervise Defendants DOE 1 to 25, who were incompetent or unfit, and where Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON and DOE 26 to 50 knew or should have known that hiring, retaining, and failing to adequately train and supervise Defendants DOE 1 to 25 created a particular risk or hazard that caused ALEJANDRO

15

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Sanchez v. County of Stanislaus*, United States District Court, Eastern District of California, Case No. _____

SANCHEZ's death.

80.     Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants ADAM CHRISTIANSON and DOE 1 to 50.

81.     Defendants ADAM CHRISTIANSON and DOE 1 to 50's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff BERTHA SANCHEZ.

82.     As a direct and proximate result of Defendants ADAM CHRISTIANSON and DOE 1 to 50's actions and inactions, Plaintiff BERTHA SANCHEZ suffered injuries entitling her to receive compensatory damages against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, and DOE 1 to 50, and punitive damages against Defendants ADAM CHRISTIANSON and DOE 1 to 50.

WHEREFORE, Plaintiff BERTHA SANCHEZ prays for relief as hereunder appears.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs ESTATE OF ALEJANDRO SANCHEZ, BERTHA SANCHEZ, IRENE MAMOURIEH, CRISTINA GIRARDI, and MARINA SANCHEZ seek Judgment as follows:

1.     For an award of compensatory, general, and special damages against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, and DOE 1 to 50, according to proof at trial;

2.     For an award of exemplary/punitive damages against Defendants ADAM CHRISTIANSON and DOE 1 to 50, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions, as alleged, were motivated by evil motive or intent, involved reckless or callous indifference to constitutionally-protected rights, or were wantonly or oppressively done, and/or constituted oppression and/or malice resulting in great harm;

3.     For an award of statutory penalties, pursuant to Cal. Civ. Code § 52.1 and any other statute as may be applicable;

4.     For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, Cal. Civ. Code § 52.1, Cal. Code Civ. Proc. § 1021.5, and any other statute as may be applicable; and

16

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Sanchez v. County of Stanislaus*, United States District Court, Eastern District of California, Case No. _____

5. For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: July 20, 2018

Respectfully Submitted,

By: _____
Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:  (916) 443-6911
Facsimile:  (916) 447-8336

Attorneys for Plaintiffs
ESTATE OF ALEJANDRO SANCHEZ,
BERTHA SANCHEZ, IRENE MAMOURIEH,
CRISTINA GIRARDI, and MARINA SANCHEZ

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Sanchez v. County of Stanislaus*, United States District Court, Eastern District of California, Case No. _____

**JURY TRIAL DEMAND**

A JURY TRIAL IS DEMANDED on behalf of Plaintiffs ESTATE OF ALEJANDRO SANCHEZ, BERTHA SANCHEZ, IRENE MAMOURIEH, CRISTINA GIRARDI, and MARINA SANCHEZ.

Dated: July 20, 2018

Respectfully Submitted,

By: _____
Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:     (916) 443-6911
Facsimile:      (916) 447-8336

Attorneys for Plaintiffs
ESTATE OF ALEJANDRO SANCHEZ,
BERTHA SANCHEZ, IRENE MAMOURIEH,
CRISTINA GIRARDI, and MARINA SANCHEZ

18

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Sanchez v. County of Stanislaus*, United States District Court, Eastern District of California, Case No. _____