**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN213301
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants, COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT and ADAM CHRISTIANSON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ALEJANDRO SANCHEZ, BERTHA SANCHEZ, IRENE MAMOURIEH, CRISTINA GIRARDI, and MARINA SANCHEZ,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, and DOE 1 to 50,<br><br>Defendants.<br>_____/ | CASE NO. 1:18-CV-00977-DAD-BAM<br><br>**REPLY TO OPPOSITION TO MOTION FOR PROTECTIVE ORDER TO MAINTAIN CONFIDENTIALITY OF DOCUMENTS PRODUCED UNDER A PROTECTIVE ORDER**<br><br>**DATE: March 29, 2019**<br>**TIME: 9:00 a.m.**<br>**CTRM: 8**<br><br>Complaint Filed: 07/20/18 |

Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT and ADAM CHRISTIANSON ("Defendants") have not thwarted Plaintiffs' attempt at obtaining documents, but instead merely kept the production of the underlying Sheriff's Department reports of the incident, which is the subject of this lawsuit, confidential under a protective order because the District Attorney has not yet completed its criminal investigation, and Defendants do not wish to potentially interfere with that process by prematurely making documents public.

{01985549.DOCX}                                    1

**REPLY TO OPPOSITION TO MOTION FOR PROTECTIVE ORDER TO MAINTAIN CONFIDENTIALITY OF DOCUMENTS PRODUCED UNDER A PROTECTIVE ORDER**

Plaintiffs object to maintenance of the disclosed documents as confidential, although it is not readily apparent the motivation for doing so.

Having met and conferred and clearly reaching an impasse, which is not in dispute, Plaintiffs now raise, for first time, the court's informal resolution process, complaint that this "process was not offered by counsel for Defendants" as some defect in the motion. To be fair, counsel for Plaintiffs did not raise it prior to filing the opposition. Frankly, the lack of use of the process on Defendants' part was an effort to not waste judicial time, and Plaintiffs' failure to argue that engaging in an informal process would have yielded a different result is support of that. In addition, Plaintiffs fails to proffer a waiver of provision that required Defendants, as designating party, to "file and serve a motion for protective order…within 21 days of the initial notice of challenge or within 7 days" that the meet and confer process will not resolve the dispute whichever is earlier. In other words, Defendants were forced to file a motion per the provisions of the Protective Order in order to preserve the confidentiality of the documents.

In opposition, Plaintiffs also for the first time claim procedural defects because a single Joint Statement was not used. Again, to be fair, counsel for Plaintiffs did not raise this issue prior to filing the opposition, and could have been cured had they done so. While Defendants apologize for not following Local Rule 251, should the court wish a Joint Statement instead of the current form, Defendants will comply. However, these procedural issues should not be an impediment to hearing the motion.

Plaintiffs' cite numerous authorities that relate to disclosure of records in the first instance, in terms of privacy etc., but fail to appreciate the documents were in fact disclosed. Defendants did not stand on the impending criminal investigation to refuse to disclose records, just under a protective order.

As more generally noted in the moving papers, the particularized harm that will result from disclosure of information to the public stems from the integrity of the criminal process and the potential criminal investigation into the involved deputies, as supported by the concern and declaration of the Stanislaus County District Attorney. See Phillips ex rel. Estates of Byrd v. Gen'l Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002). Plaintiffs' reliance on Kaur v. City of Lodi,

{01985549.DOCX}   2

**REPLY TO OPPOSITION TO MOTION FOR PROTECTIVE ORDER TO MAINTAIN CONFIDENTIALITY OF DOCUMENTS PRODUCED UNDER A PROTECTIVE ORDER**

2015 U.S. Dist. LEXIS 2739 (E.D. Cal. Jan. 9, 2015), is unavailing, as the court denied a protective order seeking to keep peace officer personnel records under a protective, and was not dealing with the implication of a pending criminal investigation and the strong governmental interest in the criminal process.

Plaintiffs next widely misconstrue Defendants' reference to the implication of the Fifth Amendment and implication of a stay.  As noted in the motion, the courts that considered the importance of that interest either granted a protective order or declined to allow discovery at all, at least temporarily.  Estate of Limon v. City of Oxnard, 2013 WL 12131359, at *2 (C.D. Cal. Dec. 10, 2013); Grubbs v. Irey, 2008 WL 906246, at *2 (E.D. Cal. Mar. 31, 2008).  In other words, in balancing "the public and private interests to decide whether [maintaining] a protective order is necessary,"  (In re Roman Catholic Archbishop of Portland in Oregon, 661 F.3d 417 (9th Cir. 2011)), that there remains the potential for a criminal investigation, and thus the potential for an involved deputy to invoke the Fifth Amendment, an important privacy interest, Defendants submit the balance tips in favor of keeping the entire investigation files under the protective order.

Plaintiffs appear to also misconstrue Defendants' reference to the implication of the official information privilege, which Defendants did not invoke as to the documents, but merely as further support for governmental interests that are in play when there is a pending criminal investigation. In addition, Plaintiffs treat the District Attorney's reference to California Evidence Code as if this were invoking some privilege, but fails to recognize the underlying governmental interests in keeping the investigation confidential because of the criminal investigation.

Plaintiffs next argue Defendants waived confidentiality of the documents under the terms of the Protective Order (Opp, p. 14) because Plaintiffs made a speculative argument that it might use a document "if necessary" in a dispositive motion.  Defendants submit that this vague anticipated argument, without reference to a specific document, with a different standard, is wholly speculative, and must be disregarded as premature.  Since Plaintiffs did not identify which document, nor the motion, its use, etc., no meet and confer could meaningfully be had.  In addition, since Defendants noted that the confidentiality designation can be revisited when the District Attorney investigation concludes, depending on the outcome, the issue Plaintiffs raise could be moot.

{01985549.DOCX}  3

**REPLY TO OPPOSITION TO MOTION FOR PROTECTIVE ORDER TO MAINTAIN CONFIDENTIALITY OF DOCUMENTS PRODUCED UNDER A PROTECTIVE ORDER**

Finally, Plaintiffs seek fees in the amount of $2,550.00 for nine hours or work in connection with opposing the motion.  Assuming arguendo the court finds the balancing of interest does not warrant maintaining the investigative files as confidential and dissolves the protective order, Defendants submit the request to maintain the documents as confidential was reasonable and thus Defendants acted with substantial justification.  Defendants were clearly seeking to honor and respect the wishes of the elected District Attorney for Stanislaus County, and the integrity of the criminal process, which is imminently reasonable.  This is not matter where mere "good faith belief" was relied upon, but factual, articulated reasons from the District Attorney for Stanislaus County.  Therefore, the court in exercising its discretion should deny fees.

If the court is inclined to award fees, Defendants submit the amount sought is unreasonable under the circumstances.  The motion was substantively only about two pages, yet Mr. Masuhara claims one hour to "receive and review Def County's motion for protective order".  (Declaration of Merin, p.3:17-18)  Mr. Merin logs a duplicative entry for receipt and review of the motion as well as part of an hour to also edit what Mr. Masuhara spent six hours on.  (Id at p. 3:20-21).  In that regard, Plaintiffs' 21 page opposition to the motion goes well beyond what was necessary to address whether the pending criminal investigation warrants keeping the documents confidential, providing unnecessary and misconstrued arguments, not justifying the apparent eight combined hours to draft same.  Therefore, if the court is inclined to award fees, Defendants submit the fees should be significantly reduced.

Respectfully submitted,

Dated:  March 22, 2019      PORTER SCOTT
                            A PROFESSIONAL CORPORATION

                            By /s/ John R. Whitefleet
                                John R. Whitefleet
                                Attorneys for Defendants

{01985549.DOCX}                    4

**REPLY TO OPPOSITION TO MOTION FOR PROTECTIVE ORDER TO MAINTAIN CONFIDENTIALITY OF DOCUMENTS PRODUCED UNDER A PROTECTIVE ORDER**