UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ALEJANDRO SANCHEZ, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF STANISLAUS, *et al.*, <br><br> Defendants. | Case No. 1:18-cv-00977-DAD-BAM <br><br> **ORDER REGARDING STAY OF ACTION** (Doc. Nos. 25, 26, 27) |

Plaintiffs Estate of Alejandro Sanchez, Bertha Sanchez, Irene Mamourieh, Cristina Girardi, and Marina Sanchez ("Plaintiffs") filed this action against the County of Stanislaus, Stanislaus County Sheriff's Department, Adam Christianson, and Does 1 through 50 on July 20, 2018, alleging claims arising out of the death of Alejandro Sanchez following a May 5, 2018 physical confrontation with law enforcement officers. (Doc. No. 1.)

On February 21, 2019, Defendants County of Stanislaus, Stanislaus County Sheriff's Department, and Sheriff Adam Christianson ("Defendants") filed a motion for protective order concerning the confidentiality of certain Stanislaus County Sheriff's Department reports regarding the events which resulted in Alejandro Sanchez' death. (Doc. No. 22.) In support of the motion, Defendants provided a declaration from the District Attorney for the County of Stanislaus stating that an

investigation was currently being conducted to determine whether any officer or deputy may be criminally liable for the underlying events. (Doc. No. 22-1.) The motion further argued that the potential for criminal charges against witnesses who may assert Fifth Amendment rights could support a potential temporary stay of proceedings. (*Id*.) On March 25, 2019, the Court ordered the parties to submit further briefing addressing, in relevant part, why this action should not be stayed in light of the pending parallel criminal investigation. (Doc. No. 25.) On April 8, 2019, the parties submitted their briefs in response to the Court's Mach 25, 2019 order. (Doc. Nos. 26, 27.)

A court may stay an action under its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) (reasoning that a district court "has broad discretion to stay proceedings as an incident to its power to control its own docket.") Here, the parties have not shown that a stay is appropriate in this case at this time. Therefore, the Court deny a stay at this time, without prejudice to a party's ability to seek a future stay as necessary under the circumstances of the case.

IT IS SO ORDERED.

Dated: **April 29, 2019**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

2