UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ALEJANDRO SANCHEZ, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF STANISLAUS, *et al.*,<br><br>Defendants. | Case No. 1:18-cv-00977-DAD-BAM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PROTECTIVE ORDER**<br><br>(Doc. Nos. 22, 23, 24, 25, 26, 27) |

Currently before the Court is Defendants County of Stanislaus, Stanislaus County Sheriff's Department, and Adam Christianson's ("Defendants") motion for protective order seeking to maintain previously disclosed documents as confidential under the parties' stipulated protective order. (Doc. No. 22.) On March 14, 2019, Plaintiffs Estate of Alejandro Sanchez, Bertha Sanchez, Irene Mamourieh, Cristina Girardi, and Marina Sanchez ("Plaintiffs") filed an opposition to the motion. (Doc. No. 23.) Defendants filed their reply on March 22, 2019. (Doc. No. 24.) The Court issued an order on March 25, 2019, requesting further briefing from the parties, and the parties submitted their briefs on April 8, 2019. (Doc. Nos. 25, 26, 27.)

The Court deemed this matter suitable for decision without oral argument pursuant to Local Rule 230(g). Having considered the moving, opposition, and reply papers, the parties' supplemental briefing, and the record in this matter, the Court grants the motion in part and denies it in part as follows.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiffs are proceeding in this civil rights action against the County of Stanislaus, Stanislaus County Sheriff's Department, Adam Christianson, and Does 1 through 50 on claims under 42 U.S.C. § 1983 for violation of the First, Fourth, and Fourteenth Amendments to the U.S. Constitution; Article 1, Section 13 of the California Constitution; California's Bane Act; assault/battery; negligence; and wrongful death. (Doc. No. 1.)

This case arises out of the officer-involved death of Alejandro Sanchez ("Mr. Sanchez" or "the decedent"). (Doc. No. 1.) According to the complaint, Mr. Sanchez was at a truck stop on May 5, 2018, and not violating any criminal law when he was contacted by multiple Doe defendant law enforcement officers. (*Id.*) A physical confrontation lasting several minutes occurred and the Doe defendant law enforcement officers allegedly took Mr. Sanchez to the ground and climbed on top of him. (*Id.*) Mr. Sanchez yelled out in pain, pled, and begged the Doe defendant law enforcement officers not to injure him but he subsequently died in custody before arriving at a jail or hospital. (*Id.*; Doc. No. 23.)

### B. Procedural Background of the Parties' Discovery Dispute

On January 30, 2019, the parties filed a stipulated protective order, which the Court approved on February 1, 2019. (Doc. Nos. 20, 21.) The stipulated protective order concerns the exchange of what is described as "Stanislaus County Sheriff's Department report no. S18018571, documents Bates Nos. COUNTY 0030-181" and allows Defendants to designate these documents as confidential subject to the terms therein. (Doc. No. 21.) The designating party is required to file and serve a motion for protective order pursuant to Federal Rule of Civil Procedure 26(c) if the parties are unable to informally resolve their dispute regarding the propriety of a confidential designation. (Doc. No. 21.)

According to the motion, Defendants produced the documents described in the stipulated protective order and designated them as confidential. (Doc. No. 22.) Plaintiffs objected to the confidential designation and the parties subsequently met and conferred but were unable to reach a resolution. (*Id.*) Defendants accordingly filed the motion. (*Id.*)

**C. Summary of Documents at Issue**

Defendants describe the documents at issue as consisting of a "Sheriff's Department report" regarding the subject incident. (Doc. Nos. 22 at 2:4, 22-1 at 2:4.) Plaintiffs' opposition, in turn, describes the report as consisting of the following documents:

| Document Description | Bates No. |
|---|---|
| Crime Scene Log | COUNTY 0030-31 |
| Incident Report of K. Sulkowski | COUNTY 0032-39 |
| Google Maps Image – Modesto Truck Plaza | COUNTY 0040 |
| Crime Scene Sketch | COUNTY 0041 |
| Supplemental Incident Report of J. Howard | COUNTY 0042-49 |
| Incident Report of B. Carter (Statements of Deputy Rohn, Deputy Babbitt, Deputy Day, and Phillip Montalvo) | COUNTY 0050-85 |
| Supplemental Incident Report of A. Stovall | COUNTY 0086-89 |
| Follow-Up Report of R. Jenkin | COUNTY 0090-95 |
| Supplemental Report of M. Fisher (Video Footage, Statements of Alex Perez) | COUNTY 0096-109 |
| Supplemental Report of W. Whitfield | COUNTY 0110-113 |
| Supplemental Report of M. Switzer | COUNTY 0114-117 |
| Supplemental Report of M. Switzer | COUNTY 0118-121 |
| Supplemental Report of M. Switzer | COUNTY 0122-125 |
| Supplemental Report of M. Switzer | COUNTY 0126-129 |
| Supplemental Report of A. Nuno | COUNTY 0130-135 |
| Supplemental Report of Z. Poust | COUNTY 0136-139 |
| Supplemental Report of J. Shriver | COUNTY 0140-143 |
| Supplemental Report of A. Rodriguez | COUNTY 0144-148 |
| Supplemental Report of J. McQueary | COUNTY 0149-154 |
| Incident Report of D. Hickman (Statements of Deputy Poust, Deputy Knittel, and Deputy Camara) | COUNTY 0155-168 |
| Recording of Deputy Day Interview | COUNTY 0169 |
| Recording of Deputy Babbitt Interview | COUNTY 0170 |
| Recording of Deputy Camara Interview | COUNTY 0171 |
| Recording of Deputy Poust Interview | COUNTY 0172 |
| Recording of Deputy Knittel Interview | COUNTY 0173 |
| Recording of Deputy Rohn Interview | COUNTY 0174 |
| Recording of Roberta Sanchez Interview | COUNTY 0175 |
| Recording of Phillip Montalvo Interview | COUNTY 0176 |

| Recording of Rick Vanunen Interview | COUNTY 0177 |
| --- | --- |
| SR 911 Recordings | COUNTY 0178 |
| Ceres P.D. B.W.C. Footage | COUNTY 0179 |
| Ceres P.D. Lobby Footage | COUNTY 0180 |
| Scene Surveillance Footage | COUNTY 0181 |

(Doc. No. 23 at 3:17-4:11.)

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 26(c), a party from whom discovery is sought may move for a protective order in the court where the action is pending. The court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). Options available to the court include, among other things, forbidding the disclosure or discovery, forbidding inquiry into certain matters or limiting the scope of disclosure or discovery to certain matters, or requiring that confidential information not be revealed or be revealed only in a specified way. *Id.*

District courts have broad discretion to determine whether a protective order is appropriate and, if so, what degree of protection is warranted. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211–12 (9th Cir. 2002) (finding that the law gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information). The party seeking to limit discovery has the burden of proving "good cause," which requires a showing "that specific prejudice or harm will result" if the protective order is not granted. *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 424 (9th Cir. 2011) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)); *Westmoreland v. Regents of the Univ. of California*, 2019 WL 932220 at *3 (E.D. Cal. Feb. 26, 2019). "[T]he existence of good cause for a protective order 'is a factual matter to be determined from the nature and character of the information sought . . . weighed in the balance of the factual issues involved in each action.'" *White v. Smyers*, 2015 WL 1750964 at *4 (E.D. Cal. Apr. 16, 2015) (*quoting* Wright et al., 8A Fed. Prac. & Proc. Civ. § 2035 (3d ed. 2014)).

4

## III. DISCUSSION

### 1. Subjective Factual Information Should Remain Confidential Under the Stipulated Protective Order

The parties' dispute concerns whether the documents Defendants previously produced subject to the stipulated protective order should properly remain confidential, and therefore precluded from disclosure to the public or outside this litigation. According to the motion,[1] Defendants believe the documents should remain confidential because the District Attorney's office is conducting a criminal investigation into the events surrounding Mr. Sanchez' death which may result in criminal charges against the individual officers who are identified as Doe defendants in the complaint. (Doc. No. 22 at 2 at 9-12.) Defendants contend that there is a substantial governmental interest in keeping the documents confidential to maintain the integrity of the criminal process and potential criminal investigation. (*Id.* at 3:25-28.) Further, the individual law enforcement defendants that are currently named as Doe

---

[1] Plaintiffs first argue that the motion is procedurally defective because Defendants did not comply with the requirements of Local Rule 251(c) to submit a Joint Statement re Discovery Disagreement in lieu of separate briefing. Plaintiffs additionally argue that Defendants' motion should be denied because the Court's order approving the parties' stipulated protective order required the parties to consider utilizing the Court's informal discovery dispute resolution procedures to resolve any disputes, yet Defendants did not pursue this process prior to filing the motion. (Doc. No. 23 at 5:15-6:13.)

Local Rule 251(a) gives the Court discretion to remove a hearing from the calendar without prejudice if a Joint Statement re Discovery Disagreement is not filed at least seven (7) days before the scheduled hearing date. Where counsel or a party fails to comply with the Local Rules, Local Rule 110 additionally permits the Court to impose any and all sanctions authorized by statute or Rule or within the inherent power of the Court. Here, there is no dispute that Defendants did not comply with Local Rule 251. However, the hearing on the motion was previously vacated pursuant to the Court's order dated March 25, 2019. (Doc. No. 25.) Accordingly, there is no need for the Court to exercise its discretion to remove the hearing from its calendar as authorized by Local Rule 251(a). Further, in light of the nature of the dispute and the facts of the case, the Court declines to impose sanctions upon Defendants for their failure to comply with Local Rule 251 and will not deny the motion as procedurally defective as Plaintiffs request. (*See* Doc. No. 23.) However, Defendants are nonetheless reminded of their obligations to comply with the Local Rules and are further cautioned that future failures to do so may be grounds for the imposition of sanctions.

Moreover, although the Court's order approving the stipulated protective order encouraged the parties to consider resolving any disputes according to the Court's informal discovery dispute procedure, it did not require the parties to engage in this process prior to or in lieu of filing a formal motion. (Doc. No. 21.) The informal discovery dispute resolution procedures are not mandatory, and the Court is unable to issue a binding ruling unless the parties first stipulate to the informal process. Here, the parties expressly elected to require the designating party to file a motion for protective order pursuant to Federal Rule of Civil Procedure 26(c) within a specified time period in the event the parties' dispute regarding proper designation of documents could not be resolved informally. (Doc. No. 21.) While the Court continues to encourage the parties to utilize its informal dispute resolution procedures and to incorporate them in to future stipulated protective orders if the parties desire to do so, particularly as this abbreviated process is designed to save time and resources, the Court cannot compel participation in the informal process without first receiving a stipulation from the parties.

defendants may have to assert their Fifth Amendment rights in response to discovery. (*Id.* at 2:12-14.) In support of the motion, Defendants submit a declaration from Birgit A. Fladager, the District Attorney for the County of Stanislaus, confirming that there is an ongoing investigation in to the events surrounding Mr. Sanchez' death, but the investigation is not yet complete and her office has not received the investigating agency's report or determined whether criminal charges should be filed. (Doc. No. 22-1 at 2:11-14.) Ms. Fladager believes this investigation may be undermined if investigation materials, such as the documents produced by Defendants subject to the parties' stipulated protective order, are provided to third parties or made available to the public. (*Id.* at 2:15-28.)

In their opposition, Plaintiffs contend that Defendants have not established good cause as required under Federal Rule of Civil Procedure 26(c). (Doc. No. 23.) There is a strong public interest in the disclosure of records relating to alleged officer misconduct. (*Id.* at 7:6-14.) Additionally, Plaintiffs assert that law enforcement officers have a limited right of privacy generally and no expectation of privacy in official law enforcement investigations. (*Id.* at 7:15-24.) According to Plaintiffs, Defendants' concerns regarding the integrity of the criminal process and investigation, as well as potential Fifth Amendment implications, are speculative. (*Id.* at 7:26-8:1, 8:24-9:3, 9:24-10:7.)

Plaintiffs are correct that, "[h]istorically, courts have 'recognize[d] a general right to inspect and copy public records and documents, including judicial records and documents." *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)). "[J]udicial records are public documents almost by definition, and the public is entitled to access by default." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006). This "federal common law right of access" to court documents generally "creates a strong presumption in favor of [public] access to judicial documents which can be overcome only by showing sufficiently important countervailing interests." *Phillips ex. Rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) (citations and quotation marks omitted).

Nonetheless, "dissemination of confidential discovery documents for non-judicial purposes is unusual and rightly so." *Macias v. City of Clovis*, 2015 WL 7282841 at *6 (E.D. Cal. Nov. 18, 2015). The discovery rules are "a matter of legislative grace" and they compel parties and non-parties to divulge information "for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated

6

disputes." *Id.* (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32-34 (1984)). The liberality of this process creates "a significant potential for abuse" such as delay, expense, misuse of court process and damage to the reputation and privacy of litigants and third parties. *Id.* at 34-35. Courts therefore must be mindful that the purpose of discovery is "to facilitate orderly preparation for trial, not to educate or titillate the public." *Id.* (citing *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)).

Additionally, Federal Courts ordinarily recognize a constitutionally-based right of privacy[2] that can be raised in response to discovery requests. *Soto v. City of Concord,* 162 F.R.D. 603, 616 (N.D. Cal. 1995). When ordering disclosure of personal and private officer information, federal courts have also recognized a right of privacy respecting confidential law enforcement records. *Kelly v. City of San Jose*, 114 F.R.D. 653, 660 (N.D. Cal. 1987). If an individual's privacy is at stake, courts balance "the need for the information sought against the privacy right asserted." *Soto*, 162 F.R.D. at 616. Moreover, "[i]n the context of the disclosure of police files, courts have recognized that privacy rights are not inconsequential . . .. However, these privacy interests must be balanced against the great weight afforded to federal law in civil rights cases against police departments." *Id.*

Where a right of privacy is at issue, courts balance the need for the information against the claimed privacy right. *Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 604 (C.D. Cal. 1995) (right of privacy may be invaded for litigation purposes). "When an individual's right of privacy…conflicts with the public need for discovery in litigation, the competing interests must be carefully balanced." *Cook vs. Yellow Freight System, Inc.*, 132 F.R.D. 548, 551 (E.D. Cal. 1990) (citing with approval

---

[2] Plaintiffs contend that the Court should not consider the privacy interests at issue here because "neither Defendant County nor the District Attorney . . . have asserted that anyone's privacy rights need to be protected." (Doc. No. 27.) However, given the nature of the documents at issue as described by Plaintiffs in their opposition and the reasons given by Defendants for maintaining their confidentiality, the Court construes Defendants' arguments as also raising a right of privacy. *See Jadwin v. County of Kern,* 2008 WL 2916386 at *1-4 (E.D. Cal. July 28, 2008) (construing motion for protective order as raising right of privacy); *see also Noble v. City of Fresno,* 2017 WL 5665850 at *9 (E.D. Cal. Nov. 27, 2017) ("Defendants need not make a threshold showing before the Court determines whether there is a bar to discovery based on the right of privacy."). Moreover, "it is appropriate for a court that is deciding whether to issue a protective order to take into account interests of non-parties . . . when it appears that issuance of a proposed protective order could have an appreciable effect on such interests." *Humboldt Baykeeper v. Union Pac. R. Co*., 244 F.R.D. 560, 566 (N.D. Cal. 2007). Although the parties contemplate that the complaint will be amended to name certain law enforcement officers in lieu of some or all of the current Doe defendants, those law enforcement officers are presently non-parties to this litigation. *See Parreno v. Berryessa Union Sch. Dist.*, 2010 WL 532376 at *1 (N.D. Cal. Feb. 8, 2010).

*Moskowitz v. Superior Court*, 137 Cal.App.3d 313, 315 (1982)). "Even where the balance weighs in favor of disclosure of private information ... such an invasion of the right of privacy must be drawn with narrow specificity and [be] permitted only to the extent necessary for a fair resolution of the lawsuit." *Id.* at 552.

Here, the Court is concerned that public disclosure of some of the documents at issue infringes on the privacy rights of non-party witnesses and law enforcement officers. Given the highly charged environment in which this litigation will proceed and the ongoing parallel criminal investigation, the Court acknowledges that permitting the unrestricted disclosure of all of the underlying documents could trigger an untoward invasion of privacy as to these individuals. However, in light of the competing interests at stake, the Court finds it appropriate to differentiate between "subjective factual information" and "objective information" in determining whether protection is warranted and its proper scope. Subjective factual information, for purposes of this order, includes police reports, statements provided by officers and witnesses at the scene, audio and/or video witness interviews and transcripts, and interviews of individuals who interacted with the decedent shortly before the underlying incident. Objective factual information, in turn, includes crime scene logs, Google images, crime scene sketches, 911 recordings, and video footage of the scene. *See Noble v. City of Fresno,* 2017 WL 5665850 at *9 (E.D. Cal. Nov. 27, 2017) (differentiating between disclosure of subjective and objective factual information.).

In balancing, the Court finds that the disclosure of subjective factual information should remain subject to the parties' stipulated protective order to safeguard the non-party witnesses and law enforcement officers against any untoward privacy intrusions. *See Noble,* 2017 WL 5665850 at *9; *Garcia v. Clark*, 2012 WL 1232315 at *6 n. 5 (E.D. Cal. Apr. 12, 2012) (noting entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); *Robinson v. Adams*, 2012 WL 912746 at *2-3 (E.D. Cal. Mar.16, 2012) (requiring protective order regarding documents containing information which implicated the safety and security concerns). In light of the description of the relevant documents provided by Plaintiffs in their opposition as well as the uncontroverted declaration from Ms. Fladager, the Court finds that Defendants have made a showing that specific prejudice or harm will result if subjective factual information is not maintained

confidentially pursuant to the parties' stipulated protective order. However, based upon the information before the Court, there does not appear to be any potential for privacy intrusion resulting from the public disclosure of objective factual information. As the Court has broad discretion to determine the propriety of a protective order as well as the suitable degree of protection, the Court finds that objective factual information need not be maintained as confidential pursuant to the terms of the parties' stipulated protective order.

While there may be some overlap between the objective and subjective factual information within the documents at issue, the Court declines to order an in camera review and instead trusts counsel to meet and confer in good faith to identify, consistent with this order, which documents contain subjective factual information that will remain confidential subject to the parties' stipulated protective order.

**2.     The Court Declines to Apportion Attorneys' Fees**

In their opposition, Plaintiffs request an award of attorneys' fees pursuant to Federal Rule of Civil Procedure 37 in the amount of $2,550.00 incurred in opposing the motion pursuant to Federal Rule of Civil Procedure 37. (Doc. No. 23 at 15:7-16:10.) Federal Rule of Civil Procedure 37(a)(5)(C) provides that, if a motion for protective order is granted in part and denied in part, the Court may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion. As discussed above, good cause exists to designate subjective factual information as confidential pursuant to the parties' stipulated protective order but objective factual information need not be maintained confidentially. In light of this result, the Court declines to exercise its discretion to apportion attorneys' fees incurred by the respective parties in litigating the motion.

**IV.    CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.     Plaintiffs' Motion for Protective Order (Doc. No. 22) is granted in part and denied in part as follows:

    a.     Any "subjective factual information" set forth in the documents produced by Defendants as Bates Nos. COUNTY 0030-181 shall be maintained confidentially pursuant to the parties' stipulated protective order (Doc. No. 21) as detailed in this order;

b. Any "objective factual information" set forth in the documents produced by Defendants as Bates Nos. COUNTY 0030-181 is not required to be maintained confidentially pursuant to the parties' stipulated protective order (Doc. No. 21) as detailed this order;

2. The parties shall meet and confer in good faith to identify which documents produced by Defendants as Bates Nos. COUNTY 0030-181 contain subjective factual information and shall be maintained confidentially pursuant to the parties' stipulated protective order (Doc. No. 21). The parties are encouraged to resolve any disputes arising during the meet and confer process according to the Court's informal discovery dispute procedure; and

3. Plaintiffs' request for attorneys' fees pursuant to Federal Rule of Civil Procedure 37 is denied.

IT IS SO ORDERED.

Dated: **May 1, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE