UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ALEJANDRO SANCHEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF STANISLAUS, et al., <br><br> Defendants. | No. 1:18-cv-00977-DAD-BAM <br><br> ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION <br><br> (Doc. No. 34) |

This matter is before the court on plaintiffs' motion for reconsideration filed on May 9, 2019. (Doc. No. 34.) Plaintiffs request that the court reverse the assigned magistrate judge's order granting in part defendants' motion for a protective order. (Doc. No. 31.) Having considered the parties' briefing, plaintiffs' motion will be denied.

**BACKGROUND**

On February 1, 2019, the assigned magistrate judge approved a stipulated protective order in this case. (Doc. No. 21.) That order outlined procedures by which the parties could designate certain materials produced in discovery as confidential and provided that if the parties were unable to resolve a dispute as to whether a particular document should remain confidential, the dispute would be resolved by way of a motion for a protective order. (*Id.* at 4.) Accordingly, defendants moved for a protective order on February 21, 2019. (Doc. No. 22.) In it, defendants

1

sought to keep documents they described as "Sheriff's Department reports" from public view. (Doc. No. 22 at 3.) Defendants explained that a criminal investigation into the events giving rise to this action was ongoing within the Stanislaus County District Attorney's Office and submitted a declaration from Stanislaus County District Attorney Birgit A. Fladager to that effect. (*See* Doc. No. 22-1 ("Fladager Decl.").) District Attorney Fladager stated that because the investigation is ongoing, "it is premature to strip the confidentiality of the Stanislaus County Sheriff's Department documents produced under the protective order." (*Id.* at ¶ 8.) Specifically, "[t]o maintain the integrity of the investigation, as well as to not compromise the ability of [the District Attorney's office] to prosecute potential criminal charges, it is important that the investigation materials are not released to the public." (*Id.*) The magistrate judge granted defendants' motion in part, and plaintiffs thereafter filed the instant motion for reconsideration. (Doc. No. 34.) Defendants opposed the motion on May 16, 2019. (Doc. No. 36.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. *See also* Local Rule 303(c). The district judge shall modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Local Rule 303(f). Motions for a protective order are non-dispositive pretrial motions which come within the scope of Rule 72(a) and 28 U.S.C. § 636(b)(1)(A). Thus, the orders of a magistrate judge addressing such motions are subject to the "clearly erroneous or contrary to law" standard of review. *Rockwell Int'l, Inc. v. Pos-A-Traction Indus., Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983). The magistrate judge's factual determinations are reviewed for clear error, and the magistrate judge's legal conclusions are reviewed to determine whether they are contrary to law. *United States v. McConney*, 728 F.2d 1195, 1200–01 (9th Cir. 1984), *overruled on other grounds as recognized by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*,

508 U.S. 602, 622 (1993) (internal quotation marks and brackets omitted). "A Magistrate Judge's decision is contrary to law if it applies an incorrect legal standard, fails to consider an element of applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014) (internal quotation marks omitted).

## ANALYSIS

Broadly speaking, plaintiffs raise two arguments as to why the court should reverse the order of the assigned magistrate judge. First, plaintiffs argue that the assigned magistrate judge erred by applying a legal standard which divides "objective factual information" from "subjective factual information" for purposes of determining whether particular materials should be subject to a protective order. (Doc. No. 34 at 6.) Second, plaintiffs argue that the assigned magistrate judge committed clear error by considering whether certain materials should be subjected to a protective order because of defendants' right to privacy, even though defendants themselves did not advance such an argument. (*Id.* at 7.) Each argument is addressed in turn below.

### A. Objective and Subjective Factual Information

First, plaintiffs take issue with one of the legal standards employed by the assigned magistrate judge. In the order, the magistrate judge found it appropriate "to differentiate between 'subjective factual information' and 'objective information' in determining whether protection is warranted and its proper scope." (Doc. No. 31 at 8.) That test is apparently derived from a prior order issued by the magistrate judge. *See Noble v. City of Fresno*, No. 1:16-cv-01690-DAD-BAM, 2017 WL 5665850, at *4 (E.D. Cal. Nov. 27, 2017). Here, by minute order, the magistrate judge invited the parties to brief the question of whether that test should be applied to the facts in this case, and both plaintiffs and defendants responded. (Doc. Nos. 25–27.) However, in the instant motion, plaintiffs argue that this test lacks any basis in law and is "unworkable and impossible to apply." (Doc. No. 34 at 9–11.)

Defendant may be correct that this test has not been applied in other cases, and even that the assigned magistrate judge has crafted the distinction between objective and subjective factual information "out of whole cloth." (*Id.* at 9.) However, that fact alone does not provide a basis for

3

the court to grant plaintiffs' motion. In seeking reconsideration of a magistrate judge's order as to a non-dispositive pretrial matter, it is insufficient for the movant to point out merely that the magistrate judge's legal conclusions have not been adopted by other courts. Rather, as discussed above, plaintiffs must affirmatively demonstrate that the order was erroneous as a matter of law. As applied here, this would require a showing that the distinction between objective and subjective factual information for purposes of resolving a motion for a protective order is foreclosed by Ninth Circuit or Supreme Court precedent. No such showing has been made here by plaintiff. The court is also unpersuaded that it should reverse the magistrate judge's order because "the Magistrate Judge's definitions of 'subjective factual information' versus 'objective factual information' were inconsistently applied in this case relative to the *Noble* decision." (Doc. No. 34 at 10.) Federal Rule of Civil Procedure 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). In light of the discretion granted in resolving such motions, plaintiffs have not demonstrated that the magistrate judge's conclusion was contrary to any authority binding upon this court. Rather, it appears they simply disagree with the conclusions reached by the magistrate judge. Of course, such disagreement provides no basis for this court to overturn the conclusions of the assigned magistrate judge.

**B.  Right to Privacy**

Second, plaintiffs take issue with the magistrate judge's order to the extent it found a protective order appropriate based on the right to privacy. Plaintiffs argue that because defendants did not explicitly raise the issue in their briefing, this argument is waived and may not be considered by the court. (Doc. No. 34 at 18.)

The court does not find that the magistrate judge clearly erred in considering whether certain materials should be shielded from public disclosure on the basis of a right to privacy. As explained in the order, the magistrate judge construed defendants' argument as raising a right of privacy and gave plaintiffs an opportunity to respond in supplemental briefing, which they did. (Doc. No. 27 at 8–9.) Thus, even if defendants' briefing raised this argument only elliptically, there has been no prejudice to plaintiffs. The magistrate judge fully considered, and ultimately

| | |
|---|---|
| 1 | rejected, the arguments advanced by plaintiffs as to why a right to privacy should not subject the |
| 2 | materials at issue to a protective order.  (Doc. No. 31 at 7 n.2.)  Defendant has not cited any |
| 3 | authority for the proposition that the magistrate judge was forbidden from considering this |
| 4 | argument, nor is the court persuaded based on plaintiffs' arguments that the magistrate reached a |
| 5 | clearly erroneous result.  At most, plaintiffs' briefing proves only that reasonable minds could |
| 6 | differ, which does not constitute sufficient grounds for this court to overrule the magistrate |
| 7 | judge's order. |

For these reasons, plaintiffs' motion for reconsideration (Doc. No. 34) is denied.

IT IS SO ORDERED.

Dated: **June 20, 2019**  
_____  
UNITED STATES DISTRICT JUDGE