UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ALEJANDRO SANCHEZ, et al., | No. 1:18-cv-00977-DAD-BAM |
| Plaintiffs, | |
| v. | ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE |
| COUNTY OF STANISLAUS, et al., | (Doc. No. 42) |
| Defendants. | |

This matter is before the court on the motion of plaintiffs Estate of Alejandro Sanchez and Bertha Sanchez to strike the third affirmative defense pleaded in defendants' answer. (Doc. No. 42.) The court deems the motion suitable for decision without oral argument pursuant to Local Rule 230(g). Having considered the parties' briefing, the court will grant plaintiffs' motion.

**BACKGROUND**

The factual allegations of this case have been set forth in a prior order of this court and need not be repeated here. (*See* Doc. No. 28.) After the court granted in part defendants' motion to dismiss (*id.*), plaintiffs filed the operative first amended complaint. (Doc. No. 33 ("FAC").) Defendants filed their answer to the FAC on June 27, 2019 (Doc. No. 41), in response to which plaintiffs filed the instant motion to strike on July 17, 2019. (Doc. No. 42.) In that motion, plaintiffs argue that the third affirmative defense should be stricken because it is duplicative of

1

the eleventh affirmative defense. (*Id.* at 5.) Defendants opposed the motion on August 6, 2019. (Doc. No. 43.)

## LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)). A decision whether to strike certain material is committed to the sound discretion of the district court. *Id.*; *Fed. Sav. & Loan Ins. Corp. v Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990). However, motions to strike are generally disfavored and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (citation and quotation marks omitted); *see also Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003) ("Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic."). In resolving such motions, the court must view the pleading in a light most favorable to the non-moving party and resolve any doubt as to the relevance of the challenged allegations in favor of the non-moving party. *See In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

## ANALYSIS

Much of the parties' disagreement in their briefing involves a dispute over the proper standard to be applied in resolving motions to strike. In their opposition brief, defendants argue that to succeed on a motion to strike under Rule 12(f), the movant must make a showing of prejudice. (Doc. No. 43 at 3–4.) Plaintiffs disagree, arguing that no showing of prejudice is required. (Doc. No. 42 at 5–6.)

/////

District courts within the Ninth Circuit are presently split on this question. *Compare, e.g.*, *Vieste, LLC v. Hill Redwood Dev.*, No. C 09-04024 JSW, 2010 WL 11484768, at *3 (N.D. Cal. July 13, 2010) ("[C]ourts often require a showing of prejudice before granting a motion to strike."); *Greenburg v. Life Ins. Co. of N. Am.*, No. C 08-03240 JW, 2008 WL 5396387, at *1 (N.D. Cal. Dec. 18, 2008) (holding that motions to strike "should be denied unless the matter has no logical connection to the controversy at issue and may prejudice one or more of the parties to the suit"); *Hernandez v. Balakian*, No. 1:06-cv-01383-OWW-DLB, 2007 WL 1649911, at *2 (E.D. Cal. June 1, 2007), *with, e.g.*, *Television Educ., Inc. v. Contractors Intelligence Sch., Inc.*, No. 2:16-cv-01433-WBS-EFB, 2016 WL 7212791, at *1 (E.D. Cal. Dec. 12, 2016) ("[T]he court will not require plaintiff to show 'prejudice' or complete lack of 'bearing' with respect to the affirmative defenses at issue here."); *Houston Cas. Co. v. Crum & Forster Ins. Co.*, No. 1:16-cv-00535-LJO-EPG, 2016 WL 4494444, at *5 (E.D. Cal. Aug. 25, 2016) ("[T]he Court concludes [plaintiff] need not show prejudice for the Court to grant its motion to strike.").[1] Of course, none of these decisions are binding on this court. Moreover, as plaintiffs point out in their briefing, the undersigned has previously had occasion to address this question, holding that "Rule 12(f) clearly authorizes the Court to strike an insufficient, redundant, immaterial, or impertinent defenses, without mention of the need for a showing of prejudice by the party moving to strike." *Hernandez v. Kokor*, No. 1:16-cv-00716-DAD-MJS, 2017 WL 4004165, at *3 (E.D. Cal. Sept. 12, 2017). Defendants offer nothing to persuade the court that its prior ruling was incorrect, and the court accordingly declines to revisit it. The court therefore declines to require plaintiffs to make a showing of prejudice.

The remaining issue is whether, as plaintiffs suggest, the third affirmative defense is merely redundant of the eleventh affirmative defense and should be stricken. Here, the third affirmative defense states in relevant part that all of plaintiffs' claims "fall within the immunities

---

[1] Plaintiff's counsel has cited a district court order which in turn cited an unpublished Ninth Circuit decision (*Atl. Richfield Co. v. Ramirez*, 176 F.3d 481 (9th Cir. 1999) (unpub.)) in support of the argument that the moving party need not demonstrate prejudice in order to prevail on a motion to strike. This court cannot consider the decision in *Atl. Richfield Co.* because under Ninth Circuit Rule 36–3(b), unpublished Ninth Circuit opinions issued prior to January 1, 2007 cannot be cited.

3

and defenses and all rights granted to [defendants] by virtue of the provisions of the California Government Code 810–996.6. Defendants rely on *Vargas v. County of Yolo*, 2016 WL 3916329, at *6 (E.D. Cal. July 20, 2016) for the language herein to preserve these defenses." (Doc. No. 41 at 10.) Meanwhile, the eleventh affirmative defense states that "[a]s to all state law claims for relief . . . [plaintiffs] have failed to comply with the requirements of California Government Code § 900 et seq., i.e. the California Government Tort Claims Act." (*Id.* at 11.)

In *Vargas*, as in this case, the defendants relied upon California Government Code §§ 810–996.6. *Vargas*, 2016 WL 3916329, at *6. The district court in that case interpreted this affirmative defense "as an assertion of immunity and the failure to comply with the Government Claims Act is the factual basis on which the assertion lies." *Id.* Because defendants here have explicitly referenced *Vargas* in their third affirmative defense, the undersigned will likewise construe that affirmative defense as an assertion that plaintiffs' claims are barred due to their failure to comply with the California Government Claims Act. *See* Cal. Gov't Code § 900 *et seq*. So construed, defendants' third affirmative defense is effectively identical to their eleventh affirmative defense. As such, it is redundant and will be stricken.

The remaining question is whether leave to amend the answer should be granted. Defendants have requested that the court grant leave to amend in the event plaintiffs' motion is granted. (Doc. No. 43 at 5.) However, the court concludes that granting leave to amend would be procedurally improper given that no motion to amend is currently pending before the court. The court declines to grant such relief *sua sponte*. *See Quinones v. UnitedHealth Grp. Inc.*, No. 14-00497 LEK-RLP, 2015 WL 6159116, at *4 (D. Haw. Oct. 19, 2015) ("To the extent that Plaintiff's memorandum in opposition requests leave to amend to name additional defendants, . . . the request is improper. Plaintiff must do so by filing the proper motion pursuant to Fed. R. Civ. P. 15(a)(2)[.]"). Defendants may seek leave to amend their answer at a later date should they wish to do so.[2]

---

[2] The undersigned does note that he is perplexed by the parties desire in the first instance to litigate this apparently minor issue that has little or no practical import to resolution of this action and would hope that counsel would consider whether continuing to do so is a wise use of the well–known scarce judicial resources of this district.

**CONCLUSION**

For the reasons set forth above, plaintiffs' motion to strike defendants' third affirmative defense (Doc. No. 42) is granted.

IT IS SO ORDERED.

Dated: **September 5, 2019**

_____
UNITED STATES DISTRICT JUDGE