MARK E. MERIN
mark@markmerin.com

PAUL H. MASUHARA
paul@markmerin.com

LAW OFFICE OF
# MARK E. MERIN
ATTORNEY AT LAW

September 23, 2019

U.S. Magistrate Judge Barbara A. McAuliffe  **BY ELECTRONIC FILING**
U.S. District Court, Eastern District of California
Robert E. Coyle U.S. Courthouse
2500 Tulare Street (Courtroom 8, 6th Floor)
Fresno, CA 93721

Re:   **Plaintiffs' Informal Discovery Dispute Letter**
      *Estate of Sanchez v. County of Stanislaus*
      **U.S. District Court, Eastern District of California, Case No. 1:18-cv-00977-DAD-BAM**

Dear Magistrate Judge McAuliffe:

The instant action concerns the officer-involved in-custody death of Alejandro Sanchez occurring on May 5, 2018. (ECF No. 33 [First Amended Complaint].) This case is extraordinary, in that Defendants have only recently provided Plaintiffs with the autopsy report identifying Mr. Sanchez's cause of death, more than a year after the incident: "traumatic subarachnoid hemorrhage." In addition, numerous other documents related to Mr. Sanchez's death are being withheld due to an "ongoing investigation" of the incident, substantially hindering the progress of discovery and this litigation.

The instant discovery dispute concerns whether the autopsy report concerning Mr. Sanchez's death, produced by Defendant County of Stanislaus ("County") in discovery, is subject to Fed. R. Civ. P. 26(c) protection. Defendant County produced the autopsy report as "CONFIDENTIAL" pursuant to the terms of the parties' Stipulated Protective Order (ECF No. 21 [SPO]). (Autopsy report jointly submitted *in camera*.) Defendant County's bases for concluding that the autopsy report is subject to Fed. R. Civ. P. 26(c) protection are: (A) that "[t]he report contains a summary of the pathologist's observations, and clearly subjective opinions of the pathologist"; and (B) that "the [autopsy] report contains graphic information as part of the examination" which could "titillate or incite the public." Neither of Defendant County's proffered justifications is sufficient to meet the burden of Fed. R. Civ. P. 26(c).[1]

"A court considering a motion for a continuation of the protective order must proceed in two steps. First, it must determine whether particularized harm will result from disclosure of information to the public. As we have explained, broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the [Fed. R. Civ. P.] 26(c) test. Rather, the person seeking protection from disclosure must allege specific prejudice or harm. Second, if the court concludes that such harm will result from disclosure of the discovery documents, then it must proceed to balance the public and private interests to decide whether maintaining a protective order is necessary. . . [E]ven when the factors in this two-part test weigh in favor of protecting the discovery material (*i.e.*, where the court determines that disclosure of information may result in 'particularized harm,' and the private interest in protecting the discovery material outweighs the public interest in disclosure), a court must still consider whether redacting portions of the discovery material will nevertheless allow disclosure." *In re Roman Catholic Archbishop*, 661 F.3d 417, 424-25 (9th Cir. 2011) (citations, quotations & alterations omitted).

---

[1] The burden of obtaining Fed. R. Civ. P. 26(c) protection at all times rests on the party seeking non-disclosure—even where the parties have stipulated to a protective order because "[the party seeking non-disclosure] never had to make a 'good cause' showing under Fed. R. Civ. P. 26(c) of the need for protection of the [designated documents] in the first place." *Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

U.S. Magistrate Judge Barbara A. McAuliffe
U.S. District Court, Eastern District of California
September 23, 2019
Page 2 of 2

LAW OFFICE OF
**MARK E. MERIN**
A T T O R N E Y   A T   L A W

Particularized Harm: The only "harm" proffered by Defendant County is not sufficiently particularized but, rather, is nothing more than a broad and unsubstantiated allegation that the autopsy report *could* "titillate or incite the public."[2] Defendant County does not explain how or why. In any event, mere *potential* harm does not carry the heavy burden.[3] Further, content even more "graphic" than the written autopsy report at issue here—*e.g.*, video-recordings of officer-involved beatings, shootings, and/or deaths—has been found to be insufficiently harmful to afford protection.[4]

Balancing of Interests:[5] (1) the disclosure will not violate any privacy interests,[6] where Mr. Sanchez's estate and family members affirmatively seek disclosure;[7] (2) the information is being sought for a legitimate purpose—*i.e.*, the cause of Mr. Sanchez's officer-involved death;[8] (3) disclosure of the information will not cause a party embarrassment;[9] (4) confidentiality is being sought over information important to public health and safety—*i.e.*, an officer-involved death;[10] (5) the sharing of information will promote fairness and efficiency; (6) a party benefitting from the order of confidentiality is a public entity or official;[11] and (7) whether the case involves issues important to the public.[12]

Redaction: Even if the Court found that portions of the autopsy report were subject to Fed. R. Civ. P. 26(c) protection, such protection should not be applied on a blanket basis, and it would be obligated to consider whether redacting portions of the autopsy report will nevertheless allow disclosure.

In conclusion, no "good cause" exists where Defendants have failed to articulate any harm concerning disclosure of Mr. Sanchez's autopsy report but, even if they had, the public's interest in learning of the circumstances that resulted in Mr. Sanchez's death heavily outweigh any such concerns.

---

[2] "Defendants' broad allegation of harm to potential jury pools does not meet their burden of demonstrating a particularized harm to the county based on the disclosure of these materials." *Bangert v. County of Placer*, 2019 U.S. Dist. LEXIS 14287, at *10 (E.D. Cal. Jan. 25, 2019) (citing *Welsh v. City & County of San Francisco*, 887 F. Supp. 1293, 1301-02 (N.D. Cal. 1995)).

[3] *See, e.g.*, *Beckman Indus.*, 966 F.2d at 476 (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986)).

[4] *See, e.g.*, *L.F. v. City of Stockton*, 2019 U.S. Dist. LEXIS 74545, at *4-6 (E.D. Cal. May 1, 2019) (citing *Mendez v. City of Gardena*, 222 F. Supp. 3d 782, 792 (C.D. Cal. 2015) (unsealing dashboard camera footage of officer-involved shooting; "while the videos are potentially upsetting and disturbing because of the events they depict, they are not overly gory or graphic in a way that would make them a vehicle for improper purposes"); *Harmon v. City of Santa Clara*, 323 F.R.D. 617, (N.D. Cal. 2018) (releasing body-worn camera footage of "graphic and alarming footage of police officers hurting a citizen," due to "strong public interest in the video's disclosure"); *Nunez v. City of San Jose*, 2019 U.S. Dist. LEXIS 37842, at *15-16 (N.D. Cal. Mar. 8, 2019) (no "good cause" for confidentiality of footage of police shooting)).

[5] Factors and interests relevant to the balancing analysis are identified in *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995). *See In re Roman Catholic Archbishop*, 661 F.3d at 424 & n.5 (adopting Third Circuit's identified factors).

[6] Defendants do not have standing to invoke the "privacy interests" of Mr. Sanchez or his family, where they do not represent those interests. *See, e.g.*, *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004) (observing "'general prohibition on a litigant's raising another person's legal rights'"); *Sneirson v. Chemical Bank*, 108 F.R.D. 159, 161 n.5 (D. Del. 1985).

[7] *See, e.g.*, *Mendez*, 222 F. Supp. 3d at 792 (denying request to seal police car camera footage in part because "[t]he only valid privacy interest in this case belongs to the Plaintiffs, who have made abundantly clear that they wish the videos to be made available to the public"); *L.F.*, 2019 U.S. Dist. LEXIS 74545, at *7 ("Given plaintiffs' opposition to the request to seal, defendants' concerns about plaintiffs' privacy rights are without merit.").

[8] "The public's interest is particularly legitimate and important where, as in this case, at least one of the parties to the action is a public entity or official." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994).

[9] *See, e.g.*, *Macias v. Cleaver*, 2016 U.S. Dist. LEXIS 85529, at *13-14 (E.D. Cal. June 30, 2016) ("[T]his Court must refuse requests to engage in damage control on behalf of the Defendants.").

[10] "The general public's health and safety are at issue whenever there are serious allegations of police [misconduct]." *Wiggins v. Burge*, 173 F.R.D. 226, 229 (N.D. Ill. 1997).

[11] "[Courts] are more likely to require disclosure when 'a party benefitting from the order of confidentiality is a public entity or official[.]'" *Leap Sys. v. Moneytrax, Inc.*, 638 F.3d 216, 222 (3d Cir. 2011) (quoting *Pansy*, 23 F.3d at 788).

[12] "The public unquestionably holds a hefty interest in police force transparency, and especially so when fundamental rights are at stake." *Harmon*, 323 F.R.D. at 624.