UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ALEJANDRO SANCHEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF STANISLAUS, et al., <br><br> Defendants. | No. 1:18-cv-00977-DAD-BAM <br><br> ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION <br><br> (Doc. No. 56) |

This matter is before the court on plaintiffs' motion for reconsideration filed on October 14, 2019. (Doc. No. 56.) Plaintiffs request that the court reverse the assigned magistrate judge's discovery order granting in part defendants' motion for a protective order. (Doc. No. 31.) Having considered the parties' briefing, plaintiffs' motion will be denied.

**BACKGROUND**

The factual background is drawn from plaintiffs' motion. On February 1, 2019, the assigned magistrate judge approved a stipulated protective order in this case. (Doc. No. 21.) That order outlined procedures by which the parties could designate certain materials produced in discovery as confidential and provided that if the parties were unable to resolve a dispute as to whether a particular document should remain confidential, the dispute would be resolved by way of a motion for a protective order. (*Id.* at 4.) Pursuant to that stipulated protective order, on

August 14, 2019, defendant County of Stanislaus produced a four-page autopsy report concerning decedent Sanchez's death. (Doc. No. 56 at 5.) On September 9, 2019, plaintiffs' counsel sent a letter to defendant County stating that it was challenging the autopsy report's designation as "confidential." (*Id.* at 6.) After the parties reached an impasse as to whether the autopsy report should remain confidential, the parties contacted the assigned magistrate judge and requested resolution of the dispute. (*Id.*) The parties stipulated to using the magistrate judge's informal discovery dispute procedure, after which the parties filed letter briefs and appeared at a telephonic hearing before Magistrate Judge McAuliffe. (*Id.*) On October 1, 2019, Magistrate Judge McAuliffe ruled that the autopsy report should remain confidential pursuant to the parties' protective order. (Doc. No. 55.) Plaintiffs' motion for reconsideration followed, and defendants opposed the motion on October 21, 2019. (Doc. Nos. 56, 57.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. *See also* Local Rule 303(c). The district judge shall modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Local Rule 303(f). Motions for a protective order are non-dispositive pretrial motions which come within the scope of Rule 72(a) and 28 U.S.C. § 636(b)(1)(A). Thus, the orders of a magistrate judge addressing such motions are subject to the "clearly erroneous or contrary to law" standard of review. *Rockwell Int'l, Inc. v. Pos-A-Traction Indus., Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983). The magistrate judge's factual determinations are reviewed for clear error, and the magistrate judge's legal conclusions are reviewed to determine whether they are contrary to law. *United States v. McConney*, 728 F.2d 1195, 1200–01 (9th Cir. 1984), *overruled on other grounds as recognized by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 622 (1993) (internal quotation marks and brackets omitted). "A Magistrate Judge's

decision is contrary to law if it applies an incorrect legal standard, fails to consider an element of applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014) (internal quotation marks omitted).

**ANALYSIS**

Plaintiffs have now filed two motions in the span of six months seeking reconsideration of discovery orders issued by the assigned magistrate judge. Both motions raise essentially the same argument, namely that the magistrate judge has improperly ruled that certain documents are properly classified as "confidential" under the protective order now in force in this case. Both motions also take issue with the magistrate judge's distinction between objective and subjective factual information in determining whether particular materials should be subject to a protective order. In light of the magistrate judge's broad discretion to resolve matters concerning protective orders, and in the absence of any binding authority demonstrating that the magistrate judge had erred, the court previously declined to reconsider the magistrate judge's ruling.

So it is again. Plaintiffs have rehashed their arguments that the magistrate judge's classification of subjective and objective factual information is without basis in law and that, in any event, the magistrate judge has misapplied the law in this area. (Doc. No. 56 at 10–13.) This argument is unpersuasive for the same reasons stated in the court's prior order. (Doc. No. 40 at 3–5.) Plaintiffs also repeat their arguments that no particularized harm from disclosure has been shown and that the magistrate judge inappropriately balanced public and private interests. However, the magistrate judge's order specifically found that harm could result from disclosure of the autopsy report given the ongoing investigation into decedent Sanchez's death, and carefully balanced the public and private interests at stake. The court concludes that these findings were not clearly erroneous.

As frequent litigators in the Eastern District of California, plaintiffs' counsel is no doubt aware of the looming judicial crisis resulting from a lack of district judges. While plaintiffs are of course entitled to seek reconsideration of the magistrate judge's ruling, the court notes that this motion is nearly identical to plaintiffs' prior motion, which the court has already denied. Having

3

now addressed this issue twice, the court is confident that it will not be called upon to resolve these same issues a third time.

For these reasons, plaintiffs' motion for reconsideration (Doc. No. 56) is denied.

IT IS SO ORDERED.

Dated: **October 23, 2019**

_____
UNITED STATES DISTRICT JUDGE