UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ALEJANDRO SANCHEZ, *et al.*,<br><br>  Plaintiffs,<br><br>  vs.<br><br>COUNTY OF STANISLAUS, *et al.*,<br><br>  Defendants. | Case No.  1:18-cv-00977-DAD-BAM<br><br>**ORDER REGARDING PLAINTIFF'S MOTIONS TO COMPEL, VACATE STIPULATED PROTECTIVE ORDER, AND FOR EXPENSES**<br><br>(Doc. No. 65) |

Currently before the Court are Plaintiff Estate of Alejandro Sanchez' ("Plaintiff") motion to compel Defendant County of Stanislaus ("Defendant") to produce amended responses and documents responsive to Requests for Production Nos. 1, 9, 13-16, and 25-27 and to amend its initial disclosures, motion to vacate the parties' Stipulated Protective Order, and motion for expenses.  (Doc. No. 65.)  On April 8, 2020, the parties filed a Joint Statement Re: Discovery Disagreement pursuant to Local Rule 251.  (Doc. No. 66.)   The matter was heard on April 17, 2020, before United States Magistrate Judge Barbara A. McAuliffe.  Counsel Mark Merin and Paul Masuhara appeared by telephone on behalf of Plaintiff.  Counsel John Whitefleet appeared by telephone on behalf of Defendant.

Having considered the motion, the parties' Joint Statement re Discovery Disagreement, and the record in this matter, the Court GRANTS IN PART AND DENIES IN PART Plaintiffs' motion to compel and DENIES Plaintiff's motion for expenses.  The parties shall submit supplemental briefing regarding Plaintiff's motion to vacate the parties' Stipulated Protective Order as discussed further herein.

**I.    RELEVANT BACKGROUND**

This action involves claims brought by Plaintiffs Estate of Alejandro Sanchez and Bertha Sanchez against Defendants County of Stanislaus, Stanislaus County Sheriff's Department, Adam Christianson, Shane Rohn, Brett Babbitt, Eugene Day, Justin Camara, Joseph Knittel, Zebedee Poust and Hector Longoria under 42 U.S.C. § 1983 for violations of the First, Fourth, and Fourteenth Amendments to the United States Constitution; Article 1, Section 13 of the California Constitution; California's Bane Act; assault/battery; negligence; and wrongful death arising out of the officer-involved death of Alejandro Sanchez. (Doc. No. 33.) According to the operative complaint, Mr. Sanchez was at a truck stop on May 5, 2018 when his vehicle was ordered towed for alleged expired registration tags and multiple Defendant law enforcement officers attempted to detain him. (*Id.*) A physical confrontation lasting several minutes occurred and the Defendant law enforcement officers allegedly took Mr. Sanchez to the ground and climbed on top of him. (*Id.*)  Mr. Sanchez subsequently died in custody before arriving at a jail or hospital due to injuries purportedly caused by the Defendant law enforcement officers. (*Id.*)

Plaintiff served its first set of requests for production on November 18, 2018. (Doc. No. 66-1, Declaration of Mark E. Merin ("Merin Decl.") ¶ 2, Ex. A.) Defendant served initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on December 17, 2018 and responded to Plaintiff's first set of requests for production on December 20, 2018. (Doc. No. 66-1, Merin Decl., ¶¶ 3-4, Exs. B-C.) Plaintiff served its second set of requests for production on December 20, 2018, and Defendant served its responses on January 24, 2019. (Doc. No. 66-1, Merin Decl., ¶¶ 5-6, Exs. D-E.) On September 19, 2019, Plaintiff served its fourth set of requests for production on Defendant and Defendant served its responses on October 22, 2019. (Doc. No. 66-1, Merin Decl., ¶¶ 7-8, Exs. F-G.)

On January 30, 2019, the parties filed a Stipulated Protective Order, which the Court approved on February 1, 2019. (Doc. Nos. 20, 21.) Defendants County of Stanislaus, Stanislaus County Sheriff's Department, and Adam Christianson filed a motion for protective order on February 21, 2019, seeking to maintain previously disclosed Stanislaus County Sheriff's Department reports, Bates Nos. COUNTY 0030-181, as confidential pursuant to the Stipulated Protective Order. (Doc. No. 22.) The Court granted the motion in part by order dated May 1, 2019 and required that subjective factual

information contained in these documents be maintained confidentially based in part on concerns regarding infringement of third-party privacy interests. (Doc. No. 31.) On September 25, 2019, the parties participated in an Informal Discovery Dispute Conference regarding whether an autopsy report should be designated as confidential pursuant to the Stipulated Protective Order. (Doc. No. 54.) The Court issued an order on October 1, 2019, requiring the autopsy report to be maintained confidentially. (Doc. No. 55.)

On March 24, 2020, Plaintiff filed the instant motion to compel Defendant to produce amended responses and documents responsive to Requests for Production Nos. 1, 9, 13-16, and 25-27 and to amend its initial disclosures, motion to vacate the parties' Stipulated Protective Order, and motion for expenses. (Doc. No. 65.) On April 8, 2020, the parties filed a Joint Statement Re: Discovery Disagreement pursuant to Local Rule 251 and a hearing was held on April 17, 2020. (Doc. Nos. 66, 68.)

**II.     DISCUSSION**

**A.     Motion to Compel**

1.     Legal Standard

Pursuant to Federal Rule of Civil Procedure 26(b), the scope of discovery is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Information within the scope of discovery need not be admissible in evidence to be discoverable. *Id.* However, the court must limit the extent of discovery if it determines that (1) the discovery sought is unreasonably cumulative, duplicative or can be obtained from other source that is more convenient, less burdensome, or less expensive, (2) the party seeking discovery has had ample opportunity to obtain the information by discovery, or (3) the proposed discovery is outside the permissible scope. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

A party may serve on any other party a request within the scope of Rule 26(b) to produce and

permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." *Id.* at 34(b)(2)(B). The responding party is responsible for production of all documents in "the responding party's possession, custody, or control." *Id.* at 34(a)(1). "[A]ctual possession of the documents is not required." *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995). Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Id.*

2. <u>Requests for Production Nos. 1 and 9 and Defendant's Initial Disclosures</u>

At the hearing on the motion, the parties confirmed that Defendant had provided amended initial disclosures and amended responses to Requests for Production Nos. 1 and 9 that resolved the parties' disputes as to those matters and nothing further was required. The Court ruled accordingly as preserved on the record.

3. <u>Requests for Production Nos. 13-16</u>

**REQUEST FOR PRODUCTION NO. 13:**
All settlement agreements relating to claims of alleged use of excessive force by YOUR employees from July 2006 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**
Objection. Request is overly broad in both time and context, and not reasonably related to the issues in this case and/or seeks documents not maintained in the ordinary course of business, vague as to "claims."

**REQUEST FOR PRODUCTION NO. 14:**
All verdicts relating to claims of alleged use of excessive force by YOUR employees from July 2006 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**
Objection. Request is overly broad in both time and context, and not reasonably related to the issues in this case and/or seeks documents not maintained in the ordinary course of business, or is equally available to plaintiffs in court files.

**REQUEST FOR PRODUCTION NO. 15:**
All citizens' complaints relating to claims of alleged use of excessive force by YOUR employees from July 2006 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**
Objection.  Request is overly broad in both time and context, and not reasonably related to the issues in this case, and the requested documents are not maintained in the ordinary course of business in the category as requested.

**REQUEST FOR PRODUCTION NO. 16:**
All legal complaints relating to claims of alleged use of excessive force by YOUR employees from July 2006 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**
Objection.  Request is overly broad in both time and context, and not reasonably related to the issues in this case, the requested documents are not maintained in the ordinary course of business in the category as requested and/or equally available to the public.

(Doc. No. 66-1, Merin Decl., Exs. D, E.)

Plaintiff's operative complaint alleges liability under *Monell* based upon a pattern and practice of using excessive force under theories of inadequate training, supervision and discipline.  (*See* Doc. No. 33 at 5-9.)  To establish municipal liability, a plaintiff must show (1) he possessed a constitutional right and was deprived of that right, (2) the municipality had a policy, (3) the policy amounts to deliberate indifference to the plaintiff's constitutional right, and (4) the policy was the moving force behind the constitutional violation.  *See McCoy v. City of Vallejo*, 2020 WL 374356, at *2 (E.D. Cal. Jan. 23, 2020).  A *Monell* claim premised under a failure to train requires "a pattern of similar constitutional violations by untrained employees" to demonstrate "deliberate indifference." *Connick v. Thompson,* 563 U.S. 51, 62 (2011); *McCoy v. City of Vallejo*, 2020 WL 374356, at *4 (E.D. Cal. Jan. 23, 2020).  The pattern of similar constitution violations must be "factually pertinent" as those of the Plaintiff.  See  *Breen v. City of Concord, et al*., USNDC Case No. 3:19-cv-05622-SK, ECF No. 19 (N.D. Cal. Dec. 10, 2019);  *McCoy*, 2020 WL 374356, at *4.

Courts have broad discretion to determine the scope of police misconduct discovery in suits alleging *Monell* claims.  *Crowther v. City of Fontana*, 2018 WL 6016289, at *3 (C.D. Cal. Sept. 10, 2018).  Here, Plaintiff has requested all settlement agreements, verdicts, citizens' complaints, and legal complaints relating to any claims of alleged use of excessive force by Defendant's employees during Adam Christianson's tenure as Sheriff from July 2006 to present.  (Doc. No. 66-1, Merin Decl., Exs. D, E; Doc. No. 66 at 9.)  Plaintiff contends that the requested discovery is available based upon the Court's finding in its order denying Defendant's motion to dismiss that Plaintiff's *Monell* claims were

plausibly stated. (Doc. No. 66 at 8; *see* Doc. No. 28.) Defendant, in turn, contends that "Plaintiff has not laid the necessary foundational facts to establish good cause of *any* excessive force settlement, verdict etc." (Doc. No. 66 at 10.) According to Defendant, Requests for Production Nos. 13 through 16 are not reasonably limited in time and scope and should be limited to claims involving the defendants in this case within the past five (5) years. (*Id.* at 11.) While Defendant's position is too narrow, Plaintiff's requests for *any* kind of misconduct during the entirety of Adam Christianson's tenure, and not just the type of misconduct alleged here, is also overbroad and disproportional. *See Crowther,* 2018 WL 6016289, at *3.[1]

The constitutional violation at issue in this case concerns a physical confrontation lasting several minutes wherein the Defendant law enforcement officers allegedly took Mr. Sanchez to the ground, climbed on top of him, and applied handcuffs and a "WRAP" restraint device to Mr. Sanchez' body, allegedly resulting in his death. (Doc. No. 33 at 4-5, 8.) Thus, as stated more thoroughly on the record, the "factually pertinent" pattern and practice incidents do not involve shootings, K-9s or in the jail context. Additionally, at the hearing on April 17, 2020, the Court proposed limiting these requests to incidents which occurred between 2010 and 2019. The parties agreed to this temporal limitation. Accordingly, Defendant shall produce all nonprivileged settlement agreements, verdicts, citizens' complaints, and legal complaints relating to claims of alleged use of excessive force from 2010 to 2019, excluding incidents that involve shootings or K-9s or which occurred in the jail context.

At the hearing on April 17, 2020, counsel for Defendant indicated that he believed he would be able to produce responsive documents within thirty (30) days. In light of the COVID-19 pandemic and its potential impact on the parties' ability to comply with the Court's order, the Court will set a

---

[1] The Court further notes that, with respect to Plaintiff's arguments concerning the order denying Defendant's motion to dismiss, the standard for deciding the adequacy of *Monell* claims on a motion to dismiss is a different legal standard than the Court applies in deciding a motion to compel. In resolving Defendant's motion to dismiss, the Court considered whether Plaintiff had set forth sufficient factual allegations to "plausibly" suggest a policy or custom under *Monell* at the pleading stage. (Doc. No. 28) Additionally, for the purposes of a motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. *Rosen v. Walters*, 719 F.2d 1422, 1424 (9th Cir. 1983). The Court does not apply these rules of construction in resolving a motion to compel, and the scope of discovery is limited to nonprivileged matters that are relevant to a claim or defense and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). The Court is vested with broad discretion in resolving discovery disputes and in determining whether to permit or deny discovery. *Hallett v. Morgan,* 296 F.3d 732, 751 (9th Cir. 2002).

Status Conference to discuss the status of Defendant's production of documents responsive to Requests for Production Nos. 13-16.

    4.    <u>Requests for Production Nos. 25-27</u>

At the hearing on April 17, 2020, the parties resolved their dispute regarding Requests for Production Nos. 25 through 27 by agreement that Defendant would produce law enforcement reports generated in connection with the underlying incidents giving rise to *Prescott v. County of Stanislaus*, E.D. Cal. Case No. 1:10-cv-00592-OWW-GSA, *Wells v. County of Stanislaus,* E.D. Cal. Case No. 1:08-cv-01146-OWW-GSA*,* and *Smith v. Spencer,* E.D. Cal. Case No. 1:07-cv-00860-OWW-GSA. The Court confirmed the parties' agreement and ruled accordingly as preserved on the record.

    **B.**    **Motion to Vacate Protective Order**

A district court may modify or lift a protective order that it has entered. *Empire Blue Cross & Blue Shield v. Janet Greeson's A Place for Us, Inc.,* 62 F.3d 1217, 1219 (9th Cir.1995). The determination of whether to vacate or modify a protective order is left to the sound discretion of the trial court. *Denman v. City of Tracy*, 2012 WL 5349496, at *2 (E.D. Cal. Oct. 26, 2012); *In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation,* 101 F.R.D. 34, 40–41 (C.D.Cal.1984); *see also Beckman Industries, Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 474 (9th Cir.1992) (request to modify a protective order reviewed for abuse of discretion).

At the hearing on April 17, 2020, the parties confirmed that they intended to vacate the Stipulated Protective Order as to the autopsy report and the Stanislaus County Sheriff's Department reports, Bates Nos. COUNTY 0030-181, that the Court had previously ordered to be maintained confidentially. In ordering subjective factual information contained in Stanislaus County Sheriff's Department reports, Bates Nos. COUNTY 0030-181, to be maintained confidentially, the Court relied in part on concerns that third-party privacy interests would be infringed by public disclosure. (*See* Doc. No. 31.) The parties were unable to confirm whether only information pertaining to Defendant's employees were identified in the Stanislaus County Sheriff's Department reports, Bates Nos. COUNTY 0030-181, or whether other nonparty private information was included in the documents. Accordingly, the Court will request supplemental briefing regarding whether any third-party privacy interests are implicated by vacating the parties' Stipulated Protective Order as to Stanislaus County

7

Sheriff's Department reports, Bates Nos. COUNTY 0030-181. The parties further agreed to meet and confer regarding this issue prior to filing their supplemental briefs.

### C. Motion for Expenses

Plaintiff requests an award of expenses pursuant to Federal Rule of Civil Procedure 37 in the amount of $4,402.50 for attorneys' fees incurred in meeting and conferring with Defendant and in bringing the motions to compel and to vacate the parties' Stipulated Protective Order. (Doc. Nos. 65, 66, 66-1.) Federal Rule of Civil Procedure 37(a)(5)(C) provides that, if a motion to compel is granted in part and denied in part, the Court may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

The Court finds that expenses are not warranted. The record indicates that Defendant responded to Plaintiff's discovery requests in good faith and its responses were substantially justified in light of the legal and factual issues presented. The Court's order regarding Requests for Production Nos. 13-16 recognized that, while Defendant's position was too limited, the requests as phrased were overbroad and disproportional and thus narrowing was appropriate. The parties were additionally able to resolve the majority of their disputes by agreement and, at the hearing on the motions, counsel for Defendant further represented that any delay in responding to counsel for Plaintiff's written communications was inadvertent. In light of this result, the Court declines to exercise its discretion to apportion attorneys' fees incurred by the respective parties in litigating the motion.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED:

1. Plaintiff's motion to compel (Doc. No. 65) is granted in part and denied in part as follows:
    a. The parties' dispute regarding Defendant's initial disclosures and Request Nos. 1 and 9 is resolved as stated further on the record;
    b. In response to Plaintiff's Requests for Production Nos. 13 through 16, Defendant shall produce all nonprivileged settlement agreements, verdicts, citizens' complaints, and legal complaints relating to any claims of alleged use of excessive force from 2010 to 2019, excluding incidents that involve shootings or K-9s or which occurred in the jail context;

8

        c. In response to Plaintiff's Requests for Production Nos. 25 through 27, pursuant to the agreement of the parties, Defendant shall produce only the law enforcement reports generated in connection with the underlying incidents giving rise to *Prescott v. County of Stanislaus*, E.D. Cal. Case No. 1:10-cv-00592-OWW-GSA, *Wells v. County of Stanislaus,* E.D. Cal. Case No. 1:08-cv-01146-OWW-GSA, and *Smith v. Spencer,* E.D. Cal. Case No. 1:07-cv-00860-OWW-GSA;

    2. The Court SETS a STATUS CONFERENCE for **Friday May 1, 2020, at 10:00 AM in Courtroom 8 (BAM) before Magistrate Judge Barbara A. McAuliffe** to discuss the status of Defendant's production of documents. The parties shall appear at the conference by telephone with each party using the following dial-in number and access code: ***dial-in number 1-877-411-9748; access code 3219139***.

    3. The parties shall file supplemental briefing regarding whether any third-party privacy interests are implicated by vacating the parties' Stipulated Protective Order as to Stanislaus County Sheriff's Department reports, Bates Nos. COUNTY 0030-181. The parties shall meet and confer by **May 1, 2020,** to narrow the scope of any supplemental briefing. Defendant may file a supplemental brief on or before **May 8, 2020.** Plaintiff may file a responsive brief on or before **May 15, 2020**. The parties' supplemental briefs shall not exceed five (5) pages in length. Plaintiff's motion to vacate the parties' Stipulated Protective Order (Doc. No. 65) will be taken under submission following the parties' supplemental briefs. If the Court subsequently determines that further oral argument is necessary, it will set a hearing by separate order; and

    4. Plaintiff's motion for expenses (Doc. No. 65) is DENIED.

IT IS SO ORDERED.

Dated:   **April 23, 2020**            /s/ *Barbara A. McAuliffe*
                                             UNITED STATES MAGISTRATE JUDGE