UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ALEJANDRO SANCHEZ and BERTHA SANCHEZ,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF STANISLAUS, *et al.*,<br><br>Defendants. | No. 1:18-cv-00977-DAD-BAM<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>(Doc. No. 59) |

This matter is before the court on plaintiffs' motion for leave to file a second amended complaint ("SAC"). (Doc. No. 59.) The court reviewed the relevant briefing and deemed the matter suitable for decision on the papers pursuant to Local Rule 230(g). For the reasons set forth below, the court grants plaintiffs' motion.

**BACKGROUND**

The Estate of Alejandro Sanchez and Bertha Sanchez (collectively, the "plaintiffs") filed a First Amended Complaint on May 9, 2019, alleging various claims arising from the death of Alejandro Sanchez (the "decedent"), which occurred as a result of an incident involving deputies from the Stanislaus County Sheriff's Department. (Doc. No. 33.) The defendants in this action include the County of Stanislaus; Stanislaus County Sheriff's Department ("SCSD"); and Adam Christianson, Shane Rohn, Brett Babbitt, Eugene Day, Justin Camara, Joseph Knittel, Zebedee

1

Poust, and Hector Longoria, all law enforcement officers employed by SCSD and who are being sued in their individual capacities. (*Id.* at 2–4.)

On January 10, 2020, plaintiffs moved for leave to file a SAC. (Doc. No. 59 at 5–8.) Defendants filed their opposition on February 4, 2020, and plaintiffs filed their reply on February 7, 2020. (Doc. Nos. 62, 63.)

## LEGAL STANDARD

Rule 15(a) provides that the court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) ("Rule 15(a) is very liberal[.]").

Under Rule 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d); *see also Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 874 (9th Cir. 2010). As a "tool of judicial economy and convenience," Rule 15(d) is similarly liberal. *See Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988); *see also* Wright, Miller, Kane & Marcus, 6A Fed. Prac. & Proc. Civ. § 1504 (2d ed. 2010) ("The purpose of subdivision (d) is to promote as complete an adjudication of the dispute between the parties as is possible.").

"The five factors commonly used to evaluate the propriety of a motion for leave to amend (and thus, a motion to supplement) are: (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure of previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment." *Lyon v. U.S. Immigration & Customs Enf't*, 308 F.R.D. 203, 214 (N.D. Cal. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"[I]t is the consideration of prejudice to the opposing party that carries the greatest weight"—prejudice being the "touchstone of the inquiry"—but the opposing party bears the burden of demonstrating prejudice. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (internal quotation marks and citations omitted). "Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a *presumption* . . . in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

**ANALYSIS**

Plaintiffs seek leave to file a SAC that that would include:  1) additional factual allegations about the death of the decedent; 2) factual allegations about SCSD's alleged failure to investigate the subsequent citizens' complaint filed by plaintiffs on December 4, 2018; and 3) new claims arising from SCSD's handling of that citizens' complaint.  (Doc. No. 59 at 5–8.) Defendants do not appear to oppose the additional factual allegations regarding the death of the decedent, but they argue that the court should not grant leave to add new claims regarding SCSD's handling of the citizens' complaint because:  1) those claims are too attenuated to the ones currently before the court; and 2) the new claims are not cognizable and thus amendment would be futile.  (Doc. No. 62 at 3–6.)

**A.     Plaintiffs' New Claims Are Not Too Attenuated**

According to defendants, "[w]hile the underlying matter of the citizen complaint is related to the instant lawsuit—the propriety of the deputies' conduct—the bases for the new claims is not."  (Doc. No. 62 at 3.)  The court does not find this argument to be persuasive.

First, unlike cases where the court denied leave to file a supplemental pleading because it would have added new claims *and* new defendants, plaintiffs here only seek to add new claims against *existing* defendants arising from alleged conduct where, as defendants admit, the "underlying matter . . . is related to the instant lawsuit[.]"  (Doc. No. 62 at 3.)  *See Byrd v. Lynn*, No. 2:10-cv-0839-KJM-DAD, 2012 WL 1027348, at *2 (E.D. Cal. Mar. 26, 2012) (citations omitted).  Requiring plaintiffs to litigate these claims in a separate lawsuit would subvert the purpose of Rule 15(d), which is to "promote as complete an adjudication of the dispute between the parties as is possible."  Wright, et al., 6A Fed. Prac. & Proc. Civ. § 1504 (2d ed. 2010).

Moreover, as plaintiffs point out, the alleged failure of SCSD to conduct an investigation into the death of the decedent may constitute "post-event evidence" that could support plaintiffs' existing *Monell* claims, in which plaintiff alleges that defendants "knowingly turn[ed] a blind eye to . . . abuses, acquiescing to and implicitly condoning . . . misconduct by perpetuating a culture of impunity for [SCSD officers'] use of unconstitutionally excessive force."  (*See* Doc. Nos. 33 at 8; 63 at 3–4.)  *See, e.g.*, *Henry v. County of Shasta*, 132 F.3d 512, 518-21 (9th Cir. 1997), *opinion*

3

*amended on denial of reh'g,* 137 F.3d 1372 (9th Cir. 1998) ("[P]ost-event evidence is not only admissible for purposes of proving the existence of a municipal defendant's policy or custom, but is highly probative with respect to that inquiry."). Such considerations similarly weighs in favor of litigating these issues in a single action.

**B.     Amendment Would Not Be Futile**

Defendants next argue that plaintiffs have no due process rights to an internal affairs investigation under California Penal Code § 832.5(a)(1), the statute that directs law enforcement agencies to establish a process to investigate citizen's complaints. (Doc. 62 at 3–4.) That same reason, they argue, bars plaintiffs from pursuing their claim that defendants breached their mandatory duty under California Government Code § 815.6 by failing to investigate plaintiffs' citizens' complaint. (*Id.* at 5–6.)

As an initial matter, "[i]t is clear that a specific constitutional right to an internal affairs investigation does not exist." *Garrison v. McQueeney*, No. 3:94-cv-03595-TEH, 1995 WL 39435, at *2 (N.D. Cal. Jan. 27, 1995). "However, a state statute or regulation may also create a liberty interest protected by the Constitution."[1] *Id.* Likewise, "an inadequate investigation alone does not 'involve[] the deprivation of a protected right,' but must involve 'another recognized constitutional right.'" *Ogunrinu v. City of Riverside*, 79 F. App'x 961, 962–63 (9th Cir. 2003)[2] (quoting *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985)) (pointing to a "police failure to protect against housing discrimination" as an example where a claim of an inadequate police investigation is properly anchored to an alleged violation of a recognized constitutional right).

Here, plaintiffs have alleged related claims that rely, in part, on a theory that defendants turned a blind eye to various forms of unconstitutional police misconduct, resulting in the

---

[1] As plaintiffs point out, a California Court of Appeal has recognized that California Penal Code § 832.5(a)(1) creates a "statutory mandate." *Galzinski v. Somers*, 2 Cal. App. 5th 1164, 1174 (2016). However, this court need not address at this time whether this mandate also creates a liberty interest protected by the Constitution, as the court is able to resolve the pending motion on alternative grounds.

[2] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

4

violation of their constitutional rights and contributing to the death of the decedent. (*See* Doc. No. 33 at 6–13.) Plaintiffs' allegations that their constitutional rights were violated are sufficient, at least for the requirements of Rule 15, to anchor plaintiffs' proposed claims that defendants violated additional constitutional rights by failing to conduct an adequate investigation. *See Ogunrinu*, 79 F. App'x at 963. The court notes that even if defendants had raised a stronger challenge to the merits of plaintiffs' proposed claims, "[c]ourts ordinarily do not consider the validity of a proposed amended pleading in deciding whether to grant leave to amend, and instead defer consideration of challenges to the merits of a proposed amendment until after leave to amend is granted and the amended pleadings are filed." *In re Packaged Seafood Prod. Antitrust Litig.*, 338 F. Supp. 3d 1079, 1106–07 (S.D. Cal. 2018).

## CONCLUSION

Given the "extreme liberality" of Rule 15, defendants have failed to overcome the presumption in favor of granting leave to amend. *Eminence Capital*, 316 F.3d at 1051 (citation omitted)

Accordingly:

1. Plaintiffs' motion for leave to file a SAC (Doc. No. 59) is granted; and
2. Plaintiffs are directed to file the proposed SAC within fourteen (14) days of service of this order.

IT IS SO ORDERED.

Dated:   **June 2, 2020**

UNITED STATES DISTRICT JUDGE