Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:     (916) 443-6911
Facsimile:     (916) 447-8336
E-Mail:        mark@markmerin.com
               paul@markmerin.com

Attorneys for Plaintiffs
ESTATE OF ALEJANDRO SANCHEZ
and BERTHA SANCHEZ

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| ESTATE OF ALEJANDRO SANCHEZ and BERTHA SANCHEZ, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, HECTOR LONGORIA, and DOE 8 to 50, <br><br> Defendants. | Case No. 1:18-cv-00977-DAD-BAM <br><br> **SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS** <br><br> **DEMAND FOR JURY TRIAL** |

## **INTRODUCTION**

This action involves the death of ALEJANDRO SANCHEZ caused by law enforcement officers SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA, employees of the COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and Sheriff ADAM CHRISTIANSON.

## **JURISDICTION & VENUE**

1.    This Court has jurisdiction over the federal claims asserted herein pursuant to 28 U.S.C. § 1331 (in that they arise under the United States Constitution); 28 U.S.C. § 1343(a)(3) (in that the action is

1

brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution). This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

2. Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

3. Intradistrict venue is proper in the Fresno Division of the Eastern District of California pursuant to E.D. Cal. L.R. 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Stanislaus, California.

## EXHAUSTION

4. Plaintiffs ESTATE OF ALEJANDRO SANCHEZ and BERTHA SANCHEZ submitted a government claim to the COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT regarding the claims asserted herein on May 17, 2018. The government claim was rejected by operation of law on July 2, 2018. *See* Cal. Gov. Code § 912.4(c).

## PARTIES

5. Plaintiff ESTATE OF ALEJANDRO SANCHEZ brings this action pursuant to Cal. Code Civ. Proc. § 377.30. Plaintiff BERTHA SANCHEZ brings this action on behalf of Plaintiff ESTATE OF ALEJANDRO SANCHEZ, as the successors-in-interest. Plaintiff BERTHA SANCHEZ's declaration regarding her status as ALEJANDRO SANCHEZ's successor-in-interest, pursuant to Cal. Code Civ. Proc. § 377.32, is attached hereto.

6. Plaintiff BERTHA SANCHEZ is a resident of the State of California, County of Stanislaus. Plaintiff BERTHA SANCHEZ brings this action (a) on behalf of Plaintiff ESTATE OF ALEJANDRO SANCHEZ, in her representative capacity as successor-in-interest; and (b) on behalf of herself, in her individual capacity. Prior to his death, ALEJANDRO SANCHEZ shared a close relationship and special bond with his mother, Plaintiff BERTHA SANCHEZ, and their relationship presupposed deep attachments, commitments, and distinctively personal aspects of their lives.

7. Defendant COUNTY OF STANISLAUS is a "public entity" within the definition of Cal. Gov. Code § 811.2.

8. Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT is a "public entity" within the definition of Cal. Gov. Code § 811.2.

9. Defendant ADAM CHRISTIANSON was, and at all times material herein, a law enforcement officer and the Sheriff of Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT, acting within the course and scope of that employment. Defendant ADAM CHRISTIANSON is sued in his individual capacity.

10. Defendant SHANE ROHN is, and at all times material herein was, a law enforcement officer employed by Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT, acting within the course and scope of that employment. Defendant SHANE ROHN is sued in his individual capacity.

11. Defendant BRETT BABBITT is, and at all times material herein was, a law enforcement officer employed by Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT, acting within the course and scope of that employment. Defendant BRETT BABBITT is sued in his individual capacity.

12. Defendant EUGENE DAY is, and at all times material herein was, a law enforcement officer employed by Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT, acting within the course and scope of that employment. Defendant EUGENE DAY is sued in his individual capacity.

13. Defendant JUSTIN CAMARA is, and at all times material herein was, a law enforcement officer employed by Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT, acting within the course and scope of that employment. Defendant JUSTIN CAMARA is sued in his individual capacity.

14. Defendant JOSEPH KNITTEL is, and at all times material herein was, a law enforcement officer employed by Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT, acting within the course and scope of that employment. Defendant JOSEPH KNITTEL is sued in his individual capacity.

15. Defendant ZEBEDEE POUST is, and at all times material herein was, a law enforcement officer employed by Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY

3

SHERIFF'S DEPARTMENT, acting within the course and scope of that employment. Defendant ZEBEDEE POUST is sued in his individual capacity.

16.     Defendant HECTOR LONGORIA is, and at all times material herein was, a law enforcement officer employed by Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT, acting within the course and scope of that employment. Defendant HECTOR LONGORIA is sued in his individual capacity.

17.     Defendants DOE 8 to 50 are and/or were agents or employees of Defendants COUNTY OF STANISLAUS and/or STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and acted within the scope of that agency or employment and under color of state law. The true and correct names of Defendants DOE 8 to 50 are not now known and, as a result, they are sued by their fictitious names and true and correct names will be substituted when ascertained.

## GENERAL ALLEGATIONS

18.     The following allegations contained in paragraphs 19 through 31 are made on information and belief.

19.     At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

### The Death of Alejandro Sanchez

20.     On May 5, 2018, ALEJANDRO SANCHEZ was in the parking lot of the Country Girl Truck Stop located at 1217 South 7th Street, Modesto, California.

21.     ALEJANDRO SANCHEZ was contacted by Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA, law enforcement officers employed by Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT.

22.     ALEJANDRO SANCHEZ's vehicle was ordered towed for alleged expired registration tags.

23.     Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA attempted to detain ALEJANDRO SANCHEZ.

4

24. ALEJANDRO SANCHEZ was not violating any criminal law.

25. There was a physical confrontation between ALEJANDRO SANCHEZ and Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA lasting several minutes.

26. Multiple of Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and/or HECTOR LONGORIA took ALEJANDRO SANCHEZ to the ground and climbed on top of ALEJANDRO SANCHEZ.

27. Multiple of Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and/or HECTOR LONGORIA applied handcuffs to ALEJANDRO SANCHEZ's hands and arms.

28. ALEJANDRO SANCHEZ yelled out in pain and pled and begged Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and/or HECTOR LONGORIA not to injure him during the confrontation.

29. Multiple of Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and/or HECTOR LONGORIA applied a "WRAP" restraint device to ALEJANDRO SANCHEZ's body.

30. Defendants SHANE ROHN and BRETT BABBITT transported ALEJANDRO SANCHEZ to Doctors Medical Center.

31. ALEJANDRO SANCHEZ was dead before he arrived at the hospital, due to injuries caused by Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA.

32. An autopsy of ALEJANDRO SANCHEZ's body found: (1) traumatic subarachnoid hemorrhage; (2) cerebral edema (3) diffuse intercostal muscle hemorrhage of the left cavity; (4) hemoperitoneum; (5) focal superficial laceration of the liver; (6) hypertrophy of the right and left ventricular myocardium; and (7) arteriosclerotic coronary artery disease, slight.

33. ALEJANDRO SANCHEZ's "cause of death" was identified as "traumatic subarachnoid hemorrhage," and the coroner opined that the fatal injury was caused when ALEJANDRO SANCHEZ's "head struck the ground."

## The Citizen Complaint

34.     Cal. Pen. Code § 832.5(a)(1) represents a statutory mandate imposing a non-discretionary duty that "[e]ach department or agency in this state that employs peace officers shall establish a procedure to investigate complaints by members of the public against the personnel of these departments or agencies, and shall make a written description of the procedure available to the public." A public entity has a ministerial duty to comply with its own rules and regulations concerning the duty to investigate complaints by members of the public.

35.     Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT has established a procedure to investigate complaints by members of the public against its personnel: Policy 1020, "Personnel Complaints." That policy states, in relevant part:

> 1020.6.3 COMPLETION OF INVESTIGATIONS
> Every investigator or supervisor assigned to investigate a personnel complaint or other alleged misconduct shall proceed with due diligence in an effort to complete the investigation within one year from the date of discovery by an individual authorized to initiate an investigation (Government Code § 3304).
>
> In the event that an investigation cannot be completed within one year of discovery, the assigned investigator or supervisor shall ensure that an extension or delay is warranted within the exceptions set forth in Government Code § 3304(d) or Government Code § 3508.1.
>
> Administration/Internal Affairs shall ensure that within 30 days of the final disposition of the complaint, the complainant is provided written notification of the disposition (Penal Code § 832.7(e)).

36.     Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT's "Citizen Complaint Procedures," identified on the "Stanislaus County Sheriff's Department Citizen's Complaint Form," states, in relevant part:

> The Stanislaus County Sheriff's Department realizes it must be responsive to input from the citizens in the community. All members of the Sheriff's Department encourage citizens to report what they believe to be any acts of misconduct. The complaint must be made in good faith, and the Sheriff's Department pledges to respond swiftly, thoroughly, and fairly to bona fide reports of alleged misconduct.

37.     On December 4, 2018, Plaintiff ESTATE OF ALEJANDRO SANCHEZ and ALEJANDRO SANCHEZ's family members, through their attorney, submitted a citizen complaint to

6

Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT concerning ALEJANDRO SANCHEZ's death, pursuant to Cal. Pen. Code § 832.5(a)(1) and Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT's personnel complaint procedure. Therein: (1) an investigation was requested concerning ALEJANDRO SANCHEZ's death at the hands of Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT's personnel; and (2) a copy of the written description of the procedure governing the investigation of the citizen complaint was requested. The citizen complaint stated as "Address Where Notices To Be Sent" was the address of Plaintiff ESTATE OF ALEJANDRO SANCHEZ and ALEJANDRO SANCHEZ's family members' attorney.

38. Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT failed to acknowledge the receipt of the citizen complaint, or to provide a copy of the written description of the procedure governing the investigation of the citizen complaint.

39. On January 6, 2020, Plaintiff ESTATE OF ALEJANDRO SANCHEZ and ALEJANDRO SANCHEZ's family members, through their attorney, sent a correspondence to Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT and its Sheriff, Jeff Dirkse, requesting an update on the status of the investigation. The correspondence stated, in relevant part:

> We have received no updates on the status of the investigation, or even an acknowledgement of receipt of the citizen complaint itself. No investigation has been completed within one year from the date of discovery by an individual authorized to initiate an investigation, where Mr. Sanchez was killed on May 5, 2018, and the instant associated citizen complaint was submitted to [the Stanislaus County Sheriff's Department] on December 4, 2018. [¶] Accordingly, we are requesting an update on the status of the investigation of this citizen complaint, as soon as possible.

40. On January 8, 2020, Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT, through its attorney, sent an email to Plaintiff ESTATE OF ALEJANDRO SANCHEZ and ALEJANDRO SANCHEZ's family members' attorney. Therein, Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT's attorney falsely accused decedent's attorneys of impropriety, based on the pendency of the instant action, including: (1) "communicati[ng] with a represented party in violation of the California Rules of Professional Conduct"; (2) "attempt[ing] to gain information about the litigation"; and (3) "attempt[ing] [to gain] discovery." Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT's attorney concluded: "The Sheriff will not be responding to your letter or email, and

any discovery requests related to the litigation should be directed to this office. Please direct all further communications about this matter to this office, and refrain from all further contact with the Sheriff related to this litigation."

41.     Plaintiff ESTATE OF ALEJANDRO SANCHEZ and ALEJANDRO SANCHEZ's family members' December 4, 2018, citizen complaint against Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT's personnel, pursuant to Cal. Pen. Code § 832.5(a)(1), is unrelated to the instant litigation, except for the fact that both involve ALEJANDRO SANCHEZ's death.

42.     To date, Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT has failed to comply with Cal. Pen. Code § 832.5(a)(1)'s statutory mandate imposing non-discretionary duties, as well as Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT's own rules and regulations concerning the duty to investigate complaints by members of the public, in connection with the Plaintiff ESTATE OF ALEJANDRO SANCHEZ and ALEJANDRO SANCHEZ's family members' citizen complaint concerning ALEJANDRO SANCHEZ's death.

## MUNICIPAL & SUPERVISORY LIABILITY ALLEGATIONS

43.     Defendant ADAM CHRISTIANSON, acting as Sheriff, was a final policy-making authority for Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT as it relates to the training, supervision, and discipline of law enforcement officers acting under his command. *See* Cal. Const. art. XI, § 1(b). Defendant ADAM CHRISTIANSON has served as Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT's Sheriff since July 2006.

44.     Defendants DOE 26 to 50 are/were policy-making authorities, based on a delegation of authority, for Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT as it relates to the training, supervision, and discipline of law enforcement officers acting under their command.

45.     Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, and DOE 26 to 50, acting under color of state law and as policy-making authorities, knew or should have known that subordinate law enforcement officers under their command, including Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN

8

CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, HECTOR LONGORIA, and DOE 8 to 25, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted.

46. Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, and DOE 26 to 50 were or should have been on notice of these policies, customs, or practices, or the inadequacy of the policies, customs, or practices, through multiple sources, including multiple past instances of use of excessive and unreasonable force by law enforcement officers under their command:

i) Multiple jury verdicts and/or judgments against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, and/or their subordinates. *See Pereira v. County of Stanislaus*, Stanislaus Cnty. Super. Ct. Case No. 631070 ($63,750 jury verdict against county and its deputies where arrestee's feet were severely burned by hot asphalt because the deputies refused to let the arrestee put on shoes during arrest); "Taxpayers on hook for nearly $10 million in lawsuits filed since Christianson elected" <http://www.modbee.com/news/politics-government/election/article3154321.html> (September 2013 news article reporting that, of "41 cases … lodged against the department since Christianson took office in July 2006 . . . the county … lost three trials").

ii) Multiple settlements paid by or on behalf of Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and/or ADAM CHRISTIANSON to settle litigation. *See Prescott v. County of Stanislaus*, E.D. Cal. Case No. 1:10-cv-00592-OWW-GSA ($565,000 settlement paid to resolve a lawsuit where Stanislaus County Sheriff's deputies were alleged to have used tasers and pepper spray against a mentally-ill detainee causing his death); *Wells v. County of Stanislaus*, E.D. Cal. Case No. 1:08-cv-01146-OWW-GSA ($200,000 settlement paid to resolve a lawsuit where Stanislaus County Sheriff's deputies were alleged to have used tasers against a

9

person suffering from a post-epileptic seizure causing his death); *Smith v. Spencer*, E.D. Cal. Case No. 1:07-cv-00860-OWW-GSA ($160,000 settlement paid to resolve a lawsuit where Stanislaus County Sheriff's deputies were alleged to have falsely arrested and utilized excessive force against two persons); "Taxpayers on hook for nearly $10 million in lawsuits filed since Christianson elected" <http://www.modbee.com/news/politics-government/election/article3154321.html> (September 2013 news article reporting that "[l]awsuits against the Stanislaus County Sheriff's Department have cost taxpayers $9.4 million during Sheriff Adam Christianson's tenure" and, of "41 cases … lodged against the department since Christianson took office in July 2006[,] . . . [h]alf of those who sued, or 16, ended up with money" with "[t]he average payout: $369,403," or "$472,443" when "[c]ombined with fees paid to outside attorneys defending the county").

iii)  Prior incidents, complaints, and/or pending litigation against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and/or ADAM CHRISTIANSON. *See Estate of Osuna v. County of Stanislaus*, E.D. Cal. Case No. 1:18-cv-01240-DAD-SAB (alleging that a policy or custom employed by the County and its sheriff contributed to two deputies' unreasonable uses of force in shooting a man to death); "Stanislaus Sheriff's Deputy On Leave after Video of Violent Arrest Surfaces" <http://fox40.com/2017/11/17/stanislaus-sheriffs-deputy-on-leave-after-video-of-violent-arrest-surfaces/> (video-recording of Stanislaus County Sheriff's deputy Taylor Knight brutally assaulting a homeless man, while several fellow officers fail to intervene and participate in the assault by holding the victim down); *Osegueda v. Stanislaus County Public Safety Center*, E.D. Cal. Case No. 1:16-cv-1218-LJO-BAM (alleging that a policy or custom employed by the County and its sheriff caused persons to be subject to excessive force, among other injuries); "Taxpayers on hook for nearly $10 million in lawsuits filed since Christianson elected" <http://www.modbee.com/news/politics-government/election/article3154321.html> (September 2013 news article reporting that "Lawsuits against the Stanislaus County Sheriff's Department have cost taxpayers $9.4 million during Sheriff Adam Christianson's tenure" and "41 cases have been lodged

10

against the department since Christianson took office in July 2006").

47.     On information and belief, Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, and DOE 26 to 50 were aware the of the multiple jury verdicts and/or judgments, settlements, and prior incidents and complaints described above. Yet, despite knowledge of these numerous incidents and systematic problems with unreasonable uses of force by their subordinates, on information and belief, Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, and DOE 26 to 50 perpetrated the problem by knowingly turning a blind eye to the abuses, acquiescing to and implicitly condoning the misconduct by perpetuating a culture of impunity for their subordinates' use of unconstitutionally excessive force.

48.     On information and belief, Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, and DOE 26 to 50 insufficient training, supervision, or control of their subordinates, including Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA, contributed to the improper and unreasonable resort to and application of the "WRAP" restraint system on ALEJANDRO SANCHEZ, resulting in his death.

49.     On information and belief, Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, and DOE 26 to 50 refused, and continue to refuse, to independently investigate the death of ALEJANDRO SANCHEZ to determine if their subordinates engaged in misconduct, despite submission and receipt of a Cal. Pen. Code § 832.5 citizen's complaint requiring such an investigation. The alleged basis for the refusal is that the Stanislaus County District Attorney's Office has not made a finding of criminal liability associated with the incident, and the District Attorney's Office has provided no timeframe for when that review and decision will issue. This lengthy delay in reviewing the conduct of Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA undermines the accountability and deterrent effects that any post-incident investigation might have because it establishes that Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, and DOE 26 to 50's

11

subordinates have no reason to fear punishment and can "get away with anything."

50.    Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, and DOE 26 to 50 were or should have been on notice regarding the need to discontinue, modify, and/or implement new and different versions of policies or customs because the inadequacies were so obvious and likely to result in the violation of persons' rights.

51.    On information and belief, additional evidence and information related to Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, and DOE 26 to 50's policies or customs will be sought and obtained during the course of this litigation. On information and belief, although access to the existence or absence of internal policies or customs prior to discovery is necessarily limited, Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, and DOE 26 to 50 have access to and/or knowledge of past and subsequent events and to statements of internal policies or customs at issue and, in some respects, may be in sole possession of evidence and facts needed to support or refute these claims.

## FIRST CLAIM

### Unreasonable Force

### (U.S. Const., Amend. IV; 42 U.S.C. § 1983)

52.    This Claim is asserted by Plaintiff ESTATE OF ALEJANDRO SANCHEZ (pursuant to Cal. Code Civ. Proc. § 377.30) against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, HECTOR LONGORIA, and DOE 8 to 50.

53.    Plaintiff ESTATE OF ALEJANDRO SANCHEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 51, to the extent relevant, as if fully set forth in this Claim.

54.    Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA, acting or purporting to act in the performance of their official duties as law enforcement officers, used excessive and unreasonable force against ALEJANDRO SANCHEZ, or failed to intercede and/or were integral participants to the use of

12

excessive and unreasonable force against ALEJANDRO SANCHEZ, in violation of his rights secured by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

55. Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, and DOE 26 to 50, acting under color of state law and as policy-making authorities, knew or should have known that law enforcement officers under their command, including Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted, resulting in the violation of ALEJANDRO SANCHEZ's rights secured by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

56. Defendants ADAM CHRISTIANSON, SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, HECTOR LONGORIA, and DOE 8 to 50's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to ALEJANDRO SANCHEZ's rights, or were wantonly or oppressively done.

57. As a direct and proximate result of Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA, and DOE 8 to 50's actions and inactions, Plaintiff ESTATE OF ALEJANDRO SANCHEZ suffered injuries entitling it to receive compensatory damages against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, HECTOR LONGORIA, and DOE 8 to 50; and punitive damages against Defendants ADAM CHRISTIANSON, SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, HECTOR LONGORIA, and DOE 8 to 50.

WHEREFORE, Plaintiff ESTATE OF ALEJANDRO SANCHEZ prays for relief as hereunder appears.

\ \ \

13

## SECOND CLAIM

## Right of Familial Association, Companionship, and Society

## (U.S. Const., Amend. XIV; 42 U.S.C. § 1983)

58. This Claim is asserted by Plaintiff BERTHA SANCHEZ against Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA.

59. Plaintiff BERTHA SANCHEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 33, to the extent relevant, as if fully set forth in this Claim.

60. Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA, acting or purporting to act in the performance of their official duties as law enforcement officers, used excessive and unreasonable force against ALEJANDRO SANCHEZ, or failed to intercede and/or were integral participants to the use of excessive and unreasonable force against ALEJANDRO SANCHEZ, in violation of his rights secured by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution, thereby depriving and interfering with Plaintiff BERTHA SANCHEZ's constitutionally-protected right of familial association, companionship, and society with her son, in violation of her Fourteenth Amendment rights protected by the U.S. Constitution.

61. Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiff BERTHA SANCHEZ's rights, or were wantonly or oppressively done.

62. As a direct and proximate result of Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA's actions and inactions, Plaintiff BERTHA SANCHEZ suffered injuries entitling her to receive compensatory and punitive damages against Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA.

WHEREFORE, Plaintiff BERTHA SANCHEZ prays for relief as hereunder appears.

14

## **THIRD CLAIM**

### **Right of Association, Companionship, and Society**

### **(U.S. Const., Amend. I; 42 U.S.C. § 1983)**

63.     This Claim is asserted by Plaintiff BERTHA SANCHEZ against Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA.

64.     Plaintiff BERTHA SANCHEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 33, to the extent relevant, as if fully set forth in this Claim.

65.     Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA, acting or purporting to act in the performance of their official duties as law enforcement officers, used excessive and unreasonable force against ALEJANDRO SANCHEZ, or failed to intercede and/or were integral participants to the use of excessive and unreasonable force against ALEJANDRO SANCHEZ, in violation of his rights secured by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution, thereby depriving and interfering with Plaintiff BERTHA SANCHEZ's constitutionally-protected right of association, companionship, and society with her son, in violation of her rights secured by the First Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

66.     Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiff BERTHA SANCHEZ's rights, or were wantonly or oppressively done.

67.     As a direct and proximate result of Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA's actions and inactions, Plaintiff BERTHA SANCHEZ suffered injuries entitling her to receive compensatory and punitive damages against Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA.

WHEREFORE, Plaintiff BERTHA SANCHEZ prays for relief as hereunder appears.

**<u>FOURTH CLAIM</u>**

**Procedural Due Process**

**(U.S. Const., Amend. XIV; 42 U.S.C. § 1983)**

68.     This Claim is asserted by Plaintiff ESTATE OF ALEJANDRO SANCHEZ (pursuant to Cal. Code Civ. Proc. § 377.30) against Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT.

69.     Plaintiff ESTATE OF ALEJANDRO SANCHEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 51, to the extent relevant, as if fully set forth in this Claim.

70.     Plaintiff ESTATE OF ALEJANDRO SANCHEZ possesses liberty and property interests created by the substantive predicates governing official decision-making and the statutorily mandated non-discretionary duties created by Cal. Pen. Code § 832.5(a)(1), which imposes the following requirements on Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT: (1) an obligation "to investigate complaints by members of the public against [peace officer] personnel"; and (2) an obligation to make "available to the public" the "written description of the procedure" to investigate complaints by members of the public against peace officer personnel.

71.     On information and belief, Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT, including its agents and employees, maintain policies or customs of deliberate non-compliance with the statutorily mandated non-discretionary duties created by Cal. Pen. Code § 832.5(a)(1), and those deprivations are ongoing and continuous, in violation of Plaintiff ESTATE OF ALEJANDRO SANCHEZ's rights protected by the Fourteenth Amendment of the U.S. Constitution. Alternatively, on information and belief, Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT, including its agents and employees, maintain inadequate policies or customs, including inadequate training and supervision, requiring implementation of procedural safeguards to prevent highly predictable or patently obvious constitutional violations in the form of compliance with the statutorily mandated non-discretionary duties created by Cal. Pen. Code § 832.5(a)(1), and those deprivations are ongoing and continuous, in violation of Plaintiff ESTATE OF ALEJANDRO SANCHEZ's rights protected by the Fourteenth Amendment of the U.S. Constitution.

72.     As a direct and proximate result of Defendant STANISLAUS COUNTY SHERIFF'S

16

DEPARTMENT's actions and inactions, Plaintiff ESTATE OF ALEJANDRO SANCHEZ suffered injuries entitling it to receive compensatory damages and declaratory and injunctive relief against Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT.

WHEREFORE, Plaintiff ESTATE OF ALEJANDRO SANCHEZ prays for relief as hereunder appears.

## FIFTH CLAIM

### Unreasonable Force

### (Cal. Const., Art. I, § 13)

73.     This Claim is asserted by Plaintiff ESTATE OF ALEJANDRO SANCHEZ (pursuant to Cal. Code Civ. Proc. § 377.30) against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, HECTOR LONGORIA, and DOE 8 to 50.

74.     Plaintiff ESTATE OF ALEJANDRO SANCHEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 51, to the extent relevant, as if fully set forth in this Claim.

75.     Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA, acting or purporting to act in the performance of their official duties as law enforcement officers, used excessive and unreasonable force against ALEJANDRO SANCHEZ, or aided and abetted the use of excessive and unreasonable force against ALEJANDRO SANCHEZ, in violation of his rights secured by Article I, Section 13 of the California Constitution.

76.     Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, and DOE 26 to 50, acting under color of state law and as policy-making authorities, knew or should have known that law enforcement officers under their command, including Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons

17

1  contacted, resulting in the violation of ALEJANDRO SANCHEZ's rights secured by Article I, Section
2  13 of the California Constitution.

3      77.     Pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), Defendants COUNTY OF
4  STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT are indirectly and
5  vicariously liable for injuries proximately caused by acts or omissions of their employees acting within
6  the scope of their employment, including Defendants ADAM CHRISTIANSON, SHANE ROHN,
7  BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST,
8  HECTOR LONGORIA, and DOE 8 to 50.

9      78.     Defendants ADAM CHRISTIANSON, SHANE ROHN, BRETT BABBITT, EUGENE
10 DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, HECTOR LONGORIA, and DOE
11 8 to 50's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to
12 ALEJANDRO SANCHEZ.

13     79.     As a direct and proximate result of Defendants COUNTY OF STANISLAUS,
14 STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, SHANE ROHN,
15 BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST,
16 HECTOR LONGORIA, and DOE 8 to 50's actions and inactions, Plaintiff ESTATE OF ALEJANDRO
17 SANCHEZ suffered injuries entitling it to receive compensatory damages against Defendants COUNTY
18 OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON,
19 SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL,
20 ZEBEDEE POUST, HECTOR LONGORIA, and DOE 8 to 50; and punitive damages against Defendants
21 ADAM CHRISTIANSON, SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA,
22 JOSEPH KNITTEL, ZEBEDEE POUST, HECTOR LONGORIA, and DOE 8 to 50.

23     WHEREFORE, Plaintiff ESTATE OF ALEJANDRO SANCHEZ prays for relief as hereunder
24 appears.
25 \ \ \
26 \ \ \
27 \ \ \
28 \ \ \

18

# SIXTH CLAIM

## Procedural Due Process

### (Cal. Const., Art. I, § 7(a))

80.     This Claim is asserted by Plaintiff ESTATE OF ALEJANDRO SANCHEZ (pursuant to Cal. Code Civ. Proc. § 377.30) against Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT.

81.     Plaintiff ESTATE OF ALEJANDRO SANCHEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 51, to the extent relevant, as if fully set forth in this Claim.

82.     Plaintiff ESTATE OF ALEJANDRO SANCHEZ possesses liberty and property interests created by the substantive predicates governing official decision-making and the statutorily mandated non-discretionary duties created by Cal. Pen. Code § 832.5(a)(1), which imposes the following requirements on Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT: (1) an obligation "to investigate complaints by members of the public against [peace officer] personnel"; and (2) an obligation to make "available to the public" the "written description of the procedure" to investigate complaints by members of the public against peace officer personnel.

83.     On information and belief, Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT, including its agents and employees, maintain policies or customs of deliberate non-compliance with the statutorily mandated non-discretionary duties created by Cal. Pen. Code § 832.5(a)(1), and those deprivations are ongoing and continuous, in violation of Plaintiff ESTATE OF ALEJANDRO SANCHEZ's rights protected by Article I, Section 7(a) of the California Constitution. Alternatively, on information and belief, Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT, including its agents and employees, maintain inadequate policies or customs, including inadequate training and supervision, requiring implementation of procedural safeguards to prevent highly predictable or patently obvious constitutional violations in the form of compliance with the statutorily mandated non-discretionary duties created by Cal. Pen. Code § 832.5(a)(1), and those deprivations are ongoing and continuous, in violation of Plaintiff ESTATE OF ALEJANDRO SANCHEZ's rights protected by Article I, Section 7(a) of the California Constitution.

84.     As a direct and proximate result of Defendant STANISLAUS COUNTY SHERIFF'S

DEPARTMENT's actions and inactions, Plaintiff ESTATE OF ALEJANDRO SANCHEZ suffered injuries entitling it to receive compensatory damages and declaratory and injunctive relief against Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT.

WHEREFORE, Plaintiff ESTATE OF ALEJANDRO SANCHEZ prays for relief as hereunder appears.

## SEVENTH CLAIM

### Failure to Discharge Mandatory Duty

### (Cal. Gov. Code § 815.6)

85. The Seventh Claim is asserted by Plaintiff ESTATE OF ALEJANDRO SANCHEZ (pursuant to Cal. Code Civ. Proc. § 377.30) against Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT.

86. Plaintiff ESTATE OF ALEJANDRO SANCHEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 51, to the extent relevant, as if fully set forth in this Claim.

87. Plaintiff ESTATE OF ALEJANDRO SANCHEZ submitted a citizen complaint and, in response, Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT failed, on an ongoing and continuous basis, to discharge the statutorily mandated non-discretionary duties created by Cal. Pen. Code § 832.5(a)(1), which imposes the following requirements: (1) an obligation "to investigate complaints by members of the public against [peace officer] personnel"; and (2) an obligation to make "available to the public" the "written description of the procedure" to investigate complaints by members of the public against peace officer personnel.

88. As a direct and proximate result of Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT's actions and inactions, Plaintiff ESTATE OF ALEJANDRO SANCHEZ suffered injuries entitling him to receive declaratory and injunctive relief.

WHEREFORE, Plaintiff ESTATE OF ALEJANDRO SANCHEZ prays for relief as hereunder appears.

\ \ \

\ \ \

\ \ \

**EIGHTH CLAIM**

**Bane Act**

**(Cal. Civ. Code § 52.1)**

Unreasonable Force

89.     This Bane Act Claim (for "Unreasonable Force") is asserted by Plaintiffs ESTATE OF ALEJANDRO SANCHEZ (pursuant to Cal. Code Civ. Proc. § 377.30) against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, HECTOR LONGORIA, and DOE 8 to 50.

90.     Plaintiff ESTATE OF ALEJANDRO SANCHEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 51, to the extent relevant, as if fully set forth in this Claim.

91.     Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA, acting or purporting to act in the performance of their official duties as law enforcement officers, intentionally and/or with reckless or deliberate indifference, used excessive and unreasonable force against ALEJANDRO SANCHEZ, or failed to intercede in, were integral participants to, and/or aided and abetted the use of excessive and unreasonable force against ALEJANDRO SANCHEZ, in violation of his rights secured by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and Article I, Section 13 of the California Constitution.

92.     Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, and DOE 26 to 50, acting under color of state law and as policy-making authorities, knew or should have known that law enforcement officers under their command, including Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted, resulting in the violation of ALEJANDRO SANCHEZ's rights secured by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and Article I,

21

Section 13 of the California Constitution.

93. Pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT are indirectly and vicariously liable for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants ADAM CHRISTIANSON, SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, HECTOR LONGORIA, and DOE 8 to 50.

94. Defendants ADAM CHRISTIANSON, SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, HECTOR LONGORIA, and DOE 8 to 50's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to ALEJANDRO SANCHEZ.

95. As a direct and proximate result of Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, HECTOR LONGORIA, and DOE 8 to 50's actions and inactions, Plaintiff ESTATE OF ALEJANDRO SANCHEZ suffered injuries entitling it to receive compensatory damages and statutory penalties against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, HECTOR LONGORIA, and DOE 8 to 50; and punitive damages against Defendants ADAM CHRISTIANSON, SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, HECTOR LONGORIA, and DOE 8 to 50.

<u>Right of Familial Association, Companionship, and Society</u>

96. This Bane Act Claim (for "Right of Familial Association, Companionship, and Society") is asserted by Plaintiff BERTHA SANCHEZ against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA.

97. Plaintiff BERTHA SANCHEZ realleges and incorporates the allegations of the preceding

22

paragraphs 1 to 33, to the extent relevant, as if fully set forth in this Claim.

98.     Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA, acting or purporting to act in the performance of their official duties as law enforcement officers, used excessive and unreasonable force against ALEJANDRO SANCHEZ, or failed to intercede in, were integral participants to, and/or aided and abetted the use of excessive and unreasonable force against ALEJANDRO SANCHEZ, in violation of his rights secured by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and Article I, Section 13 of the California Constitution, thereby depriving and interfering with Plaintiff BERTHA SANCHEZ's constitutionally-protected right of familial association, companionship, and society with her son, with reckless or deliberate indifference, in violation of her rights secured by the Fourteenth Amendment of the U.S. Constitution and Article I, Section 7(a) of the California Constitution.

99.     Pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT are indirectly and vicariously liable for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA.

100.     Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff BERTHA SANCHEZ.

101.     As a direct and proximate result of Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA's actions and inactions, Plaintiff BERTHA SANCHEZ suffered injuries entitling her to receive compensatory and statutory penalties against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA; and punitive damages against Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA.

23

Procedural Due Process

102.    This Bane Act Claim (for "Procedural Due Process") is asserted by Plaintiff ESTATE OF ALEJANDRO SANCHEZ against Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT.

103.    Plaintiff ESTATE OF ALEJANDRO SANCHEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 51, to the extent relevant, as if fully set forth in this Claim.

104.    Plaintiff ESTATE OF ALEJANDRO SANCHEZ possesses liberty and property interests created by the substantive predicates governing official decision-making and the statutorily mandated non-discretionary duties created by Cal. Pen. Code § 832.5(a)(1), which imposes the following requirements on Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT: (1) an obligation "to investigate complaints by members of the public against [peace officer] personnel"; and (2) an obligation to make "available to the public" the "written description of the procedure" to investigate complaints by members of the public against peace officer personnel.

105.    Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT, acting under color of state law, intentionally or with reckless and deliberate indifference, interfered with Plaintiff ESTATE OF ALEJANDRO SANCHEZ's constitutional and statutory rights by denying protected interests conferred by Cal. Pen. Code § 832.5(a)(1), in violation of his rights secured by the Fourteenth Amendment to the U.S. Constitution, Article I, Section 7(a) of the California Constitution, and Cal. Gov. Code § 815.6.

106.    As a direct and proximate result of Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT's actions and inactions, Plaintiff ESTATE OF ALEJANDRO SANCHEZ suffered injuries entitling it to receive declaratory and injunctive relief and statutory penalties.

WHEREFORE, Plaintiffs ESTATE OF ALEJANDRO SANCHEZ and BERTHA SANCHEZ pray for relief as hereunder appears.

## NINTH CLAIM

### Assault / Battery

107.    This Claim is asserted by Plaintiff ESTATE OF ALEJANDRO SANCHEZ (pursuant to Cal. Code Civ. Proc. § 377.30) against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA.

24

**SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Sanchez v. County of Stanislaus*, United States District Court, Eastern District of California, Case No. 1:18-cv-00977-DAD-BAM

108. Plaintiff ESTATE OF ALEJANDRO SANCHEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 33, to the extent relevant, as if fully set forth in this Claim.

109. Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA intentionally touched, or aided and abetted in the intentional touching of, ALEJANDRO SANCHEZ, without consent, and that touching constituted use of excessive and unreasonable force.

110. Pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT are indirectly and vicariously liable for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA.

111. Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to ALEJANDRO SANCHEZ.

112. As a direct and proximate result of Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA's actions and inactions, Plaintiff ESTATE OF ALEJANDRO SANCHEZ suffered injuries entitling it to receive compensatory damages against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA; and punitive damages against Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA.

WHEREFORE, Plaintiff ESTATE OF ALEJANDRO SANCHEZ prays for relief as hereunder appears.

## TENTH CLAIM

### Negligence

113. This Claim is asserted by Plaintiff ESTATE OF ALEJANDRO SANCHEZ (pursuant to Cal. Code Civ. Proc. § 377.30) against Defendants COUNTY OF STANISLAUS, STANISLAUS

25

COUNTY SHERIFF'S DEPARTMENT, SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA.

114. Plaintiff ESTATE OF ALEJANDRO SANCHEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 42, to the extent relevant, as if fully set forth in this Claim.

115. Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA owed ALEJANDRO SANCHEZ a duty of care and breached that duty by using, or aiding and abetting in the use of, excessive and unreasonable force against ALEJANDRO SANCHEZ, employing improper tactical conduct, and making improper decisions preceding the use of excessive and unreasonable force.

116. Pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT are indirectly and vicariously liable for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA.

117. Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to ALEJANDRO SANCHEZ.

118. As a direct and proximate result of Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA's actions and inactions, Plaintiff ESTATE OF ALEJANDRO SANCHEZ suffered injuries entitling it to receive compensatory damages against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA; and punitive damages against Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA.

WHEREFORE, Plaintiff ESTATE OF ALEJANDRO SANCHEZ prays for relief as hereunder appears.

\ \ \

# ELEVENTH CLAIM

## Wrongful Death

## (Cal. Code Civ. Proc. § 377.60)

119.  The Eighth Claim is asserted by Plaintiff BERTHA SANCHEZ against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA.

120.  Plaintiff BERTHA SANCHEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 42, to the extent relevant, as if fully set forth in this Claim.

121.  Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA owed Plaintiff BERTHA SANCHEZ a duty of care and breached that duty by using, or aiding and abetting in the use of, excessive and unreasonable force against ALEJANDRO SANCHEZ, employing improper tactical conduct, and making improper decisions preceding the use of excessive and unreasonable force.

122.  Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT owed Plaintiff BERTHA SANCHEZ a duty of care and breached that duty by hiring, retaining, and failing to adequately train and supervise Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA, who were incompetent or unfit, and where Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT knew or should have known that hiring, retaining, and failing to adequately train and supervise Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA created a particular risk or hazard that caused ALEJANDRO SANCHEZ's death.

123.  Pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT are indirectly and vicariously liable for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA.

1    124.    Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA,

2    JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA's actions and inactions constituted

3    oppression, fraud, and/or malice resulting in great harm to Plaintiff BERTHA SANCHEZ.

4    125.    As a direct and proximate result of Defendants COUNTY OF STANISLAUS,

5    STANISLAUS COUNTY SHERIFF'S DEPARTMENT, SHANE ROHN, BRETT BABBITT, EUGENE

6    DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA's

7    actions and inactions, Plaintiff BERTHA SANCHEZ suffered injuries entitling her to receive

8    compensatory damages against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY

9    SHERIFF'S DEPARTMENT, SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN

10    CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA; and punitive damages

11    against Defendants SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH

12    KNITTEL, ZEBEDEE POUST, and HECTOR LONGORIA.

13    WHEREFORE, Plaintiff BERTHA SANCHEZ prays for relief as hereunder appears.

14    **PRAYER FOR RELIEF**

15    WHEREFORE, Plaintiffs ESTATE OF ALEJANDRO SANCHEZ and BERTHA SANCHEZ

16    seek Judgment as follows:

17    1.    For an award of compensatory, general, and special damages against Defendants

18    COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM

19    CHRISTIANSON, SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH

20    KNITTEL, ZEBEDEE POUST, HECTOR LONGORIA, and DOE 8 to 50, according to proof at trial;

21    2.    For an award of exemplary/punitive damages against Defendants ADAM

22    CHRISTIANSON, SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH

23    KNITTEL, ZEBEDEE POUST, HECTOR LONGORIA, and DOE 8 to 50, in an amount sufficient to

24    deter and to make an example of them, because their actions and/or inactions, as alleged, were motivated

25    by evil motive or intent, involved reckless or callous indifference to constitutionally-protected rights, or

26    were wantonly or oppressively done, and/or constituted oppression and/or malice resulting in great harm;

27    3.    For a declaration of rights or duties with respect to Defendant STANISLAUS COUNTY

28    SHERIFF'S DEPARTMENT's failure to discharge the statutorily mandated non-discretionary duties

28

created by Cal. Pen. Code § 832.5(a)(1), which obligates it: (1) "to investigate complaints by members of the public against [peace officer] personnel"; and (2) to make "available to the public" the "written description of the procedure" to investigate complaints by members of the public against peace officer personnel.

4. For an injunction ordering Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT to comply with the statutorily mandated non-discretionary duties created by Cal. Pen. Code § 832.5(a)(1), including: (1) affirmatively to conduct an investigation of the allegations contained in Plaintiff ESTATE OF ALEJANDRO SANCHEZ's citizen complaint; (2) affirmatively to make "available to the public" the "written description of the procedure" through which Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT's conduct investigations of complaints by members of the public against peace officer personnel; and (3) prohibiting future instances or attempts at non-compliance with Cal. Pen. Code § 832.5(a)(1);

5. For an award of actual damages, treble damages, punitive damages, civil penalties, and any other available relief, pursuant to Cal. Civ. Code §§ 52, 52.1, and any other statute as may be applicable;

6. For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, Cal. Civ. Code § 52.1, Cal. Code Civ. Proc. § 1021.5, and any other statute as may be applicable; and

7. For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: June 16, 2020

Respectfully Submitted,

By: _____

Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:      (916) 443-6911
Facsimile:       (916) 447-8336

Attorneys for Plaintiffs
ESTATE OF ALEJANDRO SANCHEZ
and BERTHA SANCHEZ

29

## JURY TRIAL DEMAND

A JURY TRIAL IS DEMANDED on behalf of Plaintiffs ESTATE OF ALEJANDRO SANCHEZ and BERTHA SANCHEZ.

Dated: June 16, 2020

Respectfully Submitted,

By: _____
    Mark E. Merin
    Paul H. Masuhara
    LAW OFFICE OF MARK E. MERIN
    1010 F Street, Suite 300
    Sacramento, California 95814
    Telephone:      (916) 443-6911
    Facsimile:      (916) 447-8336

    Attorneys for Plaintiffs
    ESTATE OF ALEJANDRO SANCHEZ
    and BERTHA SANCHEZ