**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN213301
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, HECTOR LONGORIA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ALEJANDRO SANCHEZ, and BERTHA SANCHEZ, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, HECTOR LONGORIA, and DOE 8 to 50, <br><br> Defendants. | CASE NO. 1:18-CV-00977-DAD-BAM <br><br> **DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** <br><br> Complaint Filed: 07/20/18 <br> FAC Filed 05/09/19 <br> SAC Filed 6/16/20 |

Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTIANSON, SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, HECTOR LONGORIA hereby submit the following in Answer to Plaintiffs' Second Amended Complaint.

///
///

## INTRODUCTION

Answering the unnumbered section entitled "Introduction," these answering Defendants generally and specifically deny the allegations contained in said paragraph/section.

## JURISDICTION & VENUE

1. Answering paragraphs 1, 2 and 3, these answering Defendants contend said paragraphs contain conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in these paragraphs, and basing their denial on this ground, generally and specifically deny all allegations contained in these paragraphs.

## EXHAUSTION

2. Answering paragraph 4, these answering Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in this paragraph, and basing their denial on this ground, generally and specifically deny all allegations contained in this paragraph.

## PARTIES

3. Answering paragraphs 5 and 6, these answering Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in these paragraphs, and basing their denial on this ground, generally and specifically deny all allegations contained in these paragraphs.

4. Answering paragraph 7, these answering Defendants admit the County of Stanislaus is a public entity. Answering the remaining allegations in said paragraph, these answering Defendants lack sufficient information or knowledge to enable them to answer the remaining allegations in this paragraph, and basing their denial on this ground, generally and specifically deny all remaining allegations contained in this paragraph.

5. Answering paragraph 8, these answering Defendants generally and specifically deny all allegations contained in this paragraph.

6. Answering paragraph 9, these answering Defendants admit Adam Christianson was the Sheriff of the Stanislaus County Sheriff's Department. Answering the remaining allegations in said paragraph, these answering Defendants contend said remaining allegations contain

conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, lack sufficient information or knowledge to enable them to answer the remaining allegations in this paragraph, and basing their denial on this ground, generally and specifically deny all remaining allegations contained in this paragraph.

7. Answering paragraph 10, these answering Defendants admit Defendant ROHN was employed with the County. Answering the remaining allegations in said paragraph, these answering Defendants contend said remaining allegations contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, lack sufficient information or knowledge to enable them to answer the remaining allegations in this paragraph, and basing their denial on this ground, generally and specifically deny all remaining allegations contained in this paragraph.

8. Answering paragraph 11, these answering Defendants admit Defendant BABBITT was employed with the County. Answering the remaining allegations in said paragraph, these answering Defendants contend said remaining allegations contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, lack sufficient information or knowledge to enable them to answer the remaining allegations in this paragraph, and basing their denial on this ground, generally and specifically deny all remaining allegations contained in this paragraph.

9. Answering paragraph 12, these answering Defendants admit Defendant DAY was employed with the County. Answering the remaining allegations in said paragraph, these answering Defendants contend said remaining allegations contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, lack sufficient information or knowledge to enable them to answer the remaining allegations in this paragraph, and basing their denial on this ground, generally and specifically deny all remaining allegations contained in this paragraph.

10. Answering paragraph 13, these answering Defendants admit Defendant CAMARA was employed with the County. Answering the remaining allegations in said paragraph, these answering Defendants contend said remaining allegations contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, lack

sufficient information or knowledge to enable them to answer the remaining allegations in this paragraph, and basing their denial on this ground, generally and specifically deny all remaining allegations contained in this paragraph.

11. Answering paragraph 14, these answering Defendants admit Defendant KNITTEL was employed with the County. Answering the remaining allegations in said paragraph, these answering Defendants contend said remaining allegations contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, lack sufficient information or knowledge to enable them to answer the remaining allegations in this paragraph, and basing their denial on this ground, generally and specifically deny all remaining allegations contained in this paragraph.

12. Answering paragraph 15, these answering Defendants admit Defendant POUST was employed with the County. Answering the remaining allegations in said paragraph, these answering Defendants contend said remaining allegations contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, lack sufficient information or knowledge to enable them to answer the remaining allegations in this paragraph, and basing their denial on this ground, generally and specifically deny all remaining allegations contained in this paragraph.

13. Answering paragraph 16, these answering Defendants admit Defendant LONGORIA was employed with the County. Answering the remaining allegations in said paragraph, these answering Defendants contend said remaining allegations contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, lack sufficient information or knowledge to enable them to answer the remaining allegations in this paragraph, and basing their denial on this ground, generally and specifically deny all remaining allegations contained in this paragraph.

14. Answering paragraph 17, these answering Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in this paragraph, and basing their denial on this ground, generally and specifically deny all allegations contained in this paragraph.

## GENERAL ALLEGATIONS

15. Answering paragraphs 18 and 19, these answering Defendants contend these paragraphs contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, these answering Defendants lack sufficient information or knowledge to enable them to answer the allegations in these paragraphs, and basing their denial on this ground, generally and specifically deny all allegations contained in these paragraphs.

16. Answering paragraph 20, these answering Defendants contend the allegations are unintelligible, and basing their denial on this ground, generally and specifically deny all allegations contained in this paragraph.

17. Answering paragraph 21, these answering Defendants admit Defendants ROHN, BABBITT, DAY, CAMARA, KNITTEL, POUST and LONGORIA are law enforcement officers employed with the County. Answering the remaining allegations in said paragraph, these answering Defendants, generally and specifically deny all remaining allegations contained in this paragraph.

18. Answering paragraphs 22, 23, 24, 25, 26, 27, 28, and 29, these answering Defendants generally and specifically deny all allegations contained in these paragraphs.

19. Answering paragraph 30, Defendants ROHN and BABBITT admit the allegations of this paragraph. The remaining answering Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in this paragraph, and basing their denial on this ground, generally and specifically deny all allegations contained in this paragraph.

20. Answering paragraph 31, these answering Defendants generally and specifically deny all allegations contained in this paragraph.

21. Answering paragraphs 32 and 33, these answering Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in these paragraphs, and basing their denial on this ground, generally and specifically deny all allegations contained in these paragraphs.

22. Answering paragraph 34, these answering Defendants contend this paragraph contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, these answering Defendants lack sufficient information or knowledge to

enable them to answer the allegations in this paragraph, and basing their denial on this ground, generally and specifically deny all allegations contained in this paragraph.

23. Answering paragraphs 35 and 36, these answering Defendants contend are incomplete statements of referenced documents which are themselves the best evidence of their respective contents, and/or lack sufficient information or knowledge to enable them to answer the allegations contained in these paragraphs, and basing their denial on this ground, generally and specifically deny all allegations contained in these paragraphs.

24. Answering paragraphs 37, 38, 39, and 40, these answering Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in these paragraphs, and basing their denial on this ground, generally and specifically deny all allegations contained in these paragraphs.

25. Answering paragraphs 41 and 42, these answering Defendants contend these paragraphs contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, these answering Defendants lack sufficient information or knowledge to enable them to answer the allegations in these paragraphs, and basing their denial on this ground, generally and specifically deny all allegations contained in these paragraphs.

## MUNICIPAL & SUPERVISORY LIABILITY ALLEGATIONS

26. Answering paragraphs 43, 44, and 45, these answering Defendants contend these paragraphs contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, these answering Defendants lack sufficient information or knowledge to enable them to answer the allegations in these paragraphs, and basing their denial on this ground, generally and specifically deny all allegations contained in these paragraphs.

27. Answering paragraph 46, including subparagraphs i-iii, these answering Defendants lack sufficient information or knowledge to enable them to answer the allegations in this paragraph and subparagraphs, and basing their denial on this ground, generally and specifically deny all allegations contained in this paragraph and/or subparagraphs.

28. Answering paragraphs 47, 48, 49, 50, and 51, these answering Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in these

paragraphs, and basing their denial on this ground, generally and specifically deny all allegations contained in these paragraphs.

## FIRST CLAIM FOR RELIEF
### Unreasonable Force
**(U.S. Const., Amend. IV; 42 U.S.C. § 1983)**

29. Answering paragraph 52, these answering Defendants contend this paragraph contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, these answering Defendants lack sufficient information or knowledge to enable them to answer the allegations in these paragraphs, and basing their denial on this ground, generally and specifically deny all allegations contained in this paragraph.

30. Answering paragraph 53, these answering Defendants incorporate by reference all responses to paragraphs 1 to 51, to the extent relevant, as if fully set forth herein.

31. Answering paragraphs 54, 55, 56, and 57, these answering Defendants generally and specifically deny all allegations contained in these paragraphs.

## SECOND CLAIM
### Right of Familial Association, Companionship and Society
**(U.S. Const., Amend. XIV; 42 U.S.C. § 1983)**

32. Answering paragraph 58, these answering Defendants contend this paragraph contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, these answering Defendants lack sufficient information or knowledge to enable them to answer the allegations in these paragraphs, and basing their denial on this ground, generally and specifically deny all allegations contained in this paragraph.

33. Answering paragraph 59, these answering Defendants incorporate by reference all responses to paragraphs 1 to 33, to the extent relevant, as if fully set forth herein.

34. Answering paragraphs 60, 61, and 62, these answering Defendants generally and specifically deny all allegations contained in these paragraphs.

///
///
///

## THIRD CLAIM
### Right of Association, Companionship, and Society
### (U.S. Const., Amend. I; 42 U.S.C. § 1983)

35. Answering paragraph 63, these answering Defendants contend this paragraph contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, these answering Defendants lack sufficient information or knowledge to enable them to answer the allegations in these paragraphs, and basing their denial on this ground, generally and specifically deny all allegations contained in this paragraph.

36. Answering paragraph 64, these answering Defendants incorporate by reference all responses to paragraphs 1 to 33, to the extent relevant, as if fully set forth herein.

37. Answering paragraphs 65, 66, and 67, these answering Defendants generally and specifically deny all allegations contained in these paragraphs.

## FOURTH CLAIM
### Procedural Due Process
### (U.S. Const., Amend., XIV, 42 U.S.C. . § 1983)

38. Answering paragraph 68, these answering Defendants contend this paragraph contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, these answering Defendants lack sufficient information or knowledge to enable them to answer the allegations in these paragraphs, and basing their denial on this ground, generally and specifically deny all allegations contained in this paragraph.

39. Answering paragraph 69, these answering Defendants incorporate by reference all responses to paragraphs 1 to 51, to the extent relevant, as if fully set forth herein.

40. Answering paragraph 70, these answering Defendants contend this paragraph contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, these answering Defendants lack sufficient information or knowledge to enable them to answer the allegations in this paragraph, and basing their denial on this ground, generally and specifically deny all allegations contained in this paragraph.

41. Answering paragraphs 71 and 72, these answering Defendants generally and specifically deny all allegations contained in these paragraphs.

## FIFTH CLAIM
### Unreasonable Force
(Cal. Const., Art. I, § 13)

42. Answering paragraph 73, these answering Defendants contend this paragraph contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, these answering Defendants lack sufficient information or knowledge to enable them to answer the allegations in these paragraphs, and basing their denial on this ground, generally and specifically deny all allegations contained in this paragraph.

43. Answering paragraph 74, these answering Defendants incorporate by reference all responses to paragraphs 1 to 51, to the extent relevant, as if fully set forth herein.

44. Answering paragraphs 75, 76, 77, 78, and 79, these answering Defendants generally and specifically deny all allegations contained in these paragraphs.

## SIXTH CLAIM
### Procedural Due Process
(Cal. Const., Art. I, § 7)

45. Answering paragraph 80, these answering Defendants contend this paragraph contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, these answering Defendants lack sufficient information or knowledge to enable them to answer the allegations in these paragraphs, and basing their denial on this ground, generally and specifically deny all allegations contained in this paragraph.

46. Answering paragraph 81, these answering Defendants incorporate by reference all responses to paragraphs 1 to 51, to the extent relevant, as if fully set forth herein.

47. Answering paragraph 82, these answering Defendants contend this paragraph contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, these answering Defendants lack sufficient information or knowledge to enable them to answer the allegations in this paragraph, and basing their denial on this ground, generally and specifically deny all allegations contained in this paragraph

48. Answering paragraphs 83 and 84, these answering Defendants generally and specifically deny all allegations contained in these paragraphs.

## SEVENTH CLAIM
### Failure to Discharge Mandatory Duty
### (Cal. Gov. Code 815.6)

49. Answering paragraph 85, these answering Defendants contend this paragraph contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, these answering Defendants lack sufficient information or knowledge to enable them to answer the allegations in these paragraphs, and basing their denial on this ground, generally and specifically deny all allegations contained in this paragraph.

50. Answering paragraph 86, these answering Defendants incorporate by reference all responses to paragraphs 1 to 51, to the extent relevant, as if fully set forth herein.

51. Answering paragraph 87, these answering Defendants contend this paragraph contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, these answering Defendants lack sufficient information or knowledge to enable them to answer the allegations in this paragraph, and basing their denial on this ground, generally and specifically deny all allegations contained in this paragraph

52. Answering paragraph 88, these answering Defendants generally and specifically deny all allegations contained in this paragraph.

## EIGHTH CLAIM
### Bane Act
### (Cal. Civ. Code 52.1)

53. Answering paragraph 89, these answering Defendants contend this paragraph contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, these answering Defendants lack sufficient information or knowledge to enable them to answer the allegations in these paragraphs, and basing their denial on this ground, generally and specifically deny all allegations contained in this paragraph.

54. Answering paragraph 90, these answering Defendants incorporate by reference all responses to paragraphs 1 to 51, to the extent relevant, as if fully set forth herein.

55. Answering paragraphs 91, 92, 93, 94, and 95, these answering Defendants generally and specifically deny all allegations contained in these paragraphs.

56. Answering paragraph 96, these answering Defendants contend this paragraph contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, these answering Defendants lack sufficient information or knowledge to enable them to answer the allegations in these paragraphs, and basing their denial on this ground, generally and specifically deny all allegations contained in this paragraph.

57. Answering paragraph 97, these answering Defendants incorporate by reference all responses to paragraphs 1 to 33, to the extent relevant, as if fully set forth herein.

58. Answering paragraphs 98, 99, 100, and 101 these answering Defendants generally and specifically deny all allegations contained in these paragraphs.

59. Answering paragraph 102, these answering Defendants contend this paragraph contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, these answering Defendants lack sufficient information or knowledge to enable them to answer the allegations in these paragraphs, and basing their denial on this ground, generally and specifically deny all allegations contained in this paragraph.

60. Answering paragraph 103, these answering Defendants incorporate by reference all responses to paragraphs 1 to 33, to the extent relevant, as if fully set forth herein.

61. Answering paragraphs 104, 105, and 106 these answering Defendants generally and specifically deny all allegations contained in these paragraphs.

### NINTH CLAIM
**Assault/Battery**

62. Answering paragraph 107, these answering Defendants contend this paragraph contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, these answering Defendants lack sufficient information or knowledge to enable them to answer the allegations in these paragraphs, and basing their denial on this ground, generally and specifically deny all allegations contained in this paragraph.

63. Answering paragraph 108, these answering Defendants incorporate by reference all responses to paragraphs 1 to 33, to the extent relevant, as if fully set forth herein.

64. Answering paragraphs 109, 110, 111, and 112, these answering Defendants generally and specifically deny all allegations contained in these paragraphs.

## TENTH CLAIM
### Negligence

65. Answering paragraph 113, these answering Defendants contend this paragraph contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, these answering Defendants lack sufficient information or knowledge to enable them to answer the allegations in these paragraphs, and basing their denial on this ground, generally and specifically deny all allegations contained in this paragraph.

66. Answering paragraph 114, these answering Defendants incorporate by reference all responses to paragraphs 1 to 42, to the extent relevant, as if fully set forth herein.

67. Answering paragraphs 115, 116, 117, and 118, these answering Defendants generally and specifically deny all allegations contained in these paragraphs.

## EIGHTH CLAIM
### Wrongful Death
### (Cal. Code Civ. Proc. 377.60)

68. Answering paragraph 119, these answering Defendants contend this paragraph contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, these answering Defendants lack sufficient information or knowledge to enable them to answer the allegations in these paragraphs, and basing their denial on this ground, generally and specifically deny all allegations contained in this paragraph.

69. Answering paragraph 120, these answering Defendants incorporate by reference all responses to paragraphs 1 to 42, to the extent relevant, as if fully set forth herein.

70. Answering paragraphs 121, 122, 123, 124, and 125, these answering Defendants generally and specifically deny all allegations contained in these paragraphs.

## I.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Based on information and belief, at all times mentioned in the Second Amended Complaint, all individual Defendants and/or any employee of the County, were acting in good faith and are entitled to qualified immunity for the claims asserted pursuant to 42 U.S.C section 1983.

### SECOND AFFIRMATIVE DEFENSE

Based on information and belief, Defendants allege that decedent had a duty to exercise due care but failed to do so by his conduct, including but not limited to, failing to comply with lawful orders and/or engaging in a physical altercation with employees of the County and/or the individual defendants and based thereon, Defendants allege that decedent was himself guilty of comparative negligence or fault due to his failures.

### THIRD AFFIRMATIVE DEFENSE

As to each state law claim for relief, Defendants allege, based on information and belief, that all acts and omissions alleged in the Second Amended Complaint fall within the immunities and defenses and all rights granted to them and each of them by virtue of provisions of the California Government Code Sections 810-996.6. Defendants rely on <u>Vargas v. Cty. of Yolo</u>, 2016 WL 3916329, at *6 (E.D. Cal. July 20, 2016) for the language herein to preserve these defenses.

### FOURTH AFFIRMATIVE DEFENSE

Based on information and belief, Defendants allege that third persons or entities other than the answering Defendants, including but not limited to the City of Ceres, which proximately caused and/or contributed to the damages, if any, suffered by Plaintiffs. Accordingly, Plaintiffs' recovery is barred or reduced proportionately by the careless, negligence and willful conduct of the decedent and/or third parties, which proximately caused any damage claimed in this action. This defense is interposed only in the alternative and does not admit any of the allegations of the Second Amended Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Damages for non-economic losses cannot exceed the amount specified in Civil Code section 3333.2.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs and/or decedent, failed to exercise reasonable diligence so as to mitigate the damages, if any, alleged in the Second Amended Complaint and the resultant damages, if any, were directly and proximately caused by the failure, neglect, and refusal of Plaintiffs to exercise

reasonable diligence and effort to mitigate the damages alleged.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs and/or decedent freely and voluntarily assumed the risk of injury and damage alleged in this action with full knowledge and appreciation of the magnitude thereof.

### EIGHTH AFFIRMATIVE DEFENSE

Decedent wrongfully, unlawfully and maliciously made and threatened an assault and battery upon others and provoked the alleged affray, and individual Defendant(s) used no more than reasonable and necessary force in defense of himself, his person or property.

### NINTH AFFIRMATIVE DEFENSE

As to each state law claim for relief, Decedent's (and/or the Estate's) claims, and each of them, are barred by the provisions of California Penal Code sections 834(a), 835, 835(a), 836 and 836.5.

### TENTH AFFIRMATIVE DEFENSE

Based on information and belief, not all potential beneficiaries of the decedent's estate are parties to the action, and thus any survivor action and/or wrongful death action lacks sufficient standing without all heirs, who are necessary parties.

### ELEVENTH AFFIRMATIVE DEFENSE

As to all state law claims for relief, based on information and belief, Plaintiffs and/or all successors-in-interest to decedent's estate, have failed to comply with the requirements of California Government Code section 900 et seq., i.e. the California Government Tort Claims Act.

## II.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiffs' action be dismissed;
2. That Plaintiffs take nothing by way of their Complaint;
3. That Defendants be awarded their costs of suit, including attorney's fees; and
4. For such other relief as the Court deems proper.

///

Date: June 29, 2020                    Respectfully submitted,

                                              PORTER SCOTT
                                              A PROFESSIONAL CORPORATION

                                              By: /s/ John R. Whitefleet
                                                    John R. Whitefleet
                                                    Attorneys for Defendants

## DEMAND FOR JURY TRIAL

      Defendants hereby demand a trial by jury in the above-entitled action as provided by the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

Dated: June 29, 2020                   PORTER SCOTT
                                              A PROFESSIONAL CORPORATION

                                              By: /s/ John R. Whitefleet
                                                  John R. Whitefleet
                                                   Attorneys for Defendants

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

{02233946.DOCX}                              15
DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT