UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ALEJANDRO SANCHEZ, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF STANISLAUS, *et al.*,<br><br>Defendants. | Case No.  1:18-cv-00977-DAD-BAM<br><br>**ORDER DENYING PLAINTIFFS' MOTIONS TO COMPEL, FOR SANCTIONS AND FOR EXPENSES RE:  HECTOR LONGORIA DOCUMENTS**<br><br>(Doc. 89) |

Currently before the Court are Plaintiffs Estate of Alejandro Sanchez and Bertha Sanchez' ("Plaintiffs") motion to compel Defendants County of Stanislaus, Stanislaus County Sheriff's Department, Shane Rohn, Brett Babbitt, Eugene Day, Justin Camara, Joseph Knittel, Zebedee Poust and Hector Longoria ("Defendants") to produce the written summary statement and video-recorded post-incident interview of Defendant Hector Longoria.  Plaintiffs also move for sanctions and for expenses.  (Doc. 89.)  On April 16, 2021, the parties filed a Joint Statement Re: Discovery Disagreement pursuant to Local Rule 251.  (Doc. 91.)

The Court deemed the matter suitable for resolution without oral argument and vacated the hearing on April 23, 2021.  Local Rule 230(g).  Having considered the motion, the parties' Joint Statement re Discovery Disagreement, and the record in this matter, the Court DENIES Plaintiffs' motions to compel, for sanctions and for expenses.  The Court also DENIES Defendants' counter motion for expenses.

1

**I.   RELEVANT BACKGROUND**

This action involves claims brought by Plaintiffs Estate of Alejandro Sanchez and Bertha Sanchez against Defendants under 42 U.S.C. § 1983 for violations of the First, Fourth, and Fourteenth Amendments to the United States Constitution; Article 1, Sections 7 and 13 of the California Constitution; California's Bane Act; failure to discharge mandatory duty, assault/battery; negligence; and wrongful death arising out of the officer-involved death of Alejandro Sanchez. (Doc. 75.) According to the operative second amended complaint, Mr. Sanchez was at a truck stop on May 5, 2018, when his vehicle was ordered towed for alleged expired registration tags and multiple Defendant law enforcement officers attempted to detain him. (*Id.*) A physical confrontation lasting several minutes occurred and the Defendant law enforcement officers allegedly took Mr. Sanchez to the ground and climbed on top of him. (*Id.*) Mr. Sanchez subsequently died in custody before arriving at a jail or hospital due to injuries purportedly caused by the Defendant law enforcement officers. (*Id.*)

On August 15, 2019, the Court issued a Scheduling Conference Order, which set the non-expert discovery deadline as August 17, 2020, the expert discovery deadline as December 18, 2020,[1] and the dispositive motion deadline as February 15, 2021. (Doc. 48.) The order expressly required that all motions to compel be filed no later than August 17, 2020, and that they "be filed and heard sufficiently in advance of the cutoff so that the Court may grant effective relief within the allotted discovery time." (Doc. 48 at 2-3.) The order further advised that the failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely. (*Id.* at 3.)

On February 11, 2021, after the close of discovery, Defendants filed a motion for summary judgment. (Doc. 80.)[2] On March 5, 2021, while preparing an opposition to the motion for summary judgment, Plaintiffs' counsel reportedly learned of discovery missing from Defendants' production in this case. Specifically, Plaintiffs' counsel believed that Defendants failed to disclose the written

---

[1]   The expert discovery deadline was extended to January 31, 2021 for the limited purpose of completing certain expert depositions. (Doc. 78.)

[2]   The pretrial conference and trial dates have been vacated pending the Court's ruling on the motion for summary judgment. (Doc. 84.)

2

summary statement and video-recorded post-incident interview of Defendant Hector Longoria. Plaintiffs' counsel therefore contacted defense counsel and asked that these documents be produced. (Doc. 91 at 3, 5; Doc. 91-1, Declaration of Mark E. Merin ("Merin Decl."), ¶ 18 and Ex. P.) The parties engaged in meet and confer efforts between March 5, 2021, and March 15, 2021, without success. (Doc. 91 at 5-6; Doc. 91-1, Merin Decl., ¶¶ 18-23 and Exs. P, Q, R, S.)

On April 2, 2021, Plaintiffs filed the instant motion to compel, motion for sanctions and motion for expenses. (Doc. 89.) On April 16, 2021, the parties filed a Joint Statement Re: Discovery Disagreement pursuant to Local Rule 251. (Doc. 91.)

## II. DISCUSSION

### A. Motion to Compel

1. Plaintiffs' Position

This case involves the in-custody death of Alejandro Sanchez. The seven officers involved and present were subject to post-incident interviews that were video-recorded and summarized in written statements. (Doc. 91 at 2.) Defendants reportedly disclosed written summary statements and interview recordings for six of the officers, but they did not disclose or produce a written summary statement or video-recorded interview of Defendant Longoria. Incident reports produced in discovery on February 1, 2019 indicated that Defendant Longoria declined voluntarily to provide a statement and instead intended to provide a compelled statement. (*Id.* at 2; Doc. 91-1, Merin Decl., ¶ 8, Ex. G at COUNTY 0048 and 0060.)

Plaintiffs contend that Defendant Longoria's written summary statement or video-recorded interview should have been identified specifically in Defendants' mandatory disclosures under Federal Rule of Civil Procedure 26(a). Plaintiffs also contend that the summary statement and interview recording for Defendant Longoria should have been produced when Defendants produced the other six officers' statements and recordings in response to Plaintiffs' discovery requests. Plaintiffs identify various requests for production which they believe implicated and required production of the Longoria documents, including the following:

> RFP No. 1: "All DOCUMENTS relating to any investigation involving Alejandro Sanchez's death occurring on May 5, 2018, including, but not limited to, interviews

      conducted, statements received, correspondence sent or received, video/audio recordings, and reports and memos prepared."

(Doc. 91-1, Merin Decl., Ex. A at 3.)

      <u>RFP No. 54:</u>  "Correspondence sent or received by Hector Longoria concerning the use of force against Alejandro Sanchez occurring on May 5, 2018—including text/short message service ('SMS') messages, mobile data terminal ('MDT') messages, statements, narratives, reports, memos, and e-mails."

(Doc. 91-1, Merin Decl., Ex. N at 5.)

      Plaintiffs assert that the instant motion is not untimely simply because discovery closed on August 17, 2020.  Rather, Plaintiffs contend, citing cases, that the motion to compel is not untimely because they were unaware of the existence of the pertinent documents until after the close of discovery.

                2.   <u>Defendants' Position</u>

      Defendants contend that this dispute demonstrates "a total lack of diligence" by Plaintiffs in failing to pursue or read the produced discovery that they had in their possession for nearly two years. (Doc. 91 at 3-4.)  Defendants report that they produced Stanislaus County Sheriff's Department Case No. S18018571 and despite the report indicating that Defendant Longoria declined to provide a voluntary interview, Plaintiffs' counsel never met and conferred about the responses and never sought the compelled statement in discovery.  Defendants assert that they should not be prejudiced due to Plaintiffs' lack of attention and diligence in reviewing the previously produced documents.

      Defendants contend that the motion to compel should be denied because it is untimely, noting that it was filed well after the discovery cut off and the filing deadline for discovery motions. Defendants point out that they have filed a motion for summary judgment, which Plaintiffs' have already opposed, and Plaintiffs waited until after the close of discovery to bring the instant motion.

      Defendants further argue that Plaintiffs' incorrectly assumed that a compelled statement should have been produced with the investigative reports for Case No. S18018571.  Defendants indicate that the investigative reports for the case contained the written statement summaries of Deputies Rohn, Babbitt, Day, Camara, Knittel, and Poust and, as the documents indicated, Defendant Longoria did not agree to a voluntary statement and indicated his intent to give a

4

compelled statement.  As a result, where there was no interview in the underlying investigative reports, there would be no summary statement contained in the report.

Defendants move for expenses in having to oppose the instant motion pursuant to Rule 37(a), arguing that it was not substantially justified.

### 3. Analysis

Even assuming *arguendo* that Plaintiffs' requests for production encompassed the compelled statement or video interview for Defendant Longoria, the Court finds Plaintiffs' motion to compel untimely.[3]  Plaintiffs filed their motion more than seven (7) months after the close of non-expert discovery and the associated deadline for filing motions to compel.  Because the relevant deadline has expired, the Court would have to modify the scheduling order to reopen non-expert discovery, which Plaintiffs have not requested.  Even if the Court considered Plaintiffs' motion as one to reopen discovery and compel production, Plaintiffs have not demonstrated the necessary good cause.

A court may modify a scheduling order only for good cause.  Fed. R. Civ. P. 16(b)(4).  When analyzing whether there is good cause to reopen discovery, the Court considers the following factors: (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence. *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting *United States ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995)).

The good cause standard focuses primarily on "the diligence of the party seeking" to modify the case schedule. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *Dimitre v. California State Univ. Employees' Union*, No. 2:17-CV-01698-KJM-DB, 2019 WL 4670827, at *1 (E.D. Cal. Sept. 25, 2019) ("The primary factor courts consider in making a good cause determination

---

[3]  Notwithstanding the Court's finding that Plaintiffs' motion is untimely, Defendants are reminded that Federal Rule of Civil Procedure 26(e) mandates that a party supplement or correct its disclosures or discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

5

is whether the moving party was diligent in its attempts to complete discovery in a timely manner."). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609. "If that party was not diligent, the inquiry should end." *Id.*

Plaintiffs' Diligence

Plaintiffs have not demonstrated diligence. That Plaintiffs waited until after the close of *all* discovery to file the instant motion suggests that they were not diligent in obtaining discovery within the timeframe ordered by the Court. Plaintiffs blame the delay on Defendants, asserting that this dispute is a classic case of "hide the ball." (Doc. 91 at 3.) However, Plaintiffs make no effort to explain why it took two years after production of documents identifying Defendant Longoria's compelled statement to file the instant motion. Defendant Longoria is one of the named defendants and any lack of a statement from him in the produced discovery should have been apparent with reasonable diligence. This factor does not weigh in Plaintiffs' favor.

Other Good Cause Factors

The other remaining factors also generally weigh against a finding of good cause, though not without exception. Trial is not imminent or scheduled due to the ongoing judicial emergency experienced in this district. As a result, this factor does not weigh against Plaintiffs' request. Further, reopening discovery is likely to lead to relevant evidence, which also weighs in favor in Plaintiffs' request. However, the motion is opposed. Although Defendants do not elaborate on potential prejudice, it is evident that a certain amount of prejudice will result if discovery is reopened at this stage of the proceedings--after the close of all discovery and a fully briefed motion for summary judgment. These factors weigh against a finding of good cause. As to the "foreseeability of the need for additional discovery," Plaintiffs have not claimed that the need to extend or reopen discovery was unforeseeable or caused by an unforeseeable event. Plaintiffs have provided no reason why they could not have identified the purportedly missing compelled statement within the timeframe initially set for discovery or why they could not have requested to extend or reopen discovery earlier in this action. Plaintiffs claim that because "Defendants produced the statements and recordings of six of the seven

6

1  officers lulled Plaintiffs into the false assumption that Defendants complied with Fed. R. Civ. P.
2  26(a)(1)(A)(ii) and 34(a)(1)." (Doc. 91 at 13.)  Plaintiffs' claim is not persuasive given that Defendant
3  Longoria's intention to provide a compelled statement was identified in documents produced nearly
4  two years ago and this fact could have been discovered by Plaintiffs during a review of the produced
5  documents well before expiration of the discovery deadlines.  This factor does not weigh in favor of
6  finding good cause.

7  In light of Plaintiffs' lack of diligence and considering the other factors that weigh against a
8  finding of good cause to reopen discovery, Plaintiffs' motion to compel will be denied, along with
9  Plaintiffs' related requests for expenses and sanctions.

10  **B.  Defendants' Counter Motion for Expenses**

11  Defendants move for sanctions against counsel for Plaintiffs, asserting that the motion to
12  compel was without substantial justification because Plaintiffs never requested the compelled
13  statements at issue during the discovery process.  (Doc. 91 at 26.)

14  Federal Rule of Civil Procedure 37(a)(5)(B) provides that, if a motion to compel discovery is
15  denied, then the Court "must, after giving an opportunity to be heard, require the movant, the attorney
16  filing the motion, or both to pay the party or deponent who opposed the motion its reasonable
17  expenses incurred in opposing the motion, including attorney's fees."  *See Whitewater W. Indus., Ltd.*
18  *v. Pac. Surf Designs, Inc.*, No. 17cv1118-BEN (BLM), 2019 WL 1547407, at *8 (S.D. Cal. Apr. 8,
19  2019).  The Court must not order this payment "if the motion was substantially justified or other
20  circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(B).  Discovery conduct is
21  substantially justified if it is a response to a genuine dispute or if reasonable people could differ as to
22  the appropriateness of the contested action.  *Id.* at*8 (citations and quotation omitted).

23  Albeit a close call, the Court finds that sanctions are not warranted.  Prior to bringing the
24  instant motion, there was a genuine dispute between the parties as to whether Plaintiffs' discovery
25  requests encompassed the Longoria documents and should have been produced in discovery.
26  Although Plaintiffs were not diligent in bringing the motion to compel, such conduct was not wholly
27  unjustified as a response to the dispute.
28

7

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiffs' motions to compel, for sanctions and for expenses (Doc. 89) is DENIED; and
2. Defendants' counter motion for expenses is DENIED.

IT IS SO ORDERED.

Dated: __April 23, 2021__                    /s/ *Barbara A. McAuliffe*
                                             UNITED STATES MAGISTRATE JUDGE