1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ESTATE OF ALEJANDRO SANCHEZ, et      No.  1:18-cv-00977-DAD-CKD
     al.,
12
                         Plaintiffs,
13                                        TENTATIVE PRETRIAL ORDER
              v.
14
     COUNTY OF STANISLAUS, et al.,
15
                         Defendants.
16

17          On February 6, 2024, the court conducted a final pretrial conference in this case.

18   Attorneys Mark E. Merin and Paul Hajime Masuhara appeared by video as counsel for plaintiffs[1];

19   attorney John Robert Whitefleet appeared by video as counsel for defendants.  Having considered

20   the parties' joint pretrial statement and the views of the parties as expressed at the conference, the

21   court issues this tentative pretrial order.

22          Plaintiffs Estate of Alejandro Sanchez and Bertha Sanchez bring this civil rights action

23   against defendants County of Stanislaus, Stanislaus County Sherriff's Department, Shane Rohn,

24   Bret Babbitt, Eugene Day, Justin Camara, Joseph Knittel, Zebedee Poust, and Hector Longoria

---

[1]  Although the docket in this action reflects five named plaintiffs, three of those plaintiffs—Irene
Mamourieh, Cristina Girardi, and Marina Sanchez—were omitted from the first amended
complaint and operative second amended complaint.  (*See* Doc. Nos. 33, 75.)  Accordingly, the
court will direct the Clerk of the Court to update the docket to reflect that plaintiffs Irene
Mamourieh, Cristina Girardi, and Marina Sanchez were terminated as of May 9, 2019, the date
the first amended complaint was filed.

1

("defendants"), with claims arising under 42 U.S.C § 1983 for unreasonable use of force in violation of the Fourth Amendment, interference with familial association in violation of the Fourteenth Amendment, interference with the right of association in violation of the First Amendment, as well as state law claims for unreasonable force in violation of the California Constitution and the Bane Act and for assault/battery, negligence, and wrongful death.

I.      JURISDICTION/VENUE

Jurisdiction is predicated on 28 U.S.C. §§ 1331, 1343(a)(3), and 1367.  Jurisdiction is not contested.

Venue is proper pursuant to 28 U.S.C. § 1391(b).  Venue is not contested.

II.     JURY

Both parties have demanded a jury trial.  The jury will consist of eight jurors.[2]

III.    UNDISPUTED FACTS

1.      Plaintiff Bertha Sanchez is the biological mother of decedent Alejandro Sanchez.

2.      On May 5, 2018, decedent Alejandro Sanchez was taken into custody by law enforcement officers, including defendants Shane Rohn, Brett Babbitt, Eugene Day, Justin Camara, Joseph Knittel, Zebedee Poust, and Hector Longoria, in the parking lot of the Country Girl Truck Stop located at 1217 South 7th Street, Modesto, CA.

3.      At the time of the incident, the defendant officers were employed by the County of Stanislaus and Stanislaus County Sheriff's Department, and were acting within the scope of employment and under color of state law.

/////

/////

/////

/////

_____

[2]  As discussed with counsel, the court may elect to seat a larger jury if appropriate in light of public health conditions at the time the trial of this action commences.  In addition, counsel are advised that Judge Drozd continues to enforce a mandatory masking policy in his courtroom and is likely to continue to do so as long as the test positivity for COVID-19 in California remains above 5%.

2

IV.     DISPUTED FACTUAL ISSUES

1.     The type and amount of force used by defendants Shane Rohn, Brett Babbitt, Eugene Day, Justin Camara, Joseph Knittel, Zebedee Poust, and Hector Longoria against decedent Alejandro Sanchez.[3]

V.     DISPUTED EVIDENTIARY ISSUES/MOTIONS IN LIMINE

The parties have not yet filed motions *in limine*.  The court does not encourage the filing of motions *in limine* unless they are addressed to issues that can realistically be resolved by the court prior to trial and without reference to the other evidence which will be introduced by the parties at trial.  The parties anticipate filing the motions *in limine* listed below.[4]  Any motions *in limine* counsel elects to file shall be filed no later than **21 days before trial**.  Oppositions shall be filed no later than **14 days before trial** and any replies shall be filed no later than **10 days before trial**.  Upon receipt of any opposition briefs, the court will notify the parties if it will hear argument on any motions *in limine* prior to the first day of trial.

Plaintiffs' Motions *in Limine*

1.     Motion to exclude expert testimony of Jeffrey Hislop;

2.     Motion to exclude expert testimony of Robert Bux, M.D.;

3.     Motion to exclude testimony of "Excited Delirium;"

4.     Motion to exclude toxicology evidence;

5.     Motion to exclude officer awards, accolades, and commendations;

6.     Motion to exclude law enforcement uniforms in courtroom;

Defendants' Motions *in Limine*

1.     Motion to prevent plaintiffs from introducing any evidence or arguing decedent was mentally ill;

2.     Motion to prevent introduction of certain testimony from Dr. Spitz;

---

[3]  As discussed at the final pretrial conference, the parties shall provide updated lists for their undisputed facts and disputed facts in their objections to this tentative pretrial order.

[4]  The court understands that the defense intends to add to its list of anticipated motions *in limine* in its objections to the tentative pretrial order.

3

1    3.      Motion to prevent introduction of certain testimony from Scott DeFoe;

2    4.      Motion to prevent introduction of certain testimony from Alex Perez;

3    5.      Motion to prevent introduction of certain testimony from Dr. Sung-Ook Baik;

4    6.      Motion to prevent introduction of past incidents of force;

5    7.      Motion precluding all witnesses who have not yet testified from the courtroom.

6   VI.    SPECIAL FACTUAL INFORMATION

7          Pursuant to Local Rule 281(b)(6), the parties provided special factual information that

8   pertains to this action.  However, the parties did not indicate which of those facts are undisputed

9   and which are subject to dispute.  Accordingly, as discussed at the final pretrial conference, in

10  connection with their objections to this tentative pretrial order, the parties shall provide updated

11  lists of undisputed facts and disputed factual issues that include the discrete facts from the special

12  factual information on the appropriate list.

13  VII.   RELIEF SOUGHT

14         1.      Plaintiff Estate of Alejandro Sanchez, through successor-in-interest Bertha

15  Sanchez, seeks compensatory, nominal, and punitive damages and statutory penalties.

16         2.      Plaintiff Bertha Sanchez seeks compensatory, nominal, and punitive damages and

17  statutory penalties.

18         3.      Plaintiffs also seek to recover attorneys' fees and costs.

19         4.      Defendants seek attorneys' fees.

20  VIII.   POINTS OF LAW[5]

21         The claims and defenses asserted in this action arise under both federal and state law.

22  Plaintiffs maintain eight claims following the court's order on defendants' motion for summary

23  judgment.  (*See* Doc. No. 117.)  Five of those claims are brought by plaintiff Estate of Alejandro

24  Sanchez against all defendants.  Two of those claims are brought by plaintiff Bertha Sanchez

25  against the deputy defendants.  One of those claims is brought by plaintiff Bertha Sanchez against

26

27  ───────────────
    [5] As discussed at the final pretrial conference, this section of the pretrial order is where the
28  plaintiffs' claims and the defendants' affirmative defenses are listed.  Accordingly, in connection
    with their respective objections, the parties shall provide an updated list of points of law.

    4

all defendants.

    1.    The elements of, standards for, and burden of proof in a 42 U.S.C. § 1983 claim of unreasonable use of force in violation of the Fourth Amendment.

    2.    The elements of, standards for, and burden of proof in a § 1983 claim of interference with familial association in violation of the Fourteenth Amendment.

    3.    The elements of, standards for, and burden of proof in a § 1983 claim of interference with the right of association in violation of the First Amendment.

    4.    The elements of, standards for, and burden of proof in a claim of excessive and unreasonable force in violation of Article I, § 13 of the California Constitution.

    5.    The elements of, standards for, and burden of proof in a claim of unreasonable force in violation of the Bane Act, California Civil Code § 52.1.

    6.    The elements of, standards for, and burden of proof in an assault/battery claim.

    7.    The elements of, standards for, and burden of proof in a negligence claim.

    8.    The elements of, standards for, and burden of proof in a wrongful death claim.

Trial briefs addressing the points of law implicated by these remaining claims shall be filed with this court no later than **7 days before trial** in accordance with Local Rule 285.

ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT BECOMES FINAL ARE DISMISSED, AND DEEMED WAIVED.

IX.    <u>ABANDONED ISSUES</u>

None.[6]

X.    <u>WITNESSES</u>

Plaintiffs' witnesses shall be those listed in **Attachment A**. Defendants' witnesses shall be those listed in **Attachment B**. Each party may call any witnesses designated by the other.

---

[6] The parties state in their joint pretrial statement that there are no abandoned issues. However, as discussed at the final pretrial conference, defendants' answer asserts 11 affirmative defenses. None of these defenses were ruled out by the MSJ Order. *See* Doc. No. 117 at 21. Those affirmative defenses need to be listed either as a point of law for trial or an abandoned issue. Accordingly, defendants shall provide an updated list of abandoned issues indicating which of its affirmative defenses have been abandoned.

A.     **The court does not allow undisclosed witnesses to be called for any purpose, <u>including impeachment or rebuttal</u>, unless they meet the following criteria:**

The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

      (1)     The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph B, below.

B.     Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses by filing a notice on the docket so the court may consider whether the witnesses shall be permitted to testify at trial.  The witnesses will not be permitted unless:

      (1)     The witness could not reasonably have been discovered prior to the discovery cutoff;

      (2)     The court and opposing parties were promptly notified upon discovery of the witness;

      (3)     If time permitted, the party proffered the witness for deposition; and

      (4)     If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

XI.     <u>EXHIBITS, SCHEDULES, AND SUMMARIES</u>

Plaintiffs' exhibits are listed in **Attachment C**.  Defendants' exhibits are listed in **Attachment D**. No exhibit shall be marked with or entered into evidence under multiple exhibit numbers, and the parties are hereby directed to meet and confer for the purpose of designating joint exhibits and to provide a list of joint exhibits.[7]  All exhibits must be pre-marked as discussed below.  At trial, joint exhibits shall be identified as JX and listed numerically, e.g., JX-

/////

---

[7] As discussed at the final pretrial conference, in connection with their objections to this order, the parties shall provide updated exhibit lists to identify exhibits with greater specificity (such as, Bates stamp, dates, author, number of pages, etc.) and to provide a list of joint exhibits, if any.

1, JX-2.  Plaintiffs' exhibits shall be listed numerically, and defendants' exhibits shall be listed alphabetically.

The parties must prepare three (3) separate exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above.  Each binder shall have an identification label on the front and spine.  The parties must exchange exhibits no later than **28 days before trial**.  Any objections to exhibits are due no later than **14 days before trial**.  The final exhibits are due **the Thursday before the trial date.**  In making any objection, the party is to set forth the grounds for the objection.  As to each exhibit which is not objected to, no further foundation will be required for it to be received into evidence, if offered.

**The court does not allow the use of undisclosed exhibits for any purpose, <u>including impeachment or rebuttal</u>, unless they meet the following criteria:**

A.   The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

(1)   The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

(2)   The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph B, below.

B.   Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits by filing a notice on the docket so that the court may consider their admissibility at trial.  The exhibits will not be received unless the proffering party demonstrates:

(1)   The exhibits could not reasonably have been discovered earlier;

(2)   The court and the opposing parties were promptly informed of their existence;

(3)   The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the

/////

7

proffering party must show that it has made the exhibits reasonably

available for inspection by the opposing parties.

XII.    DISCOVERY DOCUMENTS

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial

with the Clerk of the Court no later than **14 days before trial**.

Plaintiffs have indicated the intent to use the following discovery documents at trial:

1.      Deposition of Alex Perez (07/28/2020)

2.      Deposition of Shane Rohn (07/30/2020)

3.      Deposition of Brett Babbitt (07/30/2020)

4.      Deposition of Eugene Day (07/30/2020)

5.      Deposition of Justin Camara (07/30/2020)

6.      Deposition of Scott DeFoe (01/06/2021)

7.      Deposition of Werner Spitz, M.D. (01/14/2021)

Defendants have indicated the intent to use the following discovery documents at trial:

1.      Plaintiffs' Responses to Interrogatories (10.11.21)

2.      Plaintiffs' Responses to Request for Production of Documents

3.      Plaintiffs' Initial Disclosures

XIII.   FURTHER DISCOVERY OR MOTIONS

None.  Discovery and law and motion are closed under the scheduling order issued in this

case.

XIV.    STIPULATIONS

None.

XV.     AMENDMENTS/DISMISSALS

None.

SETTLEMENT

The parties have not yet participated in a court-ordered settlement conference.

Accordingly, the court will refer this case to the assigned magistrate judge for the setting of a

settlement conference prior to the trial of this case.  Depending on the assigned magistrate judge's

8

settlement conference procedures, the assigned magistrate judge may hold the settlement conference or may arrange for a different magistrate judge to hold the settlement conference.

XVI.   JOINT STATEMENT OF THE CASE

The parties have agreed to the following joint statement of the case:

> On May 5, 2018, Alejandro Sanchez was taken into custody in the parking lot of the County Girl Truck Stop located at 1217 South 7th Street, in Modesto, CA by law enforcement officers, including defendants Shane Rohn, Brett Babbitt, Eugene Day, Justin Camara, Joseph Knittel, Zebedee Poust, and Hector Longoria.  At the time those officers were employed by the County of Stanislaus and Stanislaus County Sheriff's Department, and were acting within the scope of employment and under color of state law.  Alejandro Sanchez died that day and is survived by his mother, Bertha Sanchez, who, together with the Estate of Alejandro Sanchez, is a plaintiff in this action.

XVII.  SEPARATE TRIAL OF ISSUES

The court will bifurcate the trial with respect to plaintiffs' punitive damages claim as follows.  The court will submit the question of defendants' liability, including liability for punitive damages, to the jury in the first phase of trial.  If the jury makes the requisite finding that punitive damages are available, the trial will then proceed to a second phase on the question of the amount of punitive damages to be awarded.

XVIII. IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

None.

XIX.   ATTORNEYS' FEES

Plaintiffs will seek attorneys' fees and costs if they prevail.  Defendants will seek attorneys' fees and costs if they prevail.

XX.    TRIAL PROTECTIVE ORDER AND REDACTION OF TRIAL EXHIBITS

None.

XXI.   MISCELLANEOUS

None.

/////

/////

/////

XXII. <u>ESTIMATED TIME OF TRIAL/TRIAL DATE</u>

Jury trial is scheduled for **April 8, 2024**, at 9:00 a.m. in Courtroom 4 before the Honorable Dale A. Drozd.  Trial is anticipated to last 5-7 court days.[8]  The parties are directed to Judge Drozd's Standing Order in Civil Actions, available on his webpage on the court's website.

Counsel are directed to contact Pete Buzo, courtroom deputy, at (916) 930-4016, no later than one week prior to trial to ascertain the status of the trial date.

XXIII. <u>PROPOSED JURY *VOIR DIRE* AND PROPOSED JURY INSTRUCTIONS</u>

The parties shall file any proposed jury *voir dire* **7 days before trial**.  Each party will be limited to fifteen minutes of supplemental jury *voir dire*.

The court directs counsel to meet and confer in an attempt to generate a joint set of jury instructions and verdicts.  The parties shall file any such joint set of instructions **14 days before trial**, identified as "Joint Jury Instructions and Verdicts."  To the extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions are due **14 days before trial**.

Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a Word document to dadorders@caed.uscourts.gov no later than **14 days before trial**; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions must be filed **7 days before trial**; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority.  When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

---

[8]  Although advancing the trial date by one week was discussed at the final pretrial conference, the court determined shortly thereafter that the court's schedule would not accommodate advancement. Accordingly, the April 8, 2024 trial date remains as scheduled.  The trial of this case will be conducted on the following days:  April 8 (9 a.m. to 5:00 p.m.); April 9 (1:30-5:00 p.m.); April 10 (9 a.m. to 5:00 p.m.); April 11 (9 a.m. to 5:00 p.m.); April 12 (9 a.m. to 5:00 p.m.); April 15 (9 a.m. to 5:00 p.m.); April 16 (1:30-5:00 p.m.); and April 17 (9 a.m. to conclusion).  The trial of this case must be completed within this schedule due to the court hearing other matters.

1    XXIV. <u>TRIAL BRIEFS</u>

2            As noted above, trial briefs are due **7 days before trial**.

3    XXV.  <u>OBJECTIONS TO PRETRIAL ORDER</u>

4            Each party is granted **14 days from the date of entry of this order** to file objections to

5    the same.  Each party is also granted **7 days thereafter** to respond to the other party's objections.

6    If no objections are filed, the order will become final without further order of this court.

7            The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of Civil

8    Procedure and Local Rule 283 of this court, this order shall control the subsequent course of this

9    action and shall be modified only to prevent manifest injustice.

10           IT IS SO ORDERED.

11   Dated:   **February 7, 2024**            _Dale A. Drozd_

12                                            DALE A. DROZD
                                              UNITED STATES DISTRICT JUDGE

**ATTACHMENT A**

Plaintiffs' Witnesses

1.  Jessica Humphrey

2.  Alex Perez

3.  Shane Rohn

4.  Brett Babbitt

5.  Eugene Day

6.  Justin Camara

7.  Joseph Knittel

8.  Zebedee Poust

9.  Hector Longoria

10. Sung-Ook Baik, M.D.

11. Adam Christianson

12. Scott DeFoe

13. Werner Spitz, M.D.

14. Bertha Sanchez

15. Irene Saltos

16. Rick Vanunen

17. Marco Lopez

18. Sgt. Trent Johnson

19. Officer Jesus Salinas

20. Deputy Matthew Dessert

21. Lt. Jennifer Hannula

22. Det. Craig Grogan

**ATTACHMENT B**

Defendants' Witnesses

1.  Bertha Sanchez

2.  Shane Rohn

3.  Brett Babbitt

4.  Eugene Day

5.  Justin Camara

6.  Joseph Knittel

7.  Zebedee Poust

8.  Hector Longoria

9.  B.L. Posey, S.N. Kimble and/or a person most knowledgeable/representative from Central Valley Toxicology

10. Det. Sulkowski

11. Adam Rodriguez

12. Cristina Girardi

13. Jessica Humphries

14. Katy Khatami and/or person most knowledgeable/representative from SCSCO regarding MSI inquiries results

15. Jeffrey Hislop

16. Dr. Robert Bux

**ATTACHMENT C**

Plaintiffs' Exhibit List

1.   Body worn camera video from Ceres P.D.

2.   Voicemail recording

3.   Photographs of defendant officers

4.   Photographs of Alejandro Sanchez

5.   Photographs of Sanchez' vehicle

6.   Photographs of WRAP

7.   Photographs of Sheriff's vehicle

8.   Autopsy photographs

9.   Autopsy report

10.  DMV report on Sanchez vehicle

11.  Defendant officers' statements (written)

12.  Defendant officers' statements (recorded)

13.  Statement of Alex Perez

14.  Declarations of defendant officers

15.  WRAP

16.  Diagrams drawn by officers of scene

17.  Photographs of Sanchez and Humphrey

18.  Expert report of Werner Spitz and exhibits

19.  Expert report of Scott Defoe and exhibits

20.  Toxicology report

21.  Craig Grogan reports and interviews

22.  Spit mask

23.  Voice recordings of officers' interviews

24.  POST Learning Domains

25.  Stanislaus County Sheriff's Department Policies

26.  Textbook of Medical Physiology

1     27.     Textbook of Medicolegal Investigation of Death

2     28.     Textbook – Disposition of Toxic Drugs and Chemicals in Man

3     29.     COUNTY 0001–COUNTY 0008: Government Claim

4     30.     COUNTY 0009–COUNTY 0012: SCSD Policy Manual Table of Contents

5     31.     COUNTY 0013–COUNTY 0019: SCSD Policy 300 – Use of Force

6     32.     COUNTY 0020–COUNTY 0023: SCSD Policy 306 – Restraint Devices

7     33.     COUNTY 0024–COUNTY 0029: SCSD Policy 1026 – Personnel Files

8     34.     COUNTY 0030–COUNTY 0031: Crime Scene Log

9     35.     COUNTY 0032–COUNTY 0168: SCSD Case No. S18018571

10     36.     COUNTY 0169: Recorded Interview of Eugene Day

11     37.     COUNTY 0170: Recorded Interview of Brett Babbitt

12     38.     COUNTY 0171: Recorded Interview of Justin Camara

13     39.     COUNTY 0172: Recorded Interview of Zebedee Poust

14     40.     COUNTY 0173: Recorded Interview of Joseph Knittel

15     41.     COUNTY 0174: Recorded Interview of Shane Rohn

16     42.     Recorded Interview of Hector Longoria

17     43.     COUNTY 0175: Recorded Interview of Roberta Sanchez

18     44.     COUNTY 0176: Recorded Interview of Phillip Montaluo

19     45.     COUNTY 0177: Recorded Interview of Rick

20     46.     COUNTY 0178: SR 911 Recordings

21     47.     COUNTY 0179: Ceres Police Department Body-Worn Camera Recording

22     48.     COUNTY 0180: Ceres Police Department Lobby Recording

23     49.     COUNTY 0181: Scene Surveillance Recordings

24     50.     COUNTY 0182–COUNTY 0185: Autopsy Report

25     51.     COUNTY 0182–COUNTY 0199: Coroner Documents

26     52.     COUNTY 0186: Photos (709 photos)

27     53.     COUNTY 0187: Toxicology Report

28     54.     COUNTY 0200–COUNTY 0221: [Unproduced Documents]

15

55.  COUNTY 0222–COUNTY 0262: Citizen Complaints

56.  COUNTY 0263–COUNTY 0303: Settlements

57.  COUNTY 0304–COUNTY 0431: Lawsuits

58.  COUNTY 0432–COUNTY 0435: Smith Documents

59.  COUNTY 0436–COUNTY 0546: Wells Documents

60.  COUNTY 0547–COUNTY 0636: Prescott Documents

61.  COUNTY 0637–COUNTY 0646: Emanuel Medical Center – Medical Records

62.  COUNTY 0647–COUNTY 0670: Coroner Documents

63.  COUNTY 0671–COUNTY 0674: SCSD Watch Report

64.  COUNTY 0675–COUNTY 0687: SCSD Emails

65.  COUNTY 0688–COUNTY 0692: DA Report

66.  COUNTY 0693–COUNTY 0696: SCSD Emails

67.  Stanislaus County Sheriff's Department Policy Manual

68.  BS 1–BS 13: Turlock Memorial Park & Funeral Home – Invoices and Receipts

69.  BS 14–BS 22: Citizen Complaint Documents

70.  BS 23: Death Certificate

71.  Audio Recording of Alejandro Sanchez (05/05/2018)

72.  Family Photos of Alejandro Sanchez

73.  Expert Report of Scott DeFoe (10/14/2020)

74.  Expert Report of Werner Spitz, M.D. (10/15/2020)

75.  California POST Learning Domains

76.  Protocol for County-Wide Officer-Involved Incident Program (06/01/2007 – 20 pages)

77.  O.I.S. Checklist; S18018571 (1 page)

78.  DA Press Release & Report (01/09/2020 – 6 pages)

79.  Coroner Case Report (3 pages)

80.  Coroner's Report (4 pages)

81.  Toxicology Report (1 page)

82.  Rohn Diagram (1 page)

| | | |
|---|---|---|
| 1 | 83. | Day Diagram (1 page) |
| 2 | 84. | [Blank] Diagram (1 page) |
| 3 | 85. | [Blank] Body Positions (5 pages) |
| 4 | 86. | DA Investigative Report CG#3 (4 pages) |
| 5 | 87. | [Blank] Diagram (1 page) |
| 6 | 88. | SCSD Case No. S18018571 (14 pages) |
| 7 | 89. | Diagram of Hands & WRAP (1 page) |
| 8 | 90. | Diagram of Cars & Suspect (1 page) |
| 9 | 91. | SCSD Case No. S18018571 (36 pages) |
| 10 | 92. | DA Investigative Report CG#1 (5 pages) |
| 11 | 93. | Investigations Division Report Routing Information (1 page) |
| 12 | 94. | DA Investigative Report CG#2 (3 pages) |
| 13 | 95. | Investigations Division Report Routing Information (1 page) |
| 14 | 96. | DA Investigative Report CG#3 (4 pages) |
| 15 | 97. | Investigations Division Report Routing Information (1 page) |
| 16 | 98. | DA Investigative Report CG#4 (4 pages) |
| 17 | 99. | Investigations Division Report Routing Information (2 pages) |
| 18 | 100. | DA Investigative Report CG#5 (11 pages) |
| 19 | 101. | Alex Perez Interview (one audio recording) |
| 20 | 102. | DA Case No. 897569 (files & reports) |
| 21 | 103. | Day 2d Interview (two audio recordings) |
| 22 | 104. | KS3 from Follow Up 16 (surveillance footage) |
| 23 | 105. | Photos of Deputies by Switzer (98 photos) |
| 24 | 106. | Photos of Babbitt's Arm (10 photos) |
| 25 | 107. | Photos of Scene, Hospital, and Deputies (273 photos) |
| 26 | 108. | Photos of Vehicle #15-15 – WRAP (95 photos) |
| 27 | | |
| 28 | | |

17

**ATTACHMENT D**

Defendants' Exhibit List

A.   Stanislaus CAD report

B.   Central Valley Toxicology report

C.   12/1/2010 booking report for decedent

D.   SCSO Use of force policy

E.   SCSO Report No. S18018571

F.   MSI inquiry on decedent

G.   Government Tort claim(s)

H.   Audio of interview with Bertha Sanchez/Cristina Girardi