UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ALEJANDRO SANCHEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF STANISLAUS, et al., <br><br> Defendants. | No. 1:18-cv-00977-DAD-CKD <br><br> ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO QUASH PLAINTIFFS' TRIAL SUBPOENA <br><br> (Doc. No. 136) |

This matter is before the court on defendants' *ex parte* motion to quash a trial subpoena that plaintiffs served on the custodian of records/evidence for the Stanislaus County Sheriff's Department on February 20, 2024. (Doc. No. 136.) For the reasons explained below, defendants' motion to quash will be granted in part and denied in part.

**BACKGROUND**

On June 16, 2020, plaintiffs Bertha Sanchez and Estate of Alejandro Sanchez filed the operative second amended complaint ("SAC") in this action brought against defendants County of Stanislaus, Stanislaus County Sheriff's Department, Stanislaus County Sheriff Adam Christianson[1], and Stanislaus County Sheriff's Deputies Shane Rohn, Brett Babbit, Eugene Day,

---

[1] Defendant Christianson was later terminated as a defendant from this action pursuant to the stipulation by the parties. (*See* Doc. Nos. 79, 82.)

1

1  Justin Camara, Joseph Knittel, Zebedee Poust, and Hector Longoria (collectively, "the Deputy
2  Defendants").  (Doc. No. 75.)
3  In their SAC, plaintiffs allege that the Deputy Defendants used excessive force in
4  restraining Alejandro Sanchez, resulting in his death.  (*Id.*)[2]  As relevant here, it is undisputed that
5  one of the Deputy Defendants noticed that Alejandro's vehicle was in violation of California
6  Vehicle Code regulations, that the Deputy Defendants used a Wellness Recovery Action Plan
7  ("WRAP") device to forcibly restrain Alejandro, that at least one of the Deputy Defendants
8  placed a spit mask on Alejandro because he was spitting and frothing at the mouth, that the
9  Deputy Defendants applied pressure to Alejandro's head and neck while restraining him, and that
10 Alejandro died shortly thereafter.  (*See* Doc. No. 117 at 3–8, 32.)
11 On February 20, 2024, plaintiffs issued a trial subpoena to the "Custodian of
12 records/evidence for the Stanislaus County Sheriff's Department" commanding the custodian to
13 bring the following objects to the trial of this action, which is scheduled to commence on April 8,
14 2024:

> Records and physical evidence related to the [Alejandro] Sanchez incident, including the Stanislaus County Sheriffs Department incident reports (Case No. S16018571), recordings (audio and video), WRAP, spit mask, Alejandro Sanchez's clothing, Alejandro Sanchez's wallet, and Alejandro Sanchez's property and photograph located inside of his vehicle.

19 (Doc. No. 136-1 at 4.)  On March 5, 2024, defendants' counsel emailed plaintiffs' counsel and
20 asserted that the subpoena was "improper as an end-run around discovery" and that "the subpoena
21 seeks information not obtained during discovery."  (Doc. No. 140-1 at 11.)  On March 11, 2024,
22 the counsel for both parties conferred telephonically.  (*Id.* at 2.)  According to plaintiffs' counsel,
23 during that conference, he narrowed the scope of the trial subpoena to "the WRAP, the spit mask,
24 Mr. Sanchez's clothing, his wallet and his property and photograph located inside of Mr.
25 /////
26 /////

---

[2]  The court will refer to Alejandro Sanchez as "Alejandro" to avoid confusion with plaintiff Bertha Sanchez.

2

Sanchez'[s] vehicle" (hereinafter, "the Listed Items").  (*Id.*)[3]  Specifically, in counsel's declaration attached to plaintiffs' opposition to the pending motion to quash, plaintiffs' counsel states that he seeks to use the Listed Items as demonstrative exhibits at trial.  (*Id.* at 2–3.)

On March 14, 2024, defendants filed the pending *ex parte* motion to quash the trial subpoena.  (Doc. No. 136.)  Pursuant to the court's directives, plaintiffs filed their opposition to the pending motion on March 20, 2024, and defendants filed their reply thereto on March 25, 2024.  (Doc. Nos. 140, 145.)

**LEGAL STANDARD**

"A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Fed. R. Civ. P. 45(d)(1).  "On timely motion, the court . . . must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply . . . or (iv) subject a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A).

> In California, federal courts interpret Rule 45 as setting forth two types of subpoenas:  pretrial discovery subpoenas and trial subpoenas.  Pre-trial discovery subpoenas include requests for the production and inspection [of] books, documents, and tangible items.  Trial subpoenas, on the other hand, include requests for attendance at a hearing or trial, and may be used in narrow circumstances to secure documents.

*Liu v. Win Woo Trading, LLC*, No. 14-cv-02639-KAW, 2016 WL 661029, at *1 (N.D. Cal. Feb. 18, 2016) (internal citations omitted).  "California federal courts permit the use of a trial subpoena under Rule 45 to obtain originals of documents that were disclosed previously during discovery . . . ."  *Sepulveda v. City of Whittier*, No. 17-cv-04457-JAK-KS, 2022 WL 20804352, at *3 (C.D. Cal. Feb. 16, 2022).  However, "Rule 45 is not designed 'to provide an end-run around the regular discovery process under Rules 26 and 34 . . . .'"  *BNSF Ry. Co. on behalf of United States v. Ctr. for Asbestos Related Disease, Inc.*, No. 9:19-cv-00040-DLC, 2022 WL 1442854, at *4 (D. Mont. May 6, 2022).

/////

---

[3]  In defendants' reply brief in support of the pending motion, defendants' counsel appears to agree that the trial subpoena's scope has been so limited.  (*See* Doc. No. 145 at 2.)

1   "The moving party has the burden of persuasion on a motion to quash a subpoena issued
2   in the course of civil litigation. The party issuing a subpoena must demonstrate that the
3   information it seeks is 'relevant and material to the allegations and claims at issue in the
4   proceedings.'" *Sepulveda*, 2022 WL 20804352, at *3 (internal citations omitted).

**ANALYSIS**

**A.     Whether the Subpoena is an Improper Discovery Request**

It appears that defendants are not challenging plaintiffs' contention that defendants have already disclosed the Listed Items during the discovery phase of this litigation. Instead, defendants argue in the pending motion only that plaintiffs' attempt to have the Listed Items produced at trial is an end-run around discovery because plaintiffs "did not seek inspection of the items held in evidence by the Sheriff's Department during discovery." (Doc. No. 136 at 4; *see also* Doc. No. 145 at 2.) Plaintiffs argue in response that defendants "provide no argument, authority, or explanation as to why a requesting party *must* demand to physically inspect tangible things disclosed during discovery *before* those tangible things can be produced at trial." (Doc. No. 140 at 5.) Plaintiffs further argue that "[a]s a practical matter, it makes no sense to require a party physically to inspect each and every tangible thing disclosed in discovery before it may be introduced at trial." (*Id.*)

The court agrees with plaintiffs. Defendants have provided no authority to support their argument that a trial subpoena may be quashed because the party issuing the subpoena did not physically inspect each item during discovery. Despite plaintiffs laying out this criticism in their opposition, defendants still did not provide any such authority in their reply brief. Moreover, although the burden rests with defendants as the party moving to quash the subpoena, the court notes that it has not found any authority that would support defendants' position. Defendants argue in their reply that, while plaintiffs argue "that there is 'no authority' [holding that] a requesting party must demand to physically inspect tangible things disclosed during discovery before those tangible things can be produced at trial . . . that is the very essence of allowed discovery under Rule 34—to inspect items. As such, [plaintiffs' subpoena] is [an] end run around discovery." (Doc. No. 145 at 2.) In so arguing, defendants appear to concede, or at least imply,

4

that the Listed Items were in fact "disclosed during discovery." (*Id.*) It is thus unclear to the court how defendants can construe plaintiffs' trial subpoena as attempting an "end run around discovery." (*Id.*)

**B.     Whether the Subpoena is Overly Broad or Presents an Undue Burden**

In the pending motion, defendants further argue that the trial subpoena as originally issued is overly broad and presents an undue burden. (Doc. No. 136 at 4.) In their reply, defendants acknowledge that plaintiffs have limited the scope of the subpoena to the Listed Items. (Doc. No. 145 at 2.) Consequently, defendants in their reply partially withdraw their arguments that the subpoena was overly broad in its scope and presents an undue burden, arguing that "the [pending] motion should be granted save as to those items now limited [i.e., the Listed Items]." (Doc. No. 145 at 2.)[4]

Because plaintiffs have narrowed the scope of their subpoena to the Listed Items, the court will grant in part and deny in part the pending motion to quash. Specifically, the court will grant defendants' motion to quash the trial subpoena as to the production of all items and documents *besides* the Listed Items. However, given defendant's failure to present authority in support of their motion, the fact that the existence of the Listed Items was disclosed during the discovery phase of this litigation, and the somewhat muddled briefing submitted by defendant in support of their motion to quash, the court concludes that defendants have failed to meet their burden as to the Listed Items. Accordingly, the pending motion to quash plaintiffs' trial subpoena as to the Listed Items will be denied.

## CONCLUSION

For the reasons explained above,

1.     Defendants' motion to quash plaintiffs' subpoena (Doc. No. 136) is granted in part and denied in part as follows:

---

[4] The court notes that defendants' reply brief appears contradictory as to whether the trial subpoena should be quashed in its entirety. (*Compare* Doc. No. 145 at 2 ("Thus, the motion should be granted save as to [the Listed Items].") *with id.* ("Plaintiff makes no showing that [the Listed Items] are to be used as refreshment [of a witness's memory at trial] . . . . The motion should be granted and subpoena quashed.")).

a. Defendants' motion to quash plaintiffs' trial subpoena is denied as to the WRAP, spit mask, Mr. Sanchez's clothing, his wallet, and his property and photograph located inside of his vehicle; and

b. Defendants' motion to quash plaintiffs' trial subpoena is otherwise granted.

IT IS SO ORDERED.

Dated:  **March 28, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE